```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/26/05
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DEIRDRE MACNAMARA, et al.,

                        Plaintiffs,

**04 CV 9216 (KMK)**
(ECF Case)

-against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------------------------x

## CASE MANAGEMENT ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, and having heard counsel for the parties in open court, the Court hereby enters its case management order.

This is a complex action involving numerous named Plaintiffs and numerous Defendants including the City of New York, its Mayor and Commissioner of Police, arising from the arrest and detention of Plaintiffs at or about the time of the 2004 Republican National Convention in New York City. The Complaint, which designates this as a "class" action, pleads five separate causes based upon various alleged police practices that are said to have violated Plaintiffs' rights, including those guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Class Action Complaint contemplates three separate subclasses, including a "detention" subclass, a "conditions of confinement" subclass and a "mass arrest" subclass. Among the remedies sought are declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees and costs. Defendants have filed their answer and deny all of the material allegations of the complaint, including any wrongdoing.

The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| *DATE* | *ITEM DUE* |
|---|---|
| | ***PLEADINGS & DISCOVERY*** |
| | 1. The parties have agreed to dispense with initial disclosures. Discovery may commence immediately. |
| 5/20/05 | 2. Plaintiffs shall have identified the representatives of each class or subclass with respect to which they shall seek certification. |
| 6/15/05 | 3. Defendants shall have noticed the depositions of up to three of the previously identified representatives of each proposed class or subclass. |
| | 4. Unless the noticing party assents, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. |
| | 5. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 7/1/05 | 6. Plaintiffs shall have served any amended complaint adding claims or joining parties. No further amendment to the complaint shall be permitted without leave of court. |
| 8/8/05 | 7. Defendants shall have served any responsive motion or answer to the amended complaint. |
| 9/1/05 | 8. Depositions of the named Plaintiffs for purposes, inter alia, of exploring class certification issues shall be completed. |

2

## *CERTIFICATION MOTION*

| | |
|---|---|
| 9/1/05 | 9. Plaintiffs shall have served their motion for class certification. Plaintiffs shall identify any fact or expert witness on whom they will rely to support their motion for class certification including any expert reports or affidavits. Plaintiffs shall make available for deposition any such expert witness and any such fact witness not previously deposed in this action. |
| 10/15/05 | 10. Defendants' opposition to the motion for class certification shall be served. Defendants shall identify any fact or expert witness on whom they will rely to support their opposition to class certification including any expert reports or affidavits. Defendants shall make available for deposition any such expert witness and any such fact witness not previously deposed in this action. |
| 11/1/05 | 11. All written discovery, including document requests and interrogatories, shall have been served, except as provided below. |
| 11/15/05 | 12. Any reply in further support of class certification shall be served. |
| 12/1/05 | 13. Depositions of fact witnesses shall have been noticed. |
| 1/1/06 | 14. All fact discovery shall have been completed. |
| | 15. Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 2/1/06 | 16. Depositions of plaintiffs' trial experts shall be completed. |
| | 17. Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 3/1/06 | 18. Depositions of defendants' trial experts shall be completed. |
| 3/15/06 | 19. All contention interrogatories and requests to admit shall be served. The parties shall be limited to 20 interrogatories per class certified or per side, whichever is greater. |
| 4/15/06 | 20. All responses due to contention interrogatories and requests to admit. |
| 4/15/06 | 21. All counsel must meet for at least one hour to discuss settlement no later than this date. |

22. Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge. The parties request a settlement conference before a Magistrate Judge.

23. Counsel for the parties have discussed the use of the Court's Mediation Program. The parties do not request that the case be referred to the Court's Mediation Program.

24. Counsel for the parties have discussed the use of a privately retained mediator. The parties do not intend to use a privately retained mediator.

### *DISPOSITIVE MOTIONS*

5/1/06    25. All dispositive motions shall be served. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.

6/1/06    26. Oppositions due to all dispositive motions.

6/15/06    27. Replies, if any, due to all dispositive motions.

Within 30 days of the Court's ruling on dispositive motions    28. Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held. Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with the Undersigned's Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission.

29. The parties have conferred and their present best estimate of the length of trial is 4 weeks.

**SO ORDERED**

DATED:    New York, New York
May 16, 2005

Kenneth M. Karas
United States District Judge

4