UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------ x <br> MICHAEL SCHILLER, et al. <br>                       Plaintiffs, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. <br> ------------------------------------------------------------ x | **DISCOVERY ORDER #1** <br><br> 04 CV 7922 (KMK) |
| DEIRDRE MACNAMARA, et al. <br>                       Plaintiffs, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. <br> ------------------------------------------------------------ x | 04 CV 9216 (KMK) |
| CAROL DUDEK, <br>                       Plaintiff, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. <br> ------------------------------------------------------------ x | 04 CV 10178 (KMK) |
| JON WINKELMAN, <br>                       Plaintiff, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. <br> ------------------------------------------------------------ x | 05 CV 2910 (KMK) |
| KATHERINE ROSE, <br>                       Plaintiff, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. <br> ------------------------------------------------------------ x | 05 CV 2927 (KMK) |
| JEFFEREY BLACK, <br>                       Plaintiff, <br>     -versus- <br><br> THE CITY OF NEW YORK, et al. <br>                       Defendants. | 05 CV 3616 (KMK) |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/05
```

```
------------------------------------------------------------------ x
CATHIE L. BELL,
                        Plaintiff,                                      05 CV 3705 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
MICHAEL MARCAVAGE
                        Plaintiff,
            -versus-                                                    05 CV 4949 (KMK)

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
NOEL GROSSO,
                        Plaintiff,
            -versus-                                                    05 CV 5080 (KMK)

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
ADAM WROBLEWSKI,
                        Plaintiff,
            -versus-                                                    05 CV 5150 (KMK)

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
ELIZABETH STARIN,
                        Plaintiffs,                                     05 CV 5152 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
ALISOUN MEEHAN
                        Plaintiff,
            -versus-                                                    05 CV 5268 (KMK)

THE CITY OF NEW YORK, et al.
                        Defendants.
------------------------------------------------------------------ x
```

JEANETTE LAHN-SHEEN LEE,
      Plaintiff,
  -versus-              05 CV 5528 (KMK)

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x
STUART HABER,
      Plaintiff,
  -versus-              05 CV 6193 (KMK)

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x
JULIA R. COHEN,
      Plaintiff,            05 CV 6780 (KMK)
  -versus-

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x
CHRIS J. KORNICKE,
      Plaintiff,            05 CV 7025 (KMK)
  -versus-

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x
KYLA-HANNAH HERSHEY-WILSON,
      Plaintiff,            05 CV 7026 (KMK)
  -versus-

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x
ARI TERIAN,
      Plaintiff,            05 CV 7536 (KMK)
  -versus-

THE CITY OF NEW YORK, et al.
      Defendants.
------------------------------------------------------------------ x

| | | |
|---|---|---|
| JOHN J. PAGODA, | | |
| | Plaintiff, | 05 CV 7546 (KMK) |
| -versus- | | |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| KANDACE VALLEJO | | |
| | Plaintiff, | 05 CV 7547 (KMK) |
| -versus- | | |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| GRETA SMITH | | |
| | Plaintiff, | 05 CV 7548 (KMK) |
| -versus- | | |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| SHARONE BUNIM, | | |
| | Plaintiff, | 05 CV 1562 (KMK) |
| -versus- | | |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| RITU KALRA, | | |
| | Plaintiff, | |
| -versus- | | 05 CV 1563 (KMK) |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| LINDSAY RYAN, | | |
| | Plaintiff, | |
| -versus- | | 05 CV 1564 (KMK) |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| ADRIENNE GARBARINI, | | |
| | Plaintiff, | |
| -versus- | | 05 CV 1565 (KMK) |
| THE CITY OF NEW YORK, et al. | | |
| | Defendants. | |

-------------------------------------------------------------------- x

ADAM GREENWALD,
                Plaintiff,
    -versus-                                        05 CV 1566 (KMK)

THE CITY OF NEW YORK, et al.
                Defendants.

-------------------------------------------------------------------- x

BRIAN PICKETT,
                Plaintiff,
    -versus-                                        05 CV 1567 (KMK)

THE CITY OF NEW YORK, et al.
                Defendants.

-------------------------------------------------------------------- x

WENDY TREMAYNE,
                Plaintiff,
    -versus-                                        05 CV 1568 (KMK)

THE CITY OF NEW YORK, et al.
                Defendants.

-------------------------------------------------------------------- x

DIANE WILLIAMS,
                Plaintiff,
    -versus-                                        05 CV 1569 (KMK)

THE CITY OF NEW YORK, et al.
                Defendants.

-------------------------------------------------------------------- x

JEREMY BIDDLE,
                Plaintiff,
    -versus-                                        05 CV 1570 (KMK)

THE CITY OF NEW YORK, et al.
                Defendants.

-------------------------------------------------------------------- x

```
MATTHEW MORAN,
                            Plaintiff,
            -versus-                                          05 CV 1571 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
SACHA BOTBOL,
                            Plaintiff,
            -versus-                                          05 CV 1572 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
TIFFANY BURNS,
                            Plaintiff,
            -versus-                                          05 CV 1573 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
SCOTT KERNS,
                            Plaintiff,
            -versus-                                          05 CV 1574 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
```

On April 21, 2005, counsel for the parties in the then pending actions and counsel for parties who intended to commence related actions were heard in open court. The Court inquired as to whether all counsel agreed in principle to consolidated discovery and all counsel present expressed their assent. Those counsel and counsel for the plaintiffs in actions that were thereafter either transferred to the Honorable Kenneth M. Karas ("Judge Karas") or commenced and assigned to Judge Karas drafted an agreement and transmitted the same to the Court for its consideration. For the foregoing reasons, and in the interests of the convenience and economy of

the parties, and the efficient management and oversight of the Court's docket, it is hereby ORDERED:

1. <u>Consolidated Depositions</u>.  The above-captioned matters arose from a series of arrests and detentions during the Republican National Convention ("RNC") in late August and early September 2004.  The parties have agreed that certain witnesses in these matters, particularly certain employees and former employees of The City of New York as well as certain experts retained by The City of New York ("Defense Witnesses"), are likely to be called upon to provide testimony in more than one of the foregoing cases assigned to Judge Karas, and possibly in other cases to be brought in the future that will be assigned to Judge Karas ("RNC (KMK) Cases").  Although the applicability of such testimony to particular cases may vary, the parties have agreed to the mutual value of deposing such witnesses once, rather than multiple times, for purposes of all RNC (KMK) Cases.  Accordingly, in all RNC (KMK) Cases, depositions of all Defense Witnesses shall be noticed as set forth in this Order.  Any Defense Witness designated a "Consolidation Witness," under the procedure set forth below, shall be deposed once for purposes of all RNC (KMK) Cases and shall not be re-deposed in any such case absent a showing of good cause.  With the exception of designated expert witnesses, the depositions of Consolidation Witnesses are expected to commence in October 2005.

2. <u>Deposition Notices</u>.  Notice of depositions of all Defense Witnesses shall be given in the manner prescribed by the Federal Rules of Civil Procedure, except as set forth below.  After reaching agreement with defense counsel on a mutually convenient deposition date, a plaintiff's counsel may notice the deposition of a Defense Witness.

Such notice shall be transmitted by Adobe PDF document ("PDF") sent by email. The party wishing to take the deposition of a Defense Witness shall email the deposition notice to defendants, care of counsel for defendants, Jay A. Kranis, at jkranis@law.nyc.gov, and to all other persons on the RNC distribution list (the "RNC Distribution List") at least 30 days in advance of the proposed deposition date.

3. Cross-Notices. Any other party wishing to depose the same witness shall cross-notice the deposition, by PDF email to the RNC Distribution List, at least 21 days in advance of the proposed deposition date.

4. Designation of Consolidation Witnesses. At least 15 days in advance of the proposed deposition date, defense counsel shall advise opposing counsel, by email to the RNC Distribution List, whether the witness noticed for deposition shall be designated a "Consolidation Witness." Absent such designation, a Defense Witness may be made available for separate depositions in the cases in which the witness has been noticed. Arresting officers or other witnesses who may be examined on discrete areas of knowledge, each of which may be pertinent to the claims of only a single plaintiff, for these reasons presumptively will not be considered Consolidation Witnesses.

5. Attendance. Any plaintiff's counsel wishing to attend the deposition of a Consolidation Witness, whether or not such counsel intends to examine the witness, shall give notice by email to defense counsel at least 7 days in advance of the proposed deposition date, to allow sufficient time for adequate facilities to be arranged. In light of the number of parties and counsel involved in this litigation, and the attendant difficulty of securing facilities for a large number of individuals, no more than one counsel per

plaintiff's law firm, or one counsel per plaintiff, whichever is less, shall attend the deposition of a Consolidation Witness, absent exceptional circumstances. Nothing herein is intended to prevent any plaintiff's counsel from attending and examining any witness at a deposition, so long as notice has been given as contemplated in this paragraph.

6. <u>Confirmations</u>. At least <u>48 hours</u> before the commencement of the deposition of a Consolidation Witness, defense counsel shall transmit an email to the RNC Distribution List confirming the deposition as noticed or, in the exceptional case, advising of any material change, including any change in date, time or place of the deposition.

7. <u>RNC Distribution List; Adequate Notice</u>. The parties shall put together a list of recipients that includes defense counsel as well as at least one counsel from each law firm that represents one or more plaintiffs in the above-captioned cases (or that firm's designee) which shall comprise the RNC Distribution List. The RNC Distribution List shall be modified from time to time to add counsel who subsequently have filed RNC cases that are assigned to Judge Karas and to remove counsel as appropriate. All counsel on the RNC Distribution List shall be provided notice of any proposed change to the RNC Distribution List, including notice of any additions or deletions, so that all counsel can maintain an accurate and complete distribution list; and it shall be the responsibility of each counsel to maintain an accurate and complete distribution list. Service of the deposition notice, as contemplated above, upon counsel on the RNC Distribution List shall be adequate notice to each party represented by each counsel.

8. <u>Conduct of the Deposition</u>. Counsel are strongly encouraged to designate a lead counsel for purposes of examining Consolidation Witnesses. In any event, no more than one counsel per law firm, or one counsel per party, whichever is less, may examine a Consolidation Witness absent good cause shown. Alternatively, counsel may participate by submitting up to twenty (20) written questions to be read to the deponent by the stenographic reporter and answered on the record. The parties agree that the seven hour limit on deposition testimony is suspended with respect to Consolidation Witnesses and agree that they will not abuse the foregoing understanding.

9. <u>Use of Testimony; Preclusion</u>. The deposition testimony of Consolidation Witnesses may be used in any case in conformity with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Any counsel who received notice of the deposition, or participated in the deposition, of a Consolidation Witness, whether counsel merely observed or asked questions, shall be precluded from separately deposing that witness in any RNC (KMK) Case absent good cause shown.

10. <u>Privilege Determinations</u>. The parties have agreed that, after an adequate opportunity for an interlocutory appeal and an appellate decision in any such appeal (and not before), with respect to a particular privilege determination made with respect to a particular document in one of the above-captioned cases, the parties shall not contest the same issue with respect to that same document in another RNC case, but shall be guided by the prior ruling insofar as it applies to the second case; *provided that* all counsel on the RNC Distribution List shall have been notified and, subject to the approval of the Court,

have had the opportunity to participate in any related motion practice, briefing and oral argument.

11.  Document Numbering.  Defense counsel shall put in place a unified numbering system for documents produced by defendants in the RNC (KMK) Cases.

12.  Pier 57 Video and Other Confidential Materials.  The Court shall separately address the issues raised by the parties (during the April 21, 2005 conference) concerning production of the Pier 57 video and other confidential materials.

13.  MacNamara Schedule.  The Court previously has entered its Case Management Order in the case of MacNamara, et al. v. The City of New York, et al., and nothing in this Discovery Order shall be construed to affect any of the provisions of that Case Management Order.

14.  Schiller Schedule.  The Court shall separately address the schedule to be put in place in the case of Schiller, et al. v. The City of New York, et al.

15.  Initial Conferences.  The Court shall forego initial conferences in any RNC (KMK) Cases in which such conferences have not yet been held.  In each such case, after issue is joined, the parties shall submit a proposed case management order modeled on the case management order entered by this Court in MacNamara.

16.  Newly Filed RNC Cases.  In addition to counsel in the above-captioned cases, the following counsel, who expect to commence additional RNC cases, have agreed that the terms of this Order shall govern any new RNC cases commenced by them that are assigned to Judge Karas:  Martin Stolar, Esq., Gideon Oliver, Esq., Norman

11

Frederick Best, Esq., Susan Taylor, Esq., Michael Spiegel, Esq., Jeffrey Rothman, Esq., John Ware Upton, Esq., Alan D. Levine, Esq. and Alan Levine, Esq.

17. <u>Modification</u>. This Order shall not be modified except upon a showing of good cause.

**IT IS SO ORDERED**

DATED: New York, New York
~~September~~ October 3, 2005

James C. Francis IV
~~Kenneth M. Karas~~
~~United States District Judge~~
USMJ