**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
DEIRDRE MACNAMARA, et al., individually;  :
and on behalf of those similarly situated,

                                                :

                          Plaintiffs,         :         ECF Case

                                                :

           vs.                      :

                                                  :         04-CV-9216 (RJS) (JCF)

The CITY OF NEW YORK; a municipal      :
entity, et al.,

                                                :

                        Defendants.      :
-----------------------------------------------------------------x

## MACNAMARA PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1 RE: FALSE ARREST CLAIMS OF PLAINTIFFS ARRESTED ON FULTON STREET

Pursuant to Local Rule 56.1 the plaintiffs respond to the Defendants' Statement of

Undisputed Facts in Support of Their Motion for Summary Judgment to Dismiss Plaintiffs' False

Arrest Claims at Church and Fulton Streets, dated October 3, 2011. In response, Plaintiffs also

incorporate their Rule 56.1 Statements of Undisputed Material Facts submitted in support of

plaintiffs' motion for summary judgment.

Plaintiffs join in the Responses to Defendants' 56.1 Statement filed in *Schiller et al. v.*

*The City of New York et al.*, 04 CV 7922 (RJS), and *Abdel et al. v. The City of New York, et al.,* 05

Civ. 8453 (RJS), and supplement that response as follows:

Plaintiff's Response to Facts Proposed by the Defendants

        1.        The plaintiffs do not dispute the facts stated in defendants' paragraph 1.

2.      The plaintiffs do not dispute the facts stated in defendants' paragraph 2.

3.      The plaintiffs do not dispute that it was the policy of the NYPD to protect the rights of people to peacefully assemble and protest, but do not concede that this policy was followed at Church and Fulton Streets.

4.      The plaintiffs incorporate by reference Schiller Plaintiffs' Response to Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1, filed in *Schiller v. The City of New York*, 04 CV 7922 (RJS) (hereinafter "*Schiller* 56.1 Response"), paragraph 4.

5.      The plaintiffs dispute that all protesters present at the Fulton Street march called for a "day of civil disobedience" on August 31, 2004. There is no evidence that plaintiff Raimondi called for civil disobedience, and the undisputed evidence demonstrates that Raimondi did not plan to engage in civil disobedience on August 31, 2004. When asked whether she knew that "[t]he civil disobedience" was "part of a full day of non-violent direct actions in coordination with the A31 Action Coalition," Raimondi testified that she did not know that specifically, and stated "I don't know would [sic] the A31 Action Coalition is." Raimondi Dep. p. 317:13-24. Raimondi further testified that though she knew others planned to participate in an "die-in," she herself did not intend to participate, *Id*. p. 240: 5-8; 317: 8-12, and that she did not plan to engage in civil disobedience, *Id*. p. 315: 12-14. Plaintiff Steyert made it clear that, although some people planned to participate in a die-in at the end of the march, not all of the people at the march planned to engage in civil disobedience:

> Q. "Is it fair to say [the leaders of the WRL] would have understood that there are certain members of the WRL who might engage in civil disobedience and might not comply with police orders to disperse or what have you?"
> A. "Yes. Some said that they would be willing to do it, others like myself were leaving it open."
>
> Q. "It's fair to say, isn't it, that that conduct was encouraged by the leaders of the

group, right?"

A. Well, we didn't want to encourage people that weren't comfortable doing it. You know, it was understood that if you wanted to do it you could."

Steyert Dep. p. 339: 15-340:6. In addition, the undisputed evidence shows that other plaintiffs did not call for civil disobedience on August 31, 2004, and did not plan to engage or engage in unlawful activity. *See Schiller* 56.1 Response, paragraph 5.

6.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 6.

7.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 7.

8.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 8.

9.    The plaintiffs do not dispute the facts stated in defendants' paragraph 9.

10.    Plaintiffs do not dispute that WRL was part of "a loose coalition called the A 31...inasmuch as they wanted to make sure that people knew where we were going to be and what we planned to do." Steyert Dep. p. 314:15-20. *See Also* Response to Defendants' 56.1 Statement filed in *Abdell v. The City of New York*, 05 Civ. 8453 (RJS), (hereinafter "*Abdell* 56.1 Response"), paragraph 10.

11.    The plaintiffs do not dispute the facts stated in defendants' paragraph 11.

12.    The plaintiffs do not dispute the facts stated in defendants' paragraph 12.

13.    The plaintiffs do not dispute the facts stated in defendants' paragraph 13.

14.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 14. See also response to defendants' paragraph 5, *supra*.

15.    The plaintiffs do not dispute the facts stated in defendants' paragraph 15.

16.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 16, and the *Abdell* 56.1 Response, paragraph 16.

17.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 17.

18.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 18.

19.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 19.

20.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 20, and the *Abdell* 56.1 Response, paragraph 20.

21. Plaintiffs dispute the facts stated in defendants' paragraph 21 to the extent they suggest that a permit is required for sidewalk marches, to the extent they assert that the NYPD informed all "marchers" that there was no permit, and to the extent they imply that any announcements made by NYPD officials could reasonably have been heard by all or most of the people present at Church Street prior to the start of the march. *See* the *Schiller* 56.1 Response, paragraphs 17, 20, 21; the *Abdell* 56.1 Response, paragraph 20. Plaintiffs note that videotapes show that as NYPD officials were making announcements prior to the march, people present at Church Street were yelling, "We can't hear you." *See* Exhibit A to 10/3/11 Spiegel Dec. at TARU #62, 3:58; TARU #138, 16:00:44; Exhibit B to 10/3/11 Spiegel Dec. at Burns, 00:00:29- 00:00:55; Cook, 00:12:08-00:12:37; Hernandez, 00:22:38-00:23:02; Volpe, 1:10:50-1:11:08.

22. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 22.

23. The plaintiffs do not dispute the facts stated in defendants' paragraph 23.

24. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 24. *See also* response to defendants' paragraph 14, supra.

25. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 25.

26. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 26.

27. The plaintiffs do not dispute the facts stated in defendants' paragraph 27.

28. The plaintiffs do not dispute the facts stated in defendants' paragraph 28.

29. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 29.

30. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 30.

31. The plaintiffs do not dispute the facts stated in defendants' paragraph 31.

32. The plaintiffs do not dispute the facts stated in defendants' paragraph 32.

33. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 33.

34. The plaintiffs incorporate by reference the *Abdell* 56.1 Response, paragraph 34.

35. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 35, and the *Abdell* 56.1 Response, paragraph 35.

36. The plaintiffs do not dispute the facts stated in defendants' paragraph 36.

37. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 37.

38. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 38.

39. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 39, and the *Abdell* 56.1 Response, paragraph 39.

40. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 40.

41. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 41.

42. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 42.

43. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 43.

44. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 44, and the *Abdell* 56.1 Response, paragraph 44.

45. The plaintiffs do not dispute the facts stated in defendants' paragraph 45.

46. The plaintiffs do not dispute the facts stated in defendants' paragraph 46.

47. The plaintiffs do not dispute the facts stated in defendants' paragraph 47.

48. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 48.

49. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 49.

50. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 50.

51. Plaintiffs do not dispute the facts stated in defendants' paragraph 51.

52. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 52.

53. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 53.

54. Plaintiffs do not dispute the facts stated in defendants' paragraph 54.

55. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 55.

56. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 56.

57. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 57.

58. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 58.

59. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 59; *see also Schiller* 56.1 Response, paragraph 55.

60. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 60.

61. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 61.

62. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 62.

63. The plaintiffs do not dispute the facts stated in defendants' paragraph 63.

64. The plaintiffs do not dispute the facts stated in defendants' paragraph 64.

65. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 65.

66. The plaintiffs do not dispute the facts stated in defendants' paragraph 66.

67. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 67.

68. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 68.

69. The plaintiffs do not dispute the facts stated in defendants' paragraph 69.

70. The plaintiffs do not dispute the facts stated in defendants' paragraph 70.

71. The plaintiffs do not dispute the facts stated in defendants' paragraph 71.

72. The plaintiffs do not dispute the facts stated in defendants' paragraph 72.

73. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 73. In addition, Plaintiff Harak testified that he did not remember any police officers using megaphones or saying anything to the crowd before he crossed Church Street. Harak Dep. p. 40: 12-19.

74. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 74. *See also* response to defendants' paragraph 73, *supra*.

75. The plaintiffs do not dispute the facts stated in defendants' paragraph 75.

76. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 76. *See also* response to defendants' paragraph 73 *supra*.

77. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 77. *See also* response to defendants' paragraph 73 *supra*.

78. The plaintiffs do not dispute the facts stated in defendants' paragraph 78.

79. The plaintiffs do not dispute the facts stated in defendants' paragraph 79.

80. The plaintiffs dispute the facts stated in defendants' paragraph 80 to the extent they assert that Lieutenant O'Sullivan gave warnings that were or reasonably could have been heard by the MacNamara Plaintiffs or by all marchers. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 80. Plaintiff Harak did not hear any warnings while marching on Fulton Street. *See* Harak Dep. p.159:12-18. The plaintiffs also dispute that O'Sullivan

7

repeated the same warning that was given by Galati; *see* Exhibit A to 10/3/11 Spiegel Dec. at

TARU #138, 16:04:04-16:04:15; Exhibit B to 10/3/11 Spiegel Dec. at Cook, 00:13:10-00:13:18.

81. The plaintiffs dispute the facts stated in defendants' paragraph 81. *See* The plaintiffs

incorporate by reference the *Schiller* 56.1 Response, paragraph 81; *see also* responses to

defendants' paragraphs 21 and 73, *supra.*

82. The plaintiffs dispute the facts stated in defendants' paragraph 82 to the extent they

assert that all plaintiffs "heard the NYPD's warnings, orders, and directives regarding their

participation in the march." Plaintiff Harak testified that he did not remember any police officers

using megaphones or saying anything to the crowd before he crossed Church Street. Harak Dep.

p. 40: 12-19. The sources cited do not establish that plaintiffs Raimondi heard any such warning.

The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 82; and the *Abdell*

56.1 Response, paragraph 82.

83. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 83; and

the *Abdell* 56.1 Response, paragraph 83. *See also* responses to defendants' paragraphs 21, 73, 82,

*supra.* The sources cited do not establish that plaintiffs Harak or Raimondi heard any such

announcement. In addition, the testimony of Plaintiff Steyert as cited by defendants does not

establish that Steyert heard any warning that would convey to him or other marchers that the

march was not permitted to proceed; he testified that "they said even though the march wasn't

permitted we will allow you to proceed if you walk two abreast and don't block traffic." Steyert

Dep. p. 404 11-16.

84. Plaintiffs dispute the facts stated in defendants' paragraph 84 to the extent they assert

that the MacNamara plaintiffs, or all plaintiffs, heard a "warning that participants in the march

8

would have to walk in either a single or double file, so as not to obstruct pedestrian traffic." The sources cited do not establish that plaintiff Raimondi heard any such announcement. Plaintiff Harak heard no such warning from the police; *see* Harak Dep. p.111:11-13: Q. "Do you know whether there were orders to walk two by two on the march…?" A: "I don't know if there were orders." *See also* responses to defendants' paragraphs 21, 73, 82, *supra*. The plaintiffs further incorporate by reference the *Schiller* 56.1 Response, paragraph 84; and the *Abdell* 56.1 Response, paragraph 84.

85. The plaintiffs further incorporate by reference the *Schiller* 56.1 Response, paragraph 85; and the *Abdell* 56.1 Response, paragraph 85. *See also* responses to defendants' paragraphs 21, 73, 82, *supra*. The sources cited do not establish that plaintiffs Harak or Raimondi heard any such announcement.

86. The plaintiffs further incorporate by reference the *Schiller* 56.1 Response, paragraph 86; and the *Abdell* 56.1 Response, paragraph 86. *See also* responses to defendants' paragraphs 21, 73, 82, *supra*. The sources cited do not establish that plaintiffs Steyert, Harak or Raimondi heard any such announcement.

87. The plaintiffs further incorporate by reference the *Schiller* 56.1 Response, paragraph 87; and the *Abdell* 56.1 Response, paragraph 87. *See also* responses to defendants' paragraphs 21, 73, 82, *supra*. The sources cited do not establish that plaintiffs Steyert, Harak or Raimondi heard any such announcement.

88. The plaintiffs dispute the facts stated in defendants' paragraph 88 to the extent they assert that the MacNamara Plaintiffs, or all plaintiffs, "heard of police warnings and directives from others in the march." *See* the *Schiller* 56.1 Response, paragraph 88. *See also* response to

defendants' paragraphs 82 and 84, *supra*. The sources cited do not establish that plaintiffs Steyert

or Harak heard of any police warnings from others in the march. Moreover the testimony of

Harak as cited by defendants is misleading. Harak testified that when he asked Hedemann, "what

are we doing?" Hedemann told Harak "something like" "the police are going to lead us across

the street and we're going to go two by two." There is no testimony indicating that Harak was

told about any police warnings or directives. Harak Dep. p. 40:5-11. Indeed, Harak later clarified

his response:

> Q: Did Ed Hederrmann [sic] tell you specifically that the police directed the
> marchers to walk two abreast?
>
> A: As I recall, he said we're going to march two abreast.
>
> Q: Did he tell you that was a police order?
>
> A: They just said that. I don't know whether it was a police order or whether that
> was the decision of the organizers.

Harak Dep. p. 165:5-13.  Plaintiffs further note that, to the extent that some marchers attempted

to pass information about police announcements to other marchers, the entire announcements

were not communicated correctly, or to everyone in the crowd. For example, before the march

began, one marcher approached a police officer to say she had not heard the warning. The police

officer told the marcher, "You have to comply with all the rules when you're walking through the

streets, ok, so when there is a red light you have to stop." The marcher in turn told fellow

marchers, "Okay, so just don't block the streets is what they're saying." *See* Exhibit B to 10/3/11

Spiegel Dec. at Fine, 00:17:48-00:18:09.

89.  The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 89; and

the *Abdell* 56.1 Response, paragraph 89. *See also* response to defendants' paragraph 88, *supra*.

10

The sources cited do not establish that plaintiffs Steyert, Harak or Raimondi heard any such warning.

90. The plaintiffs dispute the facts stated in defendants' paragraph 90 to the extent they assert that all plaintiffs "heard from others of the NYPD's specific warning that participants in the march would have to walk in either a single or double file, so as not to obstruct pedestrian traffic." *See* the *Schiller* 56.1 Response, paragraph 90; and the *Abdell* 56.1 Response, paragraph 90. *See also* responses to defendants' paragraphs 82, 84 and 88, *supra*. The sources cited do not establish that plaintiffs Steyert or Harak heard of any police warnings from others in the march. In addition, defendants' citation to the testimony of Plaintiff Harak does not support the fact asserted; Harak testified that was told by Hedemann that "we're going to go two by two," Harak Dep. p. 40:9-11, but he was not told that this was a police order or a "specific warning" made by NYPD; indeed Harak later testified that he was not aware of whether there was a police order to walk two by two. *See* response to defendants' paragraphs 84 and 88, *supra* (citing Harak Dep. p.111:11-13). In fact, Harak testified that it seemed like Hedemann was given warnings by police, but that Hedemann *did not* tell Harak what the warnings were. Harak Dep. 157: 19-25.

91. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 91; and the *Abdell* 56.1 Response, paragraph 91. *See also* response to defendants' paragraph 88, *supra*. The sources cited do not establish that plaintiffs Steyert, Harak or Raimondi heard about any such announcement from others.

92. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 92; and the *Abdell* 56.1 Response, paragraph 92. *See also* response to defendants' paragraph 88, *supra*. The sources cited do not establish that plaintiffs Steyert, Harak or Raimondi heard about any

such announcement from others.

93. The plaintiffs dispute the facts stated in defendants' paragraph 93 to the extent they assert that the MacNamara plaintiffs, or all plaintiffs "became aware of police warnings for the march by overhearing discussions between the police and one or more march organizers." *See* the *Schiller* 56.1 Response, paragraph 93.  Defendants provide no evidence that plaintiffs Harak or Steyert overheard discussions between police and march organizers; indeed Harak testified that he did not hear the conversation between Ed Hedemann and officers and that Hedemann did not tell Harak what was said. Harak Dep. 157: 14-25.

94. Plaintiffs do not dispute that some marchers began crossing Church Street around 4:00 p.m. Plaintiffs dispute the facts stated in defendants' paragraph 94 to the extent they assert that the MacNamara plaintiffs, or all plaintiffs, "stepped into Church Street at approximately 4:00 p.m. and crossed Church Street, moving in an eastward direction toward the northern sidewalk of Fulton Street," and to the extent they assert that all plaintiffs, were "marchers." The sources cited do not establish that the MacNamara plaintiffs "stepped into Church Street at approximately 4:00 p.m. and crossed Church Street, moving in an eastward direction toward the northern sidewalk of Fulton Street." Nor do the sources cited establish that the MacNamara plaintiffs or all plaintiffs were marchers. *See also* the *Schiller* 56.1 Response, paragraph 94.

95. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 95, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs." *See also* paragraph 90 *supra*.

96. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 96, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs."

97. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 97, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs." *See also* the *Abdell* 56.1 Response, paragraph 97.

98. The plaintiffs dispute the facts stated in defendants' paragraph 98. *See* Responses to Defendants' 56.1 Statement filed in <u>Schiller v. The City of New York</u>, 04 CV 7922 (RJS) and <u>Abdell v. The City of New York</u>, 05 Civ. 8453 (RJS), paragraphs 98. *See also* responses to defendants' paragraphs 82, 84, 88, and 90 *supra*.

99. The plaintiffs do not dispute the facts stated in defendants' paragraph 99.

100. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 100.

101. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 101.

102. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 102.

103. The plaintiffs do not dispute the facts stated in defendants' paragraph 103.

104. The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 104.

105. The plaintiffs dispute the facts stated in defendants' paragraph 105. First, plaintiffs dispute that the banner was "stretched across the sidewalk." The video demonstrates that the banner was not "stretched across the sidewalk." See the *Schiller* 56.1 Response, paragraph 101; *see also* paragraph 114, *infra*. Second, plaintiffs dispute the implication that Monahan gave any "warning" to the plaintiffs, or all marchers, prior to their arrest; and the implication that Monahan gave a "warning" to anyone prior to ordering the arrest of all marchers. The video evidence clearly shows that Monahan suddenly started shouting, in essentially one continuous speech, "That thing is blocking the street, that thing is blocking the street, that sign, that sign is blocking the street...At that point, that sign is now blocking the street, if you do not remove that

13

sign you will be placed under arrest…If you continue to block the street, you will be placed under arrest…You are now all blocking the sidewalk. If you do not disperse you will be placed under arrest. Form a line!" See Exhibit A to 10/3/11 Spiegel Dec . at TARU #62, 4:01-02. The entirety of Monahan's quoted statement was made in less than one minute. To the extent defendants' paragraph 105 refers to Monahan's first sentences as a "warning" to plaintiffs or all marchers, plaintiffs note that Monahan was addressing only a few people involved with the banner. To the extent defendants' paragraph 105 suggests that Monahan's statements were a "warning" to anyone, plaintiffs note that by the time Monahan yelled at the banner carriers, "If you continue to block the street, you will be placed under arrest," the banner carriers were standing against the fence on the north side of the sidewalk, had lowered their poles, and the banner was no longer being displayed.  If Monahan's statements were intended to be a "warning," he would not have continued to yell:  "You are now all blocking the sidewalk. If you do not disperse you will be placed under arrest. Form a line!" *Id*. It should be noted that Monahan yelled the final three sentences of his statement in succession without pause; no more than one second elapsed between the statement "if you do not disperse you will be placed under arrest" and the statement "form a line." See Exhibit A to 10/3/11 Spiegel Dec . at TARU #62, 4:01-4:02. See Also Exhibit B to 10/3/11 Spiegel Dec . at Burns, 00:03:42-00:04:17.

106.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 106.

107.    Plaintiffs do not dispute the facts stated in defendants' paragraph 107.

108.    Plaintiffs do not dispute that some marchers carried banners, signs, and drums. Plaintiffs dispute the facts stated in defendants' paragraph 108 to the extent they assert that the MacNamara plaintiffs, or all marchers, carried banners, signs, or drums. The sources cited do not

support those assertions.

109.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 109. Defendants provide no evidence that plaintiffs Steyert, Raimondi or Harak wore costumes.

110.   The plaintiffs dispute the facts stated in defendants' paragraph 110, and incorporate by reference the *Schiller* 56.1 Response, paragraph 110. Additionally, the undisputed evidence is that plaintiffs Raimondi, Steyert and Harak complied with all laws during the march. Harak Dep. p. 110:25-111:7 (Harak stated "I was walking. I wasn't doing anything;" and "We were obeying orders); Raimondi Dep. p. 536:20-21 (Raimondi believes she was arrested based solely on her political views); Steyert Dep. p. 542:2-543:7 (Steyert was not engaging in civil disobedience, did not block pedestrian or vehicular traffic, and was following police instructions prior to his arrest).

111.   The plaintiffs dispute the facts stated in defendants' paragraph 111, and incorporate by reference the *Schiller* 56.1 Response, paragraph 111, and the *Abdell* 56.1 Response, paragraph 111. In addition, defendants present no evidence that plaintiffs Harak, Raimondi, or Steyert blocked vehicular traffic at any time. The undisputed evidence is to the contrary: Harak testified that he and other marchers crossed Church Street at the direction of the police. Harak Dep. p. 39:19-23; 42:10-13;167:16-20. Harak testified that he did not intend to block traffic at any time. Harak Dep. p. 22-24. Raimondi crossed Church Street with the traffic light. Raimondi Dep. p. 390:19-20. Steyert testified that he did not block vehicular traffic. Steyert Dep. p. 542:23-543:2.

112.   The plaintiffs dispute the facts stated in defendants' paragraph 112, and incorporate by reference the *Schiller* 56.1 Response, paragraph 112, and the *Abdell* 56.1

Response, paragraph 112. Defendants present no evidence that plaintiffs Raimondi, Steyert, and/or Harak crossed against the traffic light, and Raimondi testified that she crossed with the light. Raimondi Dep. p. 390:19-20.

113.   The plaintiffs dispute the facts stated in defendants' paragraph 113, and incorporate by reference the *Schiller* 56.1 Response, paragraph 113, and the *Abdell* 56.1 Response, paragraph 113. In addition, defendants present no evidence that plaintiffs Raimondi, Steyert or Harak failed to walk in either a single or double file after crossing Church Street. In fact, the cited portion of Steyert's testimony states almost the opposite: "Yeah, we were basically two abreast as we had been told to do, and most people were, you know, if not two maybe three abreast. It was a wide sidewalk, you know, it was at least 10 or 12 feet from the gutter to the cemetery..." Steyert Dep. p. 402:12-16.  Harak testified that, though people were not crossing Church Street two by two, he "assumed the march would start after we crossed the street." Harak Dep. p. 41:11-13, and further, that when he crossed the street, he assumed everyone was bunched up because it was going to take "a long time for us to string out two by two," but then realized that no one was moving because "the march had been stopped." *Id*. p. 44:24-45:7. When asked "You recall whether you marched in double file on Fulton Street?" Harak answered, "We never got a chance to." *Id*. p. 158:19-21.

114.   The plaintiffs dispute the facts stated in defendants' paragraph 114, and incorporate by reference the *Schiller* 56.1 Response, paragraph 114, and the *Abdell* 56.1 Response, paragraph 114. *See also* Steyert Dep. p. 411:10-412:17, 442:11-17 (the banner was being carried sideways parallel to the cemetery so it wouldn't be blocking the sidewalk or the street; "...we were moving at a slow pace in a peaceful manner, and then all of a sudden this

officer screamed out about the banner that I saw with my own eyes was moving at a parallel direction…and he lied, he said the banner blocked the street. And I was watching the banner…"). In addition, defendants present no evidence that plaintiffs Raimondi, Steyert, or Harak were carrying the banner, and it is indisputable from the video that they were not. *Id.*

115.     The plaintiffs dispute the facts stated in defendants' paragraph 115, and incorporate by reference the *Schiller* 56.1 Response, paragraph 115, and the *Abdell* 56.1 Response, paragraph 115. The undisputed evidence is that plaintiffs Steyert, Harak, and Raimondi did not block or attempt to block the sidewalk at any time. *See* Harak Dep. p. 168:24-25, 169:1-5 (Harak stepped aside so that pedestrians could pass, he saw 6-8 pedestrians going the opposite direction of the march); Raimondi Dep. p. 404:1-405:9, 406:3-5 (It would not have been inconvenient for someone to walk in the opposite direction of the flow of the crowd; it would not have been appreciably more difficult than walking down any street in New York City).

116.     The plaintiffs dispute the facts stated in defendants' paragraph 116, and incorporate by reference the *Schiller* 56.1 Response, paragraph 116, and the *Abdell* 56.1 Response, paragraph 116. See also response to defendants' paragraph 111, *supra.*

117.     The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 117.

118.     Plaintiffs do not dispute the facts stated in defendants' paragraph 118.

119.     Plaintiffs do not dispute the facts stated in defendants' paragraph 119.

120.     The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 120.

121.     The plaintiffs dispute that Monahan's statements were a "warning" to plaintiffs, or anyone, for the same reasons stated in response to defendants paragraph 105, *supra*. The plaintiffs also dispute that the sidewalk was in a "crowded condition," for the reasons stated in

response to defendants paragraph 115, *supra*. The plaintiffs further dispute the implication that plaintiffs, or all marchers, heard Monahan's statements during the march. The undisputed evidence is that at no point during the march did the MacNamara plaintiffs hear any order to disperse, see response to defendants' paragraph 125, *infra*.

122.    The plaintiffs dispute the banner "had been turned widthwise across the sidewalk," dispute that Monahan gave "warnings" to any marchers, and dispute that all marchers heard or could reasonably have been expected to hear any statements given by Monahan. *See* responses to defendants' paragraphs 101, 105 and 114, 121, *supra; see also* response to defendants' paragraphs 125 *infra. See Also* the *Schiller* 56.1 Response, paragraph 101.

123.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 123.

124.    Plaintiffs dispute the facts stated in defendants' paragraph 124 to the extent they mischaracterize Monahan's statements. The video shows that, after stopping the march, Monahan stated, "You are now all blocking the sidewalk. If you do not disperse you will be placed under arrest," and then further, within one second, stated, "Form a line!" *See* Exhibit A to 10/3/11 Spiegel Dec . at TARU #62, 4:01-4:02. Plaintiffs also dispute any implication that the plaintiffs, or all marchers, heard any statement made by Monahan. The undisputed evidence is that at no point during the march did the MacNamara plaintiffs hear any order to disperse. *See* paragraph 125, *infra.*

125.    Plaintiffs dispute the characterization of Monahan's statements to some people at the front of the march as a "dispersal order," as essentially no time elapsed between the time that Monahan yelled "If you will not disperse you will be placed under arrest" and his order to officers to "form a line." *See* response to defendants paragraph 105 and 124, *supra*. The plaintiffs

also dispute the facts stated in defendants' paragraph 125 to the extent they assert that the plaintiffs, or all marchers, heard or could reasonably have been expected to hear any statement made by Monahan. The undisputed evidence is that plaintiffs at no point heard any orders to disperse. *See* Harak Dep. p. 111:6 ("We were never given an order to disperse"); Raimondi Dep. p. 419:8-21 ("I do not recall ever hearing an order to disperse, had I heard it on that day I would have left); Steyert Dep. p. 439:19-22 ("No, I didn't hear the word disperse. And if we were allowed to disperse then people would have said O.K., I'm leaving. No one was given a chance to disperse that I know of"). The undisputed evidence shows that many other plaintiffs did not hear any orders to disperse; *see* the *Schiller* 56.1 Response, paragraphs 121, 125.

126.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 126, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs." *See also* paragraph 125, supra.

127.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 127, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs." *See also* paragraph 125, supra.

128.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 126, adopting all claims made on behalf of the "Schiller plaintiffs" for the "MacNamara plaintiffs." *See also* response to defendants' paragraphs 105 and 125, *supra,* and 129, *infra.*

129.    The plaintiffs dispute the facts stated in defendants' paragraph 129 to the extent they assert that plaintiffs, or any or all marchers, had an opportunity to disperse, and to the extent they assert that the plaintiffs, or any or all marchers, responded to police orders in a way that suggested a refusal to disperse. The plaintiffs incorporate by reference the *Schiller* 56.1

Response, paragraph 129. In addition, the undisputed evidence is that plaintiffs Raimondi, Steyert, and Harak at no point heard any orders to disperse, *see* paragraph 125 *supra*, that those plaintiffs were given no opportunity to disperse, and that if they had been, they would have taken it. *See* Steyert Dep. p. 439:19-22 ("… if we were allowed to disperse then people would have said O.K., I'm leaving. No one was given a chance to disperse that I know of"); Raimondi Dep. p. 419:8-21 ("I do not recall ever hearing an order to disperse, had I heard it on that day I would have left); Raimondi Dep. p. 424:22-425:24, 426:22-24 (Raimondi walked over to a line of officers and asked Monahan if she could leave, he said only "proceed, proceed," she tried to walk past the line of police to disperse but she was prevented from doing so); Harak Dep. p. 45:23-24 (Harak asked a policeman "am I free to leave" and the officer said no).

130.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 130.

131.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 131.

132.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 132.

133.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 133. The undisputed evidence is that plaintiffs Raimondi, Steyert and Harak complied with all laws during the march. *See* paragraphs 111, 112, 113, 115 and 116 *supra*. It was unreasonable for any officer to believe otherwise.

134.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 134.

135.   The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 135.

136.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 136.

137.   The plaintiffs do not dispute that the NYPD contained arrestees on the north sidewalk of Fulton Street, but do dispute that the sole purpose of said containment was to

"ensure that nobody wandered into the group." The cited testimony of Officer J. Shea states "The police officers formed a cordon around them. We had informed everybody, you are all under arrest for operating without a permit [sic] and failure to disperse...." NYPD formed a cordon around plaintiffs in order to prevent people on Fulton Street from leaving the area, because NYPD intended to arrest everyone on the north sidewalk. Indeed, plaintiffs Raimondi and Harak attempted to leave but were prevented from doing so by the lines of officers. *See* paragraph 129, *supra*. The plaintiffs also incorporate by reference the *Schiller* 56.1 Response, paragraph 137.

138.    The plaintiffs do not dispute the facts stated in defendants' paragraph 138 (though the video chapter cited does not depict the facts stated).

139.    The plaintiffs do not dispute the facts stated in defendants' paragraph 139.

140.    The plaintiffs do not dispute the facts stated in defendants' paragraph 140.

141.    The plaintiffs do not dispute that bicycle officers sealed off the front of the march, but do dispute that the sole purpose of this line was "so that pedestrians walking westward could not wander into the group and intermingle with the arrestees." In ordering officers to form the line, Monahan yelled "line, officers, form a line, form a line, form a line right here.  Arrest teams behind, arrest teams behind."  Exhibit A to 10/3/11 Spiegel Dec. at TARU #62, 4:02; Exhibit B to 10/3/11 Spiegel Dec. at Burns, 00:03:42-00:04:17. Monahan's purpose in forming a line with arrest teams behind it was clearly to arrest the people being contained. *See also* paragraph 129, *supra*; *Schiller* 56.1 Response, paragraph 141.

142.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 142.

143.    The plaintiffs do not dispute the facts stated in defendants' paragraph 143.

144.    The plaintiffs do not dispute the facts stated in defendants' paragraph 144.

145.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 145. *See also* Exhibit 5 to Declaration of Jonathan Moore in support of Motion for Partial Summary Judgment at the Site of the Fulton Street Arrests, Memorandum and Order of Honorable James C. Francis VI (November 28, 2006).

146.    The plaintiffs do not dispute the facts stated in defendants' paragraph 146.

147.    The plaintiffs dispute the facts stated in defendants' paragraph 147 to the extent they mischaracterize what Inspector Galati testified that he told his subordinates. *See* the *Schiller* 56.1 Response, paragraph 147. Plaintiffs do not concede that Galati's instructions were followed.

148.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 148. Plaintiffs do not concede that any such instructions were followed.

149.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 149.

150.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 150.

151.    The plaintiffs incorporate by reference the *Schiller* 56.1 Response, paragraph 151.

152.    The plaintiffs do not dispute the facts stated in defendants' paragraph 152.

153.    The plaintiffs do not dispute the facts stated in defendants' paragraph 153 (though the source cited does not support those facts).

154.    The plaintiffs do not dispute the facts stated in defendants' paragraph 154.

155.    The plaintiffs do not dispute the facts stated in defendants' paragraph 155.

156.    The plaintiffs do not dispute the facts stated in defendants' paragraph 156.

157.    Plaintiffs do not dispute that Mr. Galperin gave the described testimony, but his opinion is not a fact nor is it material to the summary judgment issues currently pending before the court.

**Undisputed Facts Proposed by Plaintiffs in Opposition to Defendants' Motion**

The plaintiffs incorporate by reference the Undisputed Facts Proposed by Plaintiffs in Opposition

to Defendants' Motion in *Schiller et al. v. The City of New York et al.*, 04 CV 7922 (RJS), and

*Abdel et al. v. The City of New York, et al.,* 05 Civ. 8453 (RJS).

Dated:          November 3, 2011
                New York, NY

                                    Respectfully submitted,

                                    JONATHAN C. MOORE, Esq.
                                    GIDEON ORION OLIVER, Esq.
                                    ELIZABETH LOGEMANN, Esq.

                                    Beldock Levine & Hoffman, LLP
                                    99 Park Avenue - 16th Floor
                                    New York, New York    10016
                                    (212) 277-5850

                                    *Counsel for the Plaintiff Class in MacNamara*

23