UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DEIRDRE MACNAMARA, *et al.*, individually and on
behalf of those similarly situated,

|  |  |
|---|---|
|  | **Plaintiffs,** |
| -against- | |
| THE CITY OF NEW YORK, a municipal entity, *et al.*, | |
|  | **Defendants.** |

**DEFENDANTS'
RESPONSE TO
PLAINTIFF'S
STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO
LOCAL CIVIL RULE
56.1**

------------------------------------------------------------------------ x

**04 Civ. 9216 (RJS) (JCF)**

**CONSOLIDATED RNC CASES**

------------------------------------------------------------------------ x

     Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts

for the Southern and Eastern Districts of New York, defendants, by their attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, submit this response to plaintiff's

statement of undisputed facts pursuant to Local Civil Rule 56.1 ("Plts' 56.1 Statement").[1]

---

[1] In connection with their Motion for Summary Judgment to Dismiss Plaintiffs' False Arrest Claims at 16th Street, defendants submitted a Local Rule 56.1 Statement of Undisputed Facts dated October 3, 2011 ("Defs' 56.1 Statement") (*Dinler* Docket Entry No. 264). Defendants hereby incorporate Defs' 56.1 Statement herein in its entirety, and cite to paragraphs in Defs' 56.1 Statement in both disputing plaintiffs' facts and in making affirmative statements of undisputed facts. In addition, should the Court entertain additional dispositive briefing on issues relevant to facts set forth by plaintiffs in their Rule 56.1 Statement that are outside the scope of the Court's June 20, 2011 Order, Defendants will supplement the record and provide additional facts material to such issues.

**Plaintiff Erika Biddle**

1.      Paragraph 1 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that Ms. Biddle was present near the vicinity of Union Square Park on August 31, 2004.

2.      Paragraph 2 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that Ms. Biddle was carrying a video camera on the date of her arrest.

3.      Paragraph 3 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

4.      Defendants do not dispute the statement contained in paragraph 4 of Plts' 56.1 Statement.

5.      Defendants dispute the statement contained in paragraph 5 of Plts' 56.1 Statement. (Biddle 50-H 17:5-8; Grimshaw 50-H 17:15-18:2; Johnson Dep. 127-128:10-15; Dieckmann Dep. 57:24-25; Defs' 56.1 Statement at ¶¶ 33-34)

6.      Defendants dispute the statement contained in paragraph 6 of Plts' 56.1 Statement (Biddle Dep. 15:15-17), except defendants do not dispute that Ms. Biddle was on 16th Street between Irving Place and Union Square East with the crowd of people that entered 16th Street at the time of her arrest.

7.      Paragraph 7 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

8.      Paragraph 8 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by

the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.[2]

9.      Paragraph 9 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

10.      Defendants dispute the statement contained in paragraph 10 of Plts' 56.1 Statement. (Majmudar Dep. 124:15-18; Sperry Dep. 78:2-8; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

11.      Paragraph 11 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies, but defendants dispute the statement contained therein. (Sperry Dep. 89:24-90:8; 107:4-15)

12.      Defendants dispute the statement contained in paragraph 12 of Plts' 56.1 Statement. (E. Biddle Dep. 32:25-33:11; Baity I Dep. 376:17-377:5)

13.      Paragraph 13 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that Ms. Biddle and others on 16th Street were told to sit down on the sidewalk and wait to be arrested after the arrest decision was made.

14.      Paragraph 14 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

_____

[2] In the event the Court entertains additional dispositive briefing on issues relevant to these facts or any other issue outside the scope of the Court's June 20, 2011 Order, Defendants will supplement the record and provide additional undisputed facts material to such issues.

15.     Paragraph 15 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that an officer was assigned to process Ms. Biddle's arrest on August 31, 2004.

16.     Paragraph 16 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies, but defendants dispute the statement contained therein. (Baity II Dep. 35:21-36:12; Baity I Dep. 188:2-6)

17.     Defendants dispute the statement contained in paragraph 17 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Erika Biddle.

18.     Defendants dispute the statement contained in paragraph 18 of Plts' 56.1 Statement. (Baity I Dep. 252:17-25; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58).  In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

19.     Defendants dispute the statement contained in paragraph 19 of Plts' 56.1 Statement (Baity I Dep. 55:19-56:22), except defendants do not dispute that Ms. Biddle was photographed with her arresting officer.

20.     Paragraph 20 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

21.     Paragraph 21 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

22.     Paragraph 22 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

23.     Paragraph 23 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies, except that it is disputed that the "floor of the Pier" caused a rash.  (10/26/04 Colgan City Concl. Tst. 32:10-14, 61:21-25; Colgan Depo. 185:18-23, 236:7-25, 237:2-4, 260:14-16, 261:5-25, 262:2-25, 263:2-7, 756:22-25, 757:2-15, 757:16-25, 758:2-5, 22-25, 759:2-25,760:-2-8; Giordano Depo. 174:4-10, 18-25, 175:2-9, 200:5-11, 211:13-25, 212:2-8, 284:19-25, 285:2-14, 286:2-16; Yanosik Depo. 36:21-25; Grimes Depo. 18:23-25,19:2-17, 57:5-22).

24.     Paragraph 24 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

25.     Paragraph 25 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

26.     Defendants do not dispute the statement contained in paragraph 26 of Plts' 56.1 Statement.

27.     Defendants do not dispute the statement contained in paragraph 27 of Plts' 56.1 Statement.

28.     Defendants do not dispute the statement contained in paragraph 28 of Plts' 56.1 Statement.

29.     Defendants do not dispute the statement contained in paragraph 29 of Plts' 56.1 Statement.

**Plaintiff Sonia Chandra**

30.     Paragraph 30 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

31.     Paragraph 31 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

32.     Paragraph 32 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

33.     Paragraph 33 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiffs Sonia Chandra and Celine Malanum were both together in the vicinity of Union Square on August 31, 2004.

34.     Defendants do not dispute the statement contained in paragraph 34 of Plts' 56.1 Statement.

35.     Defendants dispute the statement contained in paragraph 35 of Plts' 56.1 Statement. (Chandra Depo. 28:1-4 ("Yes, we saw the band walking North [on Union Square East], coming from downtown and that was the point that we crossed out of the park to cross the street and I had asked Celine to see if we could just go over there and see what was going on."); Chandra Depo. 34:25-35:17 (same); Chandra Depo. 36:21-24 ("We basically saw [the band] and so in the time that they were on 14th Street walking up from that time, that's about the time that

we walked from the park."); Chandra Depo. 116:17-25 ("Yes, we [Chandra and Celine Malum] were pretty close to [the band]"); Malanum Depo. 263:16-25 (Instead of going inside Zen Palate, she and friend Sonia Chandra "turn[ed] right on 16th Street" in the direction of the marching bands))

36.    Defendants dispute the statement contained in paragraph 36 of Plts' 56.1 Statement. (Chandra Depo. 36:21-24 ("We basically saw [the band] and so in the time that they were on 14th Street walking up from that time, that's about the time that we walked from the park."); Chandra Depo. 116:17-25 ("Yes, we [Chandra and Celine Malum] were pretty close to [the band]"))

37.    Defendants dispute the statement contained in paragraph 37 of Plts' 56.1 Statement. (Chandra 50-H 16:7-17 (Observed police blocking off Union Square East); Malanum Depo. 251:15-19 ("Yes.  That is why I didn't continue walking north on Union Square East, because I physically couldn't" because of the police.); Malanum Depo. 265:5-6 (same); Defs' 56.1 Statement at ¶¶ 33-34)

38.    Defendants dispute the statement contained in paragraph 38 of Plts' 56.1 Statement. (Grimshaw 50-H 17:15-18:2; Johnson Dep. 127-128:10-15; Dieckmann Dep. 57:24-25; Defs' 56.1 Statement at ¶¶ 33-34)

39.    Defendants dispute the statement contained in paragraph 39 of Plts' 56.1 Statement. (Chandra Dep. 35:10-17; 116:17-25; Defs' 56.1 Statement at ¶¶ 33-34)

40.    Paragraph 40 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6;

Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28-29, 38-40)

41.     Defendants do not dispute the statement contained in paragraph 41 of Plts' 56.1 Statement.

42.     Defendants dispute the statement contained in paragraph 42 of Plts' 56.1 Statement (Chandra Dep. 29:18-30:1; 44:4-6), except defendants do not dispute that plaintiffs Sonia Chandra and Celine Malanum followed the band onto East 16th Street and walked past the Zen Palate to the end of the block at the Irving Place side of 16th Street.

43.     Defendants dispute the statement contained in paragraph 43 of Plts' 56.1 Statement. (Sam Dep. 250:2-6; 255:21-256:24; 259:24-260:2; 297:24-298:2)

44.     Defendants dispute the statement contained in paragraph 44 of Plts' 56.1 Statement. (Sam Dep. 250:2-6; 255:21-256:24; 259:24-260:2; 297:24-298:2; Defs' 56.1 Statement at ¶¶ 33-34, 43-44, 46-50)

45.     Defendants do not dispute the statement contained in paragraph 45 of Plts' 56.1 Statement.

46.     Defendants dispute the statement contained in paragraph 46 of Plts' 56.1 Statement. (Sam Dep. 250:2-6; 255:21-256:24; 259:24-260:2; 297:24-298:2; Defs' 56.1 Statement at ¶¶ 33-34, 43-44, 46-50)

47.     Defendants dispute the statement contained in paragraph 47 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

48.     Defendants dispute the statement contained in paragraph 48 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

49.     Defendants dispute the statement contained in paragraph 49 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

50.     Defendants dispute the statement contained in paragraph 50 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Sonia Chandra.

51.     Defendants dispute the statement contained in paragraph 51 of Plts' 56.1 Statement. (Sam Dep. 158:3-10; 159:2-5; 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2; 297:24-298:2; 307:19-308:6; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58). In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

52.     Defendants dispute the statement contained in paragraph 52 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

53.     Defendants dispute the statement contained in paragraph 53 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

54.     Defendants dispute the statement contained in paragraph 54 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 46-50), except defendants do not dispute that the police were keeping innocent bystanders out of East 16th Street block.

55.     Paragraph 55 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, but defendants dispute the statement contained in paragraph 55 of Plts' 56.1 Statement (Johnson Dep. 51:12-21; 55:15-19; 125:25-126:19; Sam

Dep. 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2; Cortright Dep. 147:6-9; Majmudar

Dep. 124:15-18; Defs' 56.1 Statement at ¶¶ 43-44, 46-50).

      56.     Defendants dispute the statement contained in paragraph 56 of Plts' 56.1

Statement. (Sam Dep. 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2; 255:21-256:24)

      57.     Defendants dispute the statement contained in paragraph 57 of Plts' 56.1

Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-

139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3,

779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5.

126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich

Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18;

Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus

Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep.

at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep.

at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at

32:5-25; Clifford Dep. at pp. 112-114:8-14)

      58.     Defendants dispute the statement contained in paragraph 58 of Plts' 56.1

Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-

139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3,

779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5.

126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich

Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18;

Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus

Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep.

at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19, 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2;

Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 -

54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14;

Defs' 56.1 Statement at ¶¶ 33-34, 43-44, 46-50)

59.     Defendants dispute the statement contained in paragraph 59 of Plts' 56.1

Statement. (Sam Dep. 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2; Essig Dep. 273-

274:9-25; Dieckmann Dep. 68:10-16; Johnson Dep. 62-64:24-3; Suero Dep. 75:10-22; 76:6-15;

Baity I Dep. 330:7-16; Loftus Dep. 39:19-40:18; Bizzarro Dep. 53:18-20; Fredericks Dep. 50:4-

7; Cortright Dep. 67:6-12; 68:10-15; 94:10-12; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

60.     Paragraph 60 of Plts' 56.1 Statement is not a statement of material fact

which would create a genuine issue for trial.

61.     Defendants dispute the statement contained in paragraph 61 of Plts' 56.1

Statement. (Defs' 56.1 Statement at ¶ 56; Sam Dep. 104:7-12)

62.     Defendants dispute the statement contained in paragraph 62 of Plts' 56.1

Statement (Sam Dep. 255:21-257:5), except defendants do not dispute that after Ms. Chandra's

arrest, she was cuffed with plastic handcuffs, her photograph was taken, and she was placed in a

police transportation vehicle.

63.     Paragraph 63 of Plts' 56.1 Statement is not a statement of material fact

which would create a genuine issue for trial because this summary judgment motion is limited by

the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's

alleged "no-summons" and "blanket fingerprinting" policies.

64.     Paragraph 64 of Plts' 56.1 Statement is not a statement of material fact

which would create a genuine issue for trial.

65.     Paragraph 65 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

66.     Paragraph 66 of Pl's 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

67.     Paragraph 67 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

68.     Defendants do not dispute the statement contained in paragraph 68 of Plts' 56.1 Statement.

69.     Defendants do not dispute the statement contained in paragraph 69 of Plts' 56.1 Statement.

70.     Defendants do not dispute that plaintiff Sonia Chandra was given a Desk Appearance Ticket.   Paragraph 70 of Plts' 56.1 Statement is otherwise not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.   (Defendants' Statement of Material Undisputed Facts in Support of their Motion for

Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721). Additionally, Defendants dispute that plaintiff Chandra had "valid identification." (Sam Dep. 285:19-286:11).

71.     Paragraph 71 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**Plaintiff Deepa Majmudar**

72.     Paragraph 72 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

73.     Paragraph 73 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Riggan Depo. 126:15-127:22 (Was not sure that the address provided by Ms. Majmudar on date of her arrest matched the address on her driver's license).

74.     Paragraph 74 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

75.     Paragraph 75 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

76.     Paragraph 76 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

77.     Defendants do not dispute the statement contained in paragraph 77 of Plts' 56.1 Statement, and further do not dispute that plaintiff Deepa Majmudar followed the marching band up Union Square East with many other people. (Majmudar Dep. 67:25-68:17; 68:20-24; 76:18-21)

78.     Defendants dispute the statement contained in paragraph 78 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 33-34)

79.     Defendants do not dispute the statement contained in paragraph 79 of Plts' 56.1 Statement.

80.     Paragraph 80 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial,

81.     Paragraph 81 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6; Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28-29, 38-40)

82.     Defendants dispute the statement contained in paragraph 82 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Deepa Majmudar.

83.     Defendants dispute the statement contained in paragraph 83 of Plts' 56.1 Statement. (Riggan Dep. 94:4-9; 145:15-17; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58). In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

84.     Defendants dispute the statement contained in paragraph 84 of Plts' 56.1 Statement. [Majmudar Dep. 95:9-22 (Did not ask the police if she can leave from Irving Place side); Defs' 56.1 Statement at ¶¶ 43-44, 46-50]

85.     Defendants dispute the statement contained in paragraph 85 of Plts' 56.1 Statement. (Majmudar Dep. 95:9-22 (Did not ask police if she could be leave from Irving Place side); Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

86.     Defendants dispute the statement contained in paragraph 86 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

87.     Defendants dispute the statement contained in paragraph 87 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

88.     Defendants do not dispute the statement contained in paragraph 88 of Plts' 56.1 Statement.

89.     Defendants dispute the statement contained in paragraph 89 of Plts' 56.1 Statement. (Riggan Dep. 145:15-17; Defs' 56.1 Statement at ¶¶ 54-55, 57)

90.     Paragraph 90 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

91.     Defendants dispute the statement contained in paragraph 91 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

92.     Defendants dispute the statement contained in paragraph 92 of Plts' 56.1 Statement. (Riggan Dep. 145:15-17 ("[Ms. Majmudar] was blocking vehicular traffic, and she was marching with over 100 people, causing pedestrians to go into the streets."); Defs' 56.1 Statement at ¶¶ 55, 57)

93.     Defendants dispute the statement contained in paragraph 93 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

94.     Defendants dispute the statement contained in paragraph 94 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50, 54-55, 57)

95.     Defendants do not dispute the statement contained in paragraph 95 of Plts' 56.1 Statement.

96.     Defendants do not dispute the statement contained in paragraph 96 of Plts' 56.1 Statement.

97.     Paragraph 97 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

98.     Defendants do not dispute the statement contained in paragraph 98 of Plts' 56.1 Statement.

**Plaintiff Celine Malunum**

99.     Paragraph 99 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

100.    Paragraph 100 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

101.    Paragraph 101 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

102.    Paragraph 102 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

103.    Defendants do not dispute the statement contained in paragraph 103 of Plts' 56.1 Statement.

104.    Paragraph 104 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6; Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28-29, 38-40)

105.    Defendants dispute the statement contained in paragraph 105 of Plts' 56.1 Statement. (Grimshaw 50-H 17:15-18:2; Johnson Dep. 127-128:10-15; Dieckmann Dep. 57:24-25; Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

106.    Defendants do not dispute the statement contained in paragraph 106 of Plts' 56.1 Statement.

107.    Defendants dispute the statement contained in paragraph 107 of Plts' 56.1 Statement. (Malanum Depo. 263:16-25 ("I start - - I continued walking east on 16th Street, yes" in the direction of the band); Chandra Depo. 116:17-25 ("Yes, we [Chandra and Celine Malum] were pretty close to [the band]"; Defs' 56.1 Statement at ¶ 24)

108.    Defendants do not dispute the statement contained in paragraph 108 of Plts' 56.1 Statement.

109.    Defendants dispute the statement contained in paragraph 109 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 26, 28-29; Defs' Video Comp. at Ch. 1-2)

110.    Defendants dispute the statement contained in paragraph 110 of Plts' 56.1 Statement. (Chandra 50-H 16:7-17; Malanum Dep. 251:15-19; 265:5-6; Grimshaw 50-H 17:15-18:2; Johnson Dep. 127-128:10-15; Dieckmann Dep. 57:24-25; Defs' 56.1 Statement at ¶¶ 27-32, 39-40, 45)

111.    Defendants dispute the statement contained in paragraph 111 of Plts' 56.1 Statement. (Malanum 50-H 9:19-10:13, Malanum Dep. 263:16-25; Chandra Dep. 35:10-17; 116:17-25; Defs' 56.1 Statement at ¶¶ 33-34)

112.    Defendants dispute the statement contained in paragraph 112 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Celine Malanum.

113.    Defendants dispute the statement contained in paragraph 113 of Plts' 56.1 Statement. (Sam Dep. 158:3-10; 159:2-5; 253:23-254:8; 255:21-256:24; 259:24-260:2; 307:19-308:6; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58). In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

114.    Defendants dispute the statement contained in paragraph 114 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich

Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

115.    Defendants dispute the statement contained in paragraph 115 of Plts' 56.1 Statement. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6; Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28, 38-40)

116.    Defendants dispute the statement contained in paragraph 116 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

117.    Defendants dispute the statement contained in paragraph 117 of Plts' 56.1 Statement. (Sam Dep. 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2)

118.    Defendants dispute the statement contained in paragraph 118 of Plts' 56.1 Statement. (Sam Dep. 76:16-23; 230:7-12; 298:10-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

119.    Defendants dispute the statement contained in paragraph 119 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

120.    Defendants dispute the statement contained in paragraph 120 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

121.    Paragraph 121 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

122.    Defendants dispute the statement contained in paragraph 122 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

123.    Defendants dispute the statement contained in paragraph 123 of Plts' 56.1 Statement. (Sam Dep. 250:2-6; 253:23-254:8; 255:21-256:24; 259:24-260:2)

124.    Paragraph 124 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies, except that it is disputed that the "floor of the cages was black like charcoal".  (10/26/04 Colgan City Concl. Tst. 32:10-14, 61:21-25; Colgan Depo. 185:18-23, 236:7-25, 237:2-4, 260:14-16, 261:5-25, 262:2-25, 263:2-7, 756:22-25, 757:2-15, 757:16-25, 758:2-5, 22-25, 759:2-25,760:-2-8; Giordano Depo. 174:4-10, 18-25, 175:2-9, 200:5-11, 211:13-25, 212:2-8, 284:19-25, 285:2-14, 286:2-16; Yanosik Depo. 36:21-25; Grimes Depo. 18:23-25,19:2-17, 57:5-22).

125.    Defendants do not dispute the statement contained in paragraph 125 of Plts' 56.1 Statement.

126.    Defendants do not dispute that plaintiff Malanum was given a Desk Appearance Ticket.  Paragraph 126 of Plts' 56.1 Statement is otherwise not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the

RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721). Additionally, Defendants dispute that plaintiff Malanum had "valid identification." (Sam Dep. 193:4-12),

127.    Defendants do not dispute the statement contained in paragraph 127 of Plts' 56.1 Statement.

128.    Defendants do not dispute the statement contained in paragraph 128 of Plts' 56.1 Statement.

**Plaintiff Danielle Walsh**

129.    Paragraph 129 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

130.    Paragraph 130 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

131.    Paragraph 131 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

132.    Defendants dispute the statement contained in paragraph 132 of Plts' 56.1 Statement. (Walsh 50-H 18:5-9 (Followed the crowd protestors onto 16th Street); Walsh Depo. 18:9-21:18 (She "just went" with her friends who were following the band after they exited the park.))

133.     Paragraph 133 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

134.     Defendants do not dispute the statement contained in paragraph 134 of Plts' 56.1 Statement.

135.     Paragraph 135 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

136.     Defendants do not dispute the statement contained in paragraph 136 of Plts' 56.1 Statement.

137.     Defendants do not dispute the statement contained in paragraph 137 of Plts' 56.1 Statement.

138.     Defendants dispute the statement contained in paragraph 138 of Plts' 56.1 Statement. (Walsh 50-H 18:5-9 (Followed the crowd protestors onto 16th Street); Walsh Depo. 18:9-21:18 (She "just went" with her friends who were following the band after they exited the park.); Walsh Depo. 21:6-9 (same); Walsh Depo. 21:10-12 (She and friends were "behind [the band]"); Defs' 56.1 Statement at ¶¶ 12, 21-24))

139.     Defendants do not dispute the statement contained in paragraph 139 of Plts' 56.1 Statement.

140.     Defendants dispute the statement contained in paragraph 140 of Plts' 56.1 Statement. (Walsh Depo. 30:14-31:1 (Crossed from Union Square park to Union Square East side by "climb[ing] over [the median] on the street" despite presence of vehicular traffic.); Defs' 56.1 Statement at ¶¶ 28-31)

141.     Defendants dispute the statement contained in paragraph 141 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶ 32)

142.    Paragraph 142 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6; Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28-29, 38-40)

143.    Defendants dispute the statement contained in paragraph 143 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

144.    Defendants dispute the statement contained in paragraph 144 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Danielle Walsh.

145.    Defendants dispute the statement contained in paragraph 145 of Plts' 56.1 Statement. (Suero Dep. 143:9-15; 157:15-25; 161:4-12; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58). In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

146.    Defendants dispute the statement contained in paragraph 146 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

147.    Defendants dispute the statement contained in paragraph 147 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

148.    Defendants dispute the statement contained in paragraph 148 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

149.    Defendants dispute the statement contained in paragraph 149 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

150.    Defendants dispute the statement contained in paragraph 150 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

151.    Defendants do not dispute the statement contained in paragraph 151 of Plts' 56.1 Statement.

152.    Defendants dispute the statement contained in paragraph 152 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

153.    Paragraph 153 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

154.    Defendants dispute the statement contained in paragraph 154 of Plts' 56.1 Statement. (Suero Depo. 157:15-25 (Observed pedestrians unable to get by on the sidewalk "[b]ecause of the entire group, [Ms. Danielle Walsh] included."))

155.    Paragraph 155 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.  (September 5, 2007 Deposition of Chris Czark at 40:18-25; September 17, 2007 Deposition of John O'Connell Depo. at 67:3-11).

156.    Paragraph 156 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).  Additionally, Defendants dispute the statement contained in paragraph 156 of Plts' 56.1 Statement. (Suero Dep. 196:10-197:3; 198:6-9; 199:3-6, 13-22).

157.    Defendants do not dispute the statement contained in paragraph 157 of Plts' 56.1 Statement.

158.    Defendants do not dispute the statement contained in paragraph 158 of Plts' 56.1 Statement.

159.    Defendants do not dispute the statement contained in paragraph 159 of Plts' 56.1 Statement.

**Plaintiff Emily Friedman**

160.    Paragraph 160 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

161.    Paragraph 161 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

162.    Defendants do not dispute the statement contained in paragraph 162 of Plts' 56.1 Statement.

163.    Paragraph 163 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial (Friedman Dep. 192:13-25), except defendants do not dispute that plaintiff Emily Friedman was aware that her conduct could lead to arrest.

164.    Paragraph 164 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Emily Friedman intended on participating in the protests at Union Square on August 31, 2004.

165.    Paragraph 165 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

166.    Defendants do not dispute the statement contained in paragraph 166 of Plts' 56.1 Statement.

167.    Defendants dispute the statement contained in paragraph 167 of Plts' 56.1 Statement (Friedman 50-H 6:10-21; 7:13-16; Friedman Dep. 173:7-13; 232:22-233:10; Defs'

56.1 Statement at ¶¶ 6, 12, 14), except defendants do not dispute that plaintiff Emily Friedman observed marching band moving north on Union Square East.

168.    Defendants do not dispute that statement contained in paragraph 168 of Plts' 56.1 Statement, and further do not dispute that plaintiff Emily Friedman followed the marching band north on Union Square East with a large crowd of people. (Friedman Dep. 239:10-22; Defs' 56.1 Statement at ¶¶ 21-24)

169.    Defendants dispute the statement contained in paragraph 169 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 26-31)

170.    Defendants dispute the statement contained in paragraph 170 of Plts' 56.1 Statement (Friedman Dep. 278:7-14; 287:19-24; 291:14-19; 343:15-344:6; Defs' 56.1 Statement at ¶ 24), except defendants do not dispute that plaintiff Emily Friedman was part of a large crowd of people that left Union Square Park.

171.    Defendants dispute the statement contained in paragraph 171 of Plts' 56.1 Statement (Friedman Dep. 278:7-14; 287:19-24; 291:14-19; 343:15-344:6; Defs' 56.1 Statement at ¶¶ 22, 24), except defendants do not dispute that plaintiff Emily Friedman was part of a large crowd of people that left Union Square Park.

172.    Defendants dispute the statement contained in paragraph 172 of Plts' 56.1 Statement (Friedman Dep. 278:7-14; 287:19-24; 291:14-19; 343:15-344:6; Defs' 56.1 Statement at ¶¶ 24, 26-27), except defendants do not dispute that plaintiff Emily Friedman was part of a large crowd of people that proceeded northbound on the eastern side of Union Square East.

173.    Defendants dispute the statement contained in paragraph 173 of Plts' 56.1 Statement. (Grimshaw 50-H 17:15-18:2; Johnson Dep. 127-128:10-15; Dieckmann Dep. 57:24-25; Defs' 56.1 Statement at ¶¶ 32-33)

174.     Paragraph 174 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants dispute the statement contained therein. (Sam Dep. 307:19-308:6; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Essig 457:16-21; N. Rodriguez Dep. 44:11-17; Bizzarro Dep. 44:2-6; Connolly Dep. 39:17-40:6; Johnson Dep. 48:18-49:3; Cortright Dep. 56:8-13; 119:4-12; 181:4-6; Keegan Dep. 41:18-42:3; Riggan Dep. 94:4-9; Defs' 56.1 Statement at ¶¶ 28-29, 38-40)

175.     Defendants dispute the statement contained in paragraph 175 of Plts' 56.1 Statement. (Friedman Dep. 343:15-344:6; N. Rodriguez Dep. 75:14-23; Defs' 56.1 Statement at ¶¶ 33-34, 38, 51, 54-55, 57)

176.     Defendants dispute the statement contained in paragraph 176 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 54-55, 57), except defendants do not dispute that Essig ordered the arrest of a group of individuals on East 16th Street between Union Square East and Irving Place, which included plaintiff Danielle Walsh.

177.     Defendants dispute the statement contained in paragraph 177 of Plts' 56.1 Statement. (N. Rodriguez Dep. 75:14-23; Defs' 56.1 Statement at ¶¶ 19, 26-31, 35, 38-40, 43-44, 46-55, 57-58). In addition, Judge Francis' November 28, 2006 Order held it "does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause." (*Macnamara* DE 110, p. 4).

178.     Defendants dispute the statement contained in paragraph 178 of Plts' 56.1 Statement. (N. Rodriguez Dep. 75:14-23 ("Because at the time as we were walking up [16th Street] and [] [the 5 arrestees] were marching [with the others in the crowd] down [towards

Irving Place], I know I had observed [] [my 5 arrestees] marching down the street, so I effected the arrests on the people I observed."); Defs' 56.1 Statement at ¶¶ 51, 54-55, 57)

179.    Defendants dispute the statement contained in paragraph 179 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

180.    Defendants dispute the statement contained in paragraph 180 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

181.    Defendants dispute the statement contained in paragraph 181 of Plts' 56.1 Statement. (N. Rodriguez Dep. 75:14-23)

182.    Defendants dispute the statement contained in paragraph 182 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

183.    Defendants dispute the statement contained in paragraph 183 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

184.    Defendants do not dispute the statement contained in paragraph 184 of Plts' 56.1 Statement.

185.    Defendants dispute the statement contained in paragraph 185 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

186.    Paragraph 186 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

187.    Defendants do not dispute the statement contained in paragraph 187 of Plts' 56.1 Statement.

188.    Defendants dispute the statement contained in paragraph 188 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

189.    Defendants dispute the statement contained in paragraph 189 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 46-50)

190.    Paragraph 190 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Emily Friedman was put in plastic handcuffs.

191.    Paragraph 191 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

192.    Defendants do not dispute the statement contained in paragraph 192 of Plts' 56.1 Statement.

193.    Defendants do not dispute that plaintiff Friedman was given a Desk Appearance Ticket.  Paragraph 193 of Plts' 56.1 Statement is otherwise not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).  Additionally, Defendants dispute that plaintiff Friedman had "valid identification."  (Noel Rodriguez Dep. 141:13-143:23).

194.    Defendants do not dispute the statement contained in paragraph 194 of Plts' 56.1 Statement.

195.    Defendants do not dispute the statement contained in paragraph 195 of Plts' 56.1 Statement.

**Plaintiff Betty Bastidas**

196.    Paragraph 196 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

197.    Defendants do not dispute that "Ms. Bastidas was arrested by the NYPD on the evening of August 31, 2004 on the block of East 16th Street between Union Square East and Irving Place."

198.    Paragraph 198 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.  Nevertheless, Defendants dispute that plaintiff Bastidas had "professional press credentials with her."  Plaintiff Bastidas admitted that on August 31, 2004, the day of her arrest, she did not have a valid press pass issued by the NYPD.  September 14, 2007 Depsition of Betty ("Bastidas Dep.") at ¶¶ 26:23-25, 27:2-11. NYPD Sergeant Kevin Hayes with the Office of the Deputy Commissioner of Public Information ("DCPI"), the office responsible for "disseminating media related incidents from the police department," explained that the NYPD through DCPI issues (i) "Press Identification Card[s]" and (ii) "Working Press Card[s]".  August 9, 2007 Depsition of Sergeant Kevin Hayes ("Hayes Dep.") at 18:14-25, 19:4-15, 26:3-25, 27:2-23; Hayes Dep. Ex. 1 (Press Identification Card); Hayes Dep. Ex. 2 (Working Press Card).  The "Press Identification Card" can be utilized at

"nonemergency news events such as parades [and] allows people under certain circumstances into an area which is closed to the general public."  Hayes Dep. at 28:5-25.  Sergeant Hayes explained that "for example, someone with [that] press credential" at a given event would be "permitted to be in the street where the general public would not be allowed."  Hayes Dep. at 29:17-25, 30:1-3.  Sergeant Hayes explained that credentials other than those issued by the NYPD are not considered valid.  Hayes Dep. at 36:14-18.

199.    Paragraph 199 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).

200.    Paragraph 200 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

201.    Defendants do not dispute that plaintiff Bastidas "heard music" or that a "procession of musicians and other people, and other people watching" traveled from Union Square Park to East 16th Street.  Defendants otherwise dispute the statement of facts in Paragraph 201 of Plts' 56.1 Statement.  Plaintiff Bastidas "heard music" and "head the group" when she

was in Union Square Park.  Bastidas Dep. at 17:23-25, 18:2-7.  Plaintiff Bastidas then "followed the music" "chased [her] steps to the music" and "was drawn to the music."  Bastidas Dep. at 129:11-23.  The route she took was Union Square East and then she turned onto East 16th Street.  Bastidas Dep at 18:12-16.  The "geographic route [being] from south to north."  (Bastidas Dep at 18:12-16, 129:15-23; Defs' 56.1 Statement at ¶¶ 16-17, 21-25).

202.    Defendants do not dispute that "[t]here were many people on the block of E. 16th Street, both on the street and on the sidewalk."

203.    Paragraph 203 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, both Chief Essig and many participants in the 16th Street Parade were aware that the 16th Street Parade did not have a permit.  (Defs' 56.1 Statement at ¶¶ 19-20).

204.    Paragraph 204 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, the 16th Street Parade blocked vehicular traffic on East 16th Street.  (Defs' 56.1 Statement ¶ 29).  Plaintiff Bastidas admitted that the presence of the band in the middle of East 16th Street and the group of people behind the band "probably" made it inconvenient for vehicle traffic to proceed.  (Bastidas Dep at 133:25, 134:2-8).  Plaintiff Bastidas agreed that video evidence was a fair and accurate representation of the incident on East 16th Street that shows a taxicab trying to drive down East 16th Street.  (Bastidas Dep. at 147:21-25, 148:1-8, 150:14-19, 158:16-25, 159:1-9, Adams DVD No. 3, "16th TWOSI").

205.    Paragraph 205 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

206.    Defendants do not dispute that plaintiff Bastidas may have "approached E. 16th Street as she would any regular block in New York" but defendants dispute that plaintiff

Bastidas was "not aware that there was any potential problem with her presence on E. 16th Street". Plaintiff Bastidas admitted that she noticed a police presence and police lines and formations while on East 16th Street before her arrest. (Bastidas Dep. at 131:18-24). Plaintiff Bastidas admitted that she was "probably" concerned about what the police officers were doing and she "think[s]" that was first occasion in her life that she had observed police officers in that type of formation. (Bastidas Dep. at 152:7-22). Plaintiff Bastidas also admitted that the presence of the band and the group of people behind the band on East 16th Street "probably" would have made it inconvenient for vehicular traffic to proceed eastward. (Bastidas Dep. at 133:25, 134:1-8). Bastidas admitted that "[i]t would have been inconvenient" for pedestrian traffic to walk against the direction the band was traveling when the band was on the sidewalk of East 16th Street. (Bastidas Dep. 139:16-20, 24-25, 140:1-6.) Bastidas admitted while she was on East 16th Street she was "standing on the street, standing on the sidewalk" and "was in a lot of different places." (Bastidas Dep. at 134:9-13).

207.    The fact that "[i]t did not cross Ms. Bastidas' mind that she should leave the block in the time prior to her arrest" Paragraph 203 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial. Defendants dispute that plaintiff Bastidas was "not doing anything wrong." (Defs' 56.1 Statement at ¶¶ 19-20, 27, 29-31, 37-40, 51, 54-55, 57, 60). Plaintiff Bastidas admits that she was on the sidewalks, in the street and in the middle of the street on East 16th Street. (Bastidas Dep. at 130:11-14, 134:9-13, 144:17-25, 145:1-3, 149:18-22, 150:11-20, 161:11-14, 163:2-6). Plaintiff Bastidas admits that "it would have been inconvenient" for a pedestrian to walk against the direction the band was traveling on the sidewalk in East 16th Street. Bastidas Dep. at 139:16-25, 140:1-6. Plaintiff Bastidas also admits that video evidence, which she agreed was a fair and accurate depiction of the events on

East 16th Street, shows her in the street, in the middle of the street, on the sidewalks.  (Bastidas Dep. 142:2-22-25, 143:1-25, 144:1-25, 145:1-3, 147:1-20, TARU Tape No. 63; 147:21-25, 1-8, 149:16-25, 150, 1-25, 151:1-15, 152:1-11, 160:13-25, 161:2-24, 162:2-25, 163:1-6, Adams DVD No. 2, "TWOSWI").  This video evidence depicts plaintiff Bastidas approaching, standing in front, of and crouching in front of police lines and formations on East 16th Street.  *Id.*

208.   Defendants dispute the facts contained in Paragraph 208 of Plts' 56.1 Statement.  (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 52-53).

209.   Defendants dispute the facts contained in Paragraph 209 of Plts' 56.1 Statement.  Plaintiff Bastidas testified that she "saw people leaving" East 16th Street and only that she "probably" asked or "might" have asked a police officer to leave the block.  Bastidas Dep. 155:24-25, 156:1-18; Defs' 56.1 Statement at ¶¶ 43-44, 46-50.

210.   Defendants do not dispute that "[o]n E. 16th Street, in the period prior to her arrest, Ms. Bastidas …. was photographing the people and the band that was playing music on E. 16th Street [and] she move[d] around the scene on the block, [and was] in the street, in

order to take photographs."  Whether plaintiff Bastidas was a "professional photographer" or was "required" to "work the situation" are not statements of material fact which would create a genuine issue for trial.  Defendants dispute that plaintiff Bastidas was only "briefly" in the street. (Bastidas Dep. 142:2-22-25, 143:1-25, 144:1-25, 145:1-3, 147:1-20, TARU Tape No. 63; 147:21-25, 1-8, 149:16-25, 150, 1-25, 151:1-15, 152:1-11, 160:13-25, 161:2-24, 162:2-25, 163:1-6, Adams DVD No. 2, "TWOSWI").

211.  Defendants dispute that plaintiff Bastidas did not "obstruct anybody" when she was taking photographs on East 16th Street. *See* Defendants Response to Paragraph 207 *supra*.  Whether plaintiff Bastidas was a "professional photographer" or was "very aware of her surroundings" are not statements of material fact which would create a genuine issue for trial.

212.  Defendants do not dispute that at some point plaintiff Bastidas may have observed some "people on E. 16th Street make their way westward towards Union Square East" but Defendants dispute that this was "because there was a line of police officers across E. 16th Street at the Irving Place end of the block."  Defs' 56.1 Statement at ¶¶ 36, 41-49.

213.  Defendants dispute the facts contained in Paragraph 213 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 32, 45-49).

214.  Defendants admit that plaintiff Bastidas "took photographs of police lines" but otherwise dispute the facts contained in Paragraph 208 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 32, 45-49).

215.  Defendants dispute the facts contained in Paragraph 215 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 52-53).

216.  Paragraph 216 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

217.    Paragraph 217 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

218.    Defendants admit that plaintiff Bastidas was fingerprinted.

219.    Paragraph 219 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.  Nevertheless, Defendants dispute that plaintiff Bastidas was "held in NYPD custody for approximately forty hours."

220.    Paragraph 220 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

221.    Paragraph 221 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

**Plaintiff Lauren Caspar**

222.    Defendants do not dispute that "Lauren Caspar was arrested by the NYPD on the evening of August 31, 2004 on the block of East 16th Street between Union Square East and Irving Place."

223.    Disputed.  Plaintiff Caspar admitted that she was "at the same location" as the group arrested on East 16th Street and that she was "a part of the pedestrian traffic" and she

was "on the block." (October 9, 2007 Deposition of Lauren Caspar ("Caspar Dep.") at 18:12-16, 21:11-18, 155:9-22; Defs' 56.1 Statement at ¶¶ 19, 21-24, 29-31, 34-35, 39, 54-55, 57).

224. Defendants do not dispute that plaintiff Caspar "wound up on East 16th Street." The remainder of Paragraph 224 of Plts' 56.1 Statement are not statements of material fact which would create a genuine issue for trial.

225. Undisputed that "[t]here was a band on the block, and hundreds of people." The remainder of Paragraph 225 of Plts' 56.1 Statement is disputed. (Defs' 56.1 Statement at ¶¶ 14-17, 19-27, 35-26, 38; Video Comp. at Chapter 2, 4-5).

226. Paragraph 226 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial. However, both Chief Essig and many participants in the 16th Street Parade were aware that the 16th Street Parade did not have a permit. (Defs' 56.1 Statement at ¶¶ 19-20).

227. Defendants dispute the facts contained in Paragraph 227 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 19-21, 24-35, 38-39, 41-49, 51).

228. Plaintiffs do not dispute that Plaintiff Caspar was on the sidewalk at some point. Defendants dispute that plaintiff Caspar "lawfully crossed a street" and that she was "only" on the sidewalk. (Baity Dep. I at 253:25-254:2-25, 255:2-4, 256:2-9).

229. Defendants do not dispute that there "were other pedestrians on the sidewalks." Defendants dispute that "it was not difficult" for plaintiff "Caspar to navigate her way from one end of the block to the other." (Baity Dep I. 242:23-25, 243:2-25, 244:2-6, 19-25, 245:2-21, 246:2-25, 247:2-3, 251:16-25, 252:2-25, 256:2-9; Defs' 56.1 Statement at ¶¶ 37-40). Plaintiff Caspar admitted that "the street was packed" and it appeared the group was "blocking traffic." (Caspar Dep. 175:20-25, 176:1-6).

230.     Paragraph 230 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, Defendants dispute the implication that plaintiff Caspar was not permitted to leave East 16th Street at certain times before her arrest. (Defs' 56.1 Statement at ¶¶ 34, 41-44, 46-49).

231.     Defendants do not dispute that at some point the NYPD gave an order to "sit down."  Defendants otherwise dispute the facts contained in Paragraph 231 of Plts' 56.1 Statement.  (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14;  Defs' 56.1 Statement at ¶¶ 34, 41-44, 46-49).

232.     Paragraph 232 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except that participants in the 16th Street Parade had the opportunity to leave the block.  (Defs' 56.1 Statement at ¶¶ 43-44, 46-50).

233.     Paragraph 233 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

234.    Paragraph 234 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).   In addition, the DAT Investigation Worksheet completed regarding plaintiff Caspar's arrest processing indicates an inability to "verify identification."  (Bates Nos. 103610-11, DAT Investigation Worksheet).

235.    Defendants do not dispute that plaintiff Caspar was fingerprinted.[3]

236.    Paragraph 236 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**Plaintiff Greg Ross**

237.    Paragraph 237 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

---

[3] Defendants note that Plaintiff's 56.1 Statement contains two paragraphs numbered "234" while none were numbered "235".  This entry responds to the second paragraph numbered "234."

238.  Undisputed.

239.  Defendants do not dispute that plaintiff Ross "followed the group by crossing Union Square East and walking on the east sidewalk adjacent to Union Square East." Plaintiff Ross proceeded northbound and followed the marching band that was also traveling northbound on Union Square East.  (Ross Dep. at 127:5-10, 22-25, 128:1-16, 129:6-15; Defs' 56.1 Statement at ¶¶ 27).

240.  Defendants dispute that "[d]ue to a police line across Union Square East, Ross and other persons were required to turn right at 16th St."  (Defs' 56.1 Statement at ¶¶ 32-35).  Plaintiff Ross admitted that he "did not have to turn in that direction [down East 16th Street]" and he admitted that he did not recall any police officers verbally instructing him to turn onto East 16th Street.  Ross Dep at 134:21-24, 146:20-22.  Plaintiff Ross testified that this police line "did not appear confining in any way."  Ross Dep. at 145:20-25, Ross Dep. Ex. H (map identifying police line).  Plaintiff Ross testified that he along with "[t]he bulk of the people he observed" including the marching band, people in costumes, and people following the band "were just following along" and the bulk of that group turned eastbound from Union Square East onto East 16th Street.  (Ross Dep. at 133:7-25, 134:1-5.)

241.  Defendants do not dispute that plaintiff "Ross continued to follow the group on the south sidewalk of 16th St" or that plaintiff Ross "walked east."  Defendants do dispute that "with one quarter of the block remaining, that the block had been cordoned off by a line of police officers."  (Defs' 56.1 Statement at ¶¶ 35-49).  In addition, Defendants further dispute that plaintiff Ross remained on the sidewalk the entire time he was on East 16th Street.  (Baity Dep I at 254:6-25, 255:2-4, 256:4-9).

242.    Defendants dispute the facts contained in Paragraph 242 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 32-33, 43-44, 46-49).  Plaintiff Ross testified that he did not ask the police officers in a formation at Union Square East and Irving Place if he could exit the block.  (Ross Dep. at 141:6-16).

243.    Defendants do not dispute that between the time plaintiff Ross "entered the block and was arrested, there was noise on the block from chanting and music played by a band."

244.    Defendants dispute the facts contained in Paragraph 244 of Plts' 56.1 Statement.  (Baity Dep I at 254:6-25, 255:2-4, 256:4-9; Defs' 56.1 Statement at ¶¶ 35-53, 60).

245.    Undisputed.

246.    Disputed. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 - 126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14;  Defs' 56.1 Statement at ¶¶ 34, 41-44, 46-49).

247.    Defendants dispute the facts contained in Paragraph 247 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 25, 28-29, 38, 39, 60).

248.   Disputed.  Officer Baity, who was present at the scene testified that it was impossible to remain on the sidewalk the entire time on East 16th Street and there was "no way you could walk one straight line to the end of the block, it was impossible."  (Baity Dep I at 254:6-25, 255:2-4, 256:4-9; Defs' 56.1 Statement at ¶¶ 27-31, 37-40).

249.   Defendants do not dispute that plaintiff Ross was fingerprinted.

250.   Paragraph 250 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).  In addition. plaintiff Ross testified that it was an out-of-state identification.  (Ross Dep. at 172:20-24).

251.   Paragraph 251 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**Plaintiff Jarel Walden**

252.     Paragraph 252 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

253.     Paragraph 253 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

254.     Defendants do not dispute that plaintiff Walden "heard sounds from musical instruments and decided to follow the musicians."

255.     Defendants do not dispute that "the musicians left the park" and that "Mr. Walden followed them out of the park" or that he "followed the musicians."  Defendants do not dispute that plaintiff Walden "followed the musicians on the sidewalk" but dispute that he remained on the sidewalk while on Union Square East.  (Defs' 56.1 Statement at ¶¶ 21, 26, 28-31).  Plaintiff Walden admitted that prior to his arrest he was observing and following a procession, including a marching band.  September 7, 2007 Depsition of Jerel Walden ("Walden Dep.") at 8:20-25, 9:2, 22-24).  Plaintiff Walden estimated there were about 200 people in the street.  (Walden Dep. at 9:22-24).  Plaintiff Walden identified himself in Video Evidence labeled "Rothman DVD 9" and testified that "to the best of [his] knowledge" that video was a fair and accurate depiction of the marching band leaving Union Square Park and then marching in the street on Union Square East.  (Walden Dep. 126:22-25, 127:1-25, 128:1-14, 129:2-22; Walden Dep. Ex. 21 (Rothman DVD 9)).  This video also depicts Plaintiff Walden, who was wearing a royal blue t-shirt with a superman emblem on it, walking in the street alongside the band.  (*Id.*; Walden Dep. at 8:3-5).

256.     Defendants do not dispute that "[t]he musicians and Walden turned right onto East 16th St."  Defendants dispute the remaining facts in Paragraph 256 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 32-35).  Plaintiff Walden testified that he did not hear

any officer direct the group to turn onto East 16th Street or recall them making any gestures directing people to turn onto East 16th Street.  (Walden Dep. at 107:24-24, 108:1-23).  Plaintiff Walden testified that he chose to turn onto East 16th Street and admitted that he could have (i) stayed stationary at the intersection; (ii) turned around and proceeded to the park or southbound; or (ii) walked westward into Union Square Park.  (Walden Dep. at 108:8-23; Defs' 56.1 Statement at ¶¶ 34-35).

257.   Defendants do not dispute that at some point prior to his arrest plaintiff Walden "walked along the south sidewalk of E. 16th Street."

258.   Defendants do not dispute that at some point "the band stopped moving" that plaintiff Walden "saw a line of police at the eastern end of the block at Irving Place" and that at some point, plaintiff Walden may "believed it was best to leave the block."  Defendants dispute the chronology suggested by Paragraph 258 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 35-50).  Plaintiff Walden admitted he never requested to leave the block. (Walden Dep. at 113:23-25).

259.   Paragraph 259 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

260.   Defendants dispute the statement of facts contained in Paragraph 260 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

261.   Defendants do not dispute that at some point plaintiff Walden "walked west on the north side of the block [and] crossed the street to the other side"  or that plaintiff Walden approached the "line of police at the west end of the block."

262.   Defendants dispute the statement of facts contained in Paragraph 262 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

263.    Defendants dispute the statement of facts contained in Paragraph 263 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

264.    Defendants dispute the statement of facts contained in Paragraph 264 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 51-55).

265.    Undisputed.

266.    Defendants do not dispute that plaintiff Walden "followed the musicians out of Union Square Park" that he "went into the street" and that at some point he was "directed to the sidewalk."   Defendants otherwise dispute the facts contained in Paragraph 266 of Plts' 56.1 Statement.  Plaintiff Walden walked close to the band and testified  that "[i]f you were listening to the music – to listen to the music you had to walk relatively close to the band." (Walden Dep. 17:16-23; 118:20-25, 119:1-4, 120:14-25, 1-7; Walden Dep. Ex. 20 (Rothman DVD 6); 126:22-25, 127:1-25, 128:1-14, 129:2-22; Walden Dep. Ex. 21 (Rothman DVD 9)).

267.    Disputed.  (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 - 126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17,  62:10-20;  Loftus  Dep.  at 49:16-50:3,  50:20-51:6,  51:15-52:3,  59:7-22;  Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

268.    Paragraph 268 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, both Chief Essig and many participants in the 16th Street Parade were aware that the 16th Street Parade did not have a permit.  (Defs' 56.1 Statement at ¶¶ 19-20).

269.    Defendants dispute the statement of facts contained in Paragraph 269 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 28-29). (Walden Dep. 126:22-25, 127:1-25, 128:1-14, 129:2-25, 130:1-25, 131:2-6; Walden Dep. Ex. 21 (Rothman DVD 9)).

270.    Defendants dispute the statement of facts contained in Paragraph 270 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 30-31; Walden Dep. at 20:7-20, 126:22-25, 127:1-25, 128:1-14, 129:2-22; Walden Dep. Ex. 21 (Rothman DVD 9)).

271.    Defendants dispute the statement of facts contained in Paragraph 271 of Plts' 56.1 Statement.  (Walden Dep. at 118:6-11, 20-25, 119:1-4, 120:14-25, 1-7; Walden Dep. Ex. 20 (Rothman DVD 6); Defs' 56.1 Statement at ¶¶ 38-40).

272.    Defendants dispute the statement of facts contained in Paragraph 272 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 38, 39, 51, 60).

273.    Defendants do not dispute that plaintiff Walden was fingerprinted.

274.    Paragraph 274 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**Plaintiff Jody Concepcion**

275.    Defendants do not dispute that Plaintiff Concepcion was "arrested by the NYPD on the evening of August 31, 2004 on the block of East 16th Street between Union Square East and Irving Place."

276.    Paragraph 276 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

277.    Paragraph 277 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

278.    Undisputed.

279.    Defendants do not dispute that plaintiff Concepcion may have observed a "police officer walking along with the people" at some point prior to her arrest but Defendants dispute that this implied that "there was not anything problematic afoot."  (Defs' 56.1 Statement at ¶¶ 19-20, 24-31, 35, 38-40, 51, 60).

280.    Paragraph 280 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, both Chief Essig and many participants in the 16th Street Parade were aware that the 16th Street Parade did not have a permit.  (Defs' 56.1 Statement at ¶¶ 19-20).

281.    Defendants do not dispute that plaintiff "Concepcion followed the people and the music onto E. 16th Street." (Defs' 56.1 Statement at ¶ 34).

282.    Defendants do not dispute that at some point plaintiff Concepcion was "on the sidewalk prior to the time she was arrested."  During her deposition, plaintiff Concepcion identified herself in TARU Video No. 64, which she agreed fairly and accurately represented the activities on East 16th Street prior to her arrest.  (Concepcion Dep. 173:1-9, 174:10-25, 175:1-25, 176:1-25, 177:1-10, Concepcion Dep. Ex. V (TARU Video 64)).  Defendants dispute the facts

contained in Paragraph 282 of Plts' 56.1 Statement.  Baity Dep. I at 253:25-254:2-25, 255:2-4, 256:2-9; March 7, 2007 Deposition of Officer Alexis Fernandez ("Fernandez Dep.") at 101:5-22, 102:3-25, 104:2-16, 104:13-18, 107:4-22).

283.    Defendants do not dispute that "[t]here were a number of other people on the sidewalk as well."

284.    Defendants do not dispute that "on E. 16th Street, Ms. Concepcion saw the people in the street proceed toward the Irving Place end of the block."  The 16th Street Parade proceeded eastbound to Irving Place & East 16th Street.  (Defs' 56.1 Statement at ¶ 36).

285.    Undisputed.

286.    Defendants dispute the facts contained in Paragraph 286 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 43-44, 46-50).

287.    Defendants dispute the facts contained in Paragraph 287 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 46-50).

288.    Paragraph 288 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

289.    Disputed.  (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 - 126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17,  62:10-20;  Loftus  Dep.  at 49:16-50:3,  50:20-51:6,  51:15-52:3,  59:7-22;  Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep.

at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

290.    Defendants dispute the statement of facts contained in Paragraph 290 of Plts' 56.1 Statement.  (Defs' 56.1 Statement at ¶¶ 47-52).

291.    Disputed.   (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 - 126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17,  62:10-20;  Loftus  Dep.  at 49:16-50:3,  50:20-51:6,  51:15-52:3,  59:7-22;  Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 43-44, 46-49).

292.    Paragraph 292 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

293.    Defendants do not dispute that plaintiff Concepcion was fingerprinted.

294.    Paragraph 294 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by

the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**Plaintiff Theo Rigby**

295.    Paragraph 295 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Theo Rigby was near the vicinity of Union Square Park on August 31, 2004.

296.    Paragraph 296 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

297.    Paragraph 297 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Theo Rigby observed a large group of arrestees leaving the park and followed them.

298.    Paragraph 298 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

299.    Paragraph 299 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

300.    Paragraph 300 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

301.    Paragraph 301 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Theo Rigby followed the large group of arrestees onto 16th Street and hurried to get to the front of the large group.

302.    Defendants dispute the statement contained in paragraph 302 of Plts' 56.1 Statement (Gravino Dep. 67:12-25), except defendants do not dispute that plaintiff Theo Rigby

hurried to get in front of the large group of arrestees and ultimately reached the end of 16th Street at Irving Place.

       303.    Defendants dispute the statement contained in paragraph 303 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 38-40; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Riggan Dep. 94:4-9)

       304.    Defendants dispute the statement contained in paragraph 304 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

       305.    Defendants dispute the statement contained in paragraph 305 of Plts' 56.1 Statement. (Gravino Dep. 103:18-24; 105:3-7; 140:13-20)

       306.    Defendants do not dispute the statement contained in paragraph 306 of Plts' 56.1 Statement.

       307.    Defendants dispute the statement contained in paragraph 307 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

       308.    Defendants dispute the statement contained in paragraph 308 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

       309.    Defendants dispute the statement contained in paragraph 309 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50)

       310.    Defendants dispute the statement contained in paragraph 310 of Plts' 56.1 Statement. (Chandra 50-H 19:2-5; Majmudar Dep. 83:2-12, 18-23; Malanum 50-H 11:9-12:16; E. Biddle Dep. 13:2-6; 169:19-22; 135:9-25; Friedman Dep. 291:14-19; 292:2-13; Crotty 50-H 11:2-5; Crotty Dep. 143:6-14;  Olsen Dep. 97:15-22; 103:4-14; Ross Dep. 169:17-170:3; Sam Dep. 83:14-19; Suero Dep. 60:18-61:15; 157:15-25; Bizzarro Dep. 46:21-47:13; 48:8-11; Fredericks Dep. 93:24-94:11; Defs' 56.1 Statement at ¶¶ 38-40)

311.     Defendants do not dispute the statement contained in paragraph 311 of Plts' 56.1 Statement, except defendants dispute that plaintiff Theo Rigby was knocked to the ground. (Gravino Dep. 145:12-17; DelGaudio Dep. 171:22-172:4)

312.     Defendants dispute the statement contained in paragraph 312 of Plts' 56.1 Statement. (Gravino Dep. 142:24-144:6)

313.     Paragraph 313 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

314.     Defendants do not dispute the statement contained in paragraph 314 of Plts' 56.1 Statement.

315.     Paragraph 315 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Theo Rigby did not have a valid NYPD press pass on August 31, 2004.

316.     Paragraph 316 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that plaintiff Theo Rigby did not have a valid NYPD press pass on August 31, 2004.

317.     Defendants dispute the statement contained in paragraph 317 of Plts' 56.1 Statement (DelGaudio Dep. 178:18-179:9; Defs' 56.1 Statement at ¶ 56), except defendants do not dispute that plaintiff Theo Rigby did not have a valid NYPD press pass on August 31, 2004 and was arrested on the same date.

318.     Defendants dispute the statement contained in paragraph 318 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25- 139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5.

126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

319. Defendants dispute the statement contained in paragraph 319 of Plts' 56.1 Statement (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14), except defendants do not dispute that instructions were given to arrestees by police to get on the sidewalk after the arrest decision was made.

320. Paragraph 320 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  However, both Chief Essig and many participants in the 16th Street Parade were aware that the 16th Street Parade did not have a permit.  (Defs' 56.1 Statement at ¶¶ 19-20)

321.     Paragraph 321 of Pl's 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

322.     Defendants do not dispute the statement contained in paragraph 322 of Plts' 56.1 Statement.

323.     Paragraph 323 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721).

324.     Paragraph 324 of Pl's 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

**<u>Plaintiff Kaitlyn Tikkun</u>**

325.    Defendants do not dispute the statement contained in paragraph 325 of Plts' 56.1 Statement.

326.    Paragraph 326 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  Nevertheless, Defendants dispute Plaintiff's claim in paragraph 326 that she did not intend to participate in a parade.  See Tikun Dep. at pp. 9-10:25-17; 17:16-25; 136:18-20 (plaintiff followed marching band).

327.    Defendants do not dispute the statement contained in paragraph 327 of Plts' 56.1 Statement.

328.    Paragraph 328 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  Nevertheless, Defendants dispute paragraph 328 of Plt.'s 56.1 Statement.  See Defs' 56.1 Statement at ¶¶ 20, 26, 27, 28, 29, 30, 31, 38, 39.

329.    Paragraph 320 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except Defendants do not dispute that Plaintiff followed the marching band onto east 16th Street.  Defendants further dispute that Plaintiff was "trapped" on East 16th Street.  See Defs' 56.1 Statement at ¶¶ 34, 41, 42, 43, 44, 46, 47, 48, 49.

330.    Defendants the facts contained in Paragraph 231 of Plts' 56.1 Statement. See Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24,

88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 34, 41-44, 46-49).

331.    Paragraph 331 of Plts' 56.1 Statement is otherwise not a statement of material fact which would create a genuine issue for trial because intelligence information revealed that people expected to engage in unlawful activity during the RNC would use fraudulently obtained identification or authentic looking or real looking false identification and it was not difficult to obtain false identification or fraudulent identification at the time of the 2004 RNC.  (Defendants' Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment on the City's "No-Summons Policy" and "Fingerprinting Policy" During the RNC, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 579, at ¶¶ 124-148, 161-164, 173, 200-226; Declaration of Brian M. Jenkins, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 581; Declaration of Carl. M. Holmberg, *Schiller v. City of N.Y.*, 04-cv-7922, Docket Entry No. 580, at ¶¶ 33-38; End User Reports, Bates Nos. 102556, 102563, 102564, 102719, 102721). Additionally, Defendants dispute the statement contained in paragraph 331 of Plts' 56.1 Statement.  See Tikkun Dep. at pp. 15-16:21-1 (Plaintiff could not recall whether she had any photo ID on her person at the time she was arrested).

332.    Defendants do not dispute that Plaintiff was fingerprinted pursuant to her arrest.

333.    Defendants do not dispute that Plaintiff accepted an Adjournment In Contemplation of Dismissal ("ACD").

**Defendant James Essig**

334.    Defendants do not dispute the statement contained in paragraph 334 of Plts' 56.1 Statement.

335.    Paragraph 335 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

336.    Defendants dispute the statement contained in paragraph 336 of Plts' 56.1 Statement (Essig Dep. 100:10-101:6; 262:4-13), except defendants do not dispute that Essig observed a "large, noisy" group of people heading north on Union Square East.

337.    Defendants dispute the statement contained in paragraph 337 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 33-34, 43-44, 46-50, 51, 54-55, 57)

338.    Defendants dispute the statement contained in paragraph 338 of Plts' 56.1 Statement. (Essig Dep. 100:10-101:6; 262:4-13)

339.    Defendants dispute the statement contained in paragraph 339 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 33-34), except defendants do not dispute that Essig saw a line of police officers preventing people from continuing north past 16th Street.

340.    Defendants dispute the statement contained in paragraph 340 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 46-50; Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep.

at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

341.    Defendants dispute the statement contained in paragraph 341 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 39-40; Walsh Dep. 30:14-31:1; 82:3-9; Levin Dep. 95:19-96:10; Sperry Dep. 104:19-21; Riggan Dep. 94:4-9)

342.    Defendants dispute the statement contained in paragraph 342 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

343.    Defendants dispute the statement contained in paragraph 343 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50; Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-

20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

344.     Defendants do not dispute the statement contained in paragraph 344 of Plts' 56.1 Statement.

345.     Defendants dispute the statement contained in paragraph 345 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14). In addition, participants in the 16th Street Parade were permitted to leave from either side of 16th Street. [Defs' 56.1 Statement at ¶¶ 43-44, 46-50].

346.     Defendants dispute the statement contained in paragraph 346 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 51, 54-57)

347.     Defendants do not dispute the statement contained in paragraph 347 of Plts' 56.1 Statement.

348.    Defendants dispute the statement contained in paragraph 348 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14)

349.    Paragraph 349 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial, except defendants do not dispute that "it was so loud on the block" of East 16th Street on August 31, 2004.

350.    Paragraph 350 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

351.    Defendants dispute the statement contained in paragraph 351 of Plts' 56.1 Statement. (Johnson Dep. 51-57:9-12; 62:13-18; 64-65:8-5; Sam Dep. 87:3-24; 88:4-8; 88:12-15; 89:24-90:23; 92:5-19; Baity II Dep. 32:24-33:17; Baity I Dep. 45:21-46:15; 46:23-47:2; 128:16-25; N. Rodriguez Dep. 60:7-17; 60:21-24; 63:17-25; 94:17-19; Loftus Dep. 49:16-50:6; 50:20-51:6; 51:15-18; 51:23-52:3; 59:6-22; Fontaine Dep. 87:17-23; Connolly Dep. 55:3-7; 57:9-11; Johnson Dep. 51:12-21; 55:15-19; 53:11-54:3; 125:25-126:19; Cortright Dep. 58:8-20; 59:21-60:1; 128:2-10; Brijbukhan Dep. 38:3-15; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

352.    Paragraph 352 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

353.    Paragraph 353 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

354.    Defendants dispute the statement contained in paragraph 354 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 43-44, 46-50).

355.    Defendants dispute the statement contained in paragraph 355 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep.

at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14; Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

356.    Defendants do not dispute the statement contained in paragraph 356 of Plts' 56.1 Statement.

357.    Defendants dispute the statement contained in paragraph 357 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 43-44, 46-50), except defendants do not dispute that there was a police line at the corner of East 16th Street and Irving Place.

358.    Defendants dispute the statement contained in paragraph 358 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 54-55, 57)

359.    Paragraph 359 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

360.    Defendants dispute the statement contained in paragraph 360 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 43-44, 46-50), except defendants do not dispute that NYPD exercised its discretion to release without arrest certain individuals on the block of East 16th Street on August 31, 2004.

361.    Defendants do not dispute the statement contained in paragraph 361 of Plts' 56.1 Statement.

362.    Paragraph 362 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

363.    Defendants dispute the statement contained in paragraph 363 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 19, 29, 31, 38, 54-55, 57)

**Defendant Gerald Dieckmann**

364.    Paragraph 364 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

365.    Defendants do not dispute the statement contained in paragraph 365 of Plts' 56.1 Statement.

366.    Defendants do not dispute the statement contained in paragraph 366 of Plts' 56.1 Statement.

367.    Paragraph 367 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

368.    Paragraph 368 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

369.    Defendants do not dispute the statement contained in paragraph 369 of Plts' 56.1 Statement.

370.    Defendants dispute the statement contained in paragraph 370 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 32-33), except defendants do not dispute that police officers formed a line on Union Square East at 16th Street to keep the 16th Street Parade from reaching Park Avenue South.

371.    Defendants dispute the statement contained in paragraph 371 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 32-33), except defendants do not dispute that police officers formed a line on Union Square East at 16th Street to keep the 16th Street Parade from reaching Park Avenue South.

372.     Defendants dispute the statement contained in paragraph 372 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 33-34)

373.     Defendants dispute the statement contained in paragraph 373 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 51, 54-55, 57), except defendants do not dispute that Dieckmann believed that groups of individuals blocking the sidewalks and street, while proceeding northbound on Union Square East, were committing disorderly conduct and parading without a permit.

374.     Defendants do not dispute the statement contained in paragraph 374 of Plts' 56.1 Statement.

375.     Defendants dispute the statement contained in paragraph 375 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 29, 39-40)

376.     Defendants dispute the statement contained in paragraph 376 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 39, 51), except defendants do not dispute that Dieckmann saw Essig on East 16th Street, as well as a large group of disorderly individuals.

377.     Defendants dispute the statement contained in paragraph 377 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 43-44, 47-48), except defendants do not dispute that there was a line of police officers across the street, not sidewalks, of East 16th Street at the Irving Place side.

378.     Defendants dispute the statement contained in paragraph 378 of Plts' 56.1 Statement. (Defs' 56.1 Statement at ¶¶ 43-44, 46-50)

379.     Paragraph 379 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

380.     Defendants dispute the statement contained in paragraph 380 of Plts' 56.1 Statement (Defs' 56.1 Statement at ¶¶ 51, 54-57), except defendants do not dispute that at some point the entire block of East 16th Street between Union Squarer East and Irving Place was closed off by police.

381.     Defendants do not dispute the statement contained in paragraph 381 of Plts' 56.1 Statement.

382.     Defendants dispute the statement contained in paragraph 355 of Plts' 56.1 Statement. (Essig Dep. at 112-113:16-6, 115:21-23, 116:7-15, 125:5 -126:2, 138: 7-11, 138: 25-139:11, 170:4-20, 171:13-17; 226-227: 8-3, 756: 5-20, 760: 2-13, 769-770: 15-21, 772-773: 4-3, 779: 9-17; Johnson Dep. at 51: 9-16, 53:11 -54:7, 54:21 -55:2-19, 57:3-12, 58: 2-7, 64:8-65:5. 126:12 -19, 127:10 -128:15; Dieckmann Dep. at 57:24-25; Chico Dep. at 93:11-17; Pribetich Dep. at 34:20-35:2; Baity Dep. at 45:21 - 46:15, 46-21-47:2, Baity Dep. (II) at 33:15-18; Connolly Dep. at 55:3-7, 57:9-11; Cortright Dep. at 58:8-20, 59:21-60:2,15-17, 62:10-20; Loftus Dep. at 49:16-50:3, 50:20-51:6, 51:15-52:3, 59:7-22; Noel Rodriguez Dep. at 60:7-24; Sam Dep. at 87:3-24, 88:4-15, 89:24-90:23, 92:5-19; Bonacci Dep. at 23:16-24, 24:9-11; Brijbukhan Dep. at 41:13-43:13; Sarrubbo Dep. at 53:18 - 54:3, 63:5-10; Franzo Dep. at 39:3-6; Gomez Dep. at 32:5-25; Clifford Dep. at pp. 112-114:8-14).

**Video Evidence**

383.     Undisputed that "a marching band left Union Square Park", that a "crowd" was "in the street" and "proceeded north on Union Square East."  Defendants otherwise dispute this statement of fact.  (Defs' 56.1 Statement at ¶¶ 21-31).

384.    Undisputed that "the band" and "the crowd" were in the traffic lanes of "Union Square East" and "East 16th Street."  Defendants otherwise dispute this statement of fact. (Defs' 56.1 Statement at ¶¶ 21-31).

385.    Undisputed that "puppets representing Wizard of Oz characters lead[   ] a large group of people north on Union Square East."  Defendants otherwise dispute this statement of fact because it is a mischaracterization of the events and the video.  (Defs' 56.1 Statement at ¶¶ 21-35).

386.    Disputed. The statement is not supported by the video citation in the record.  Specifically it does not depict police directing protesters onto 16th Street.  However, it does show the protesters directing the march onto East 16th Street.  (Video: Swimberge at 28:30) (marcher wearing a yellow shirt specifically directs the crowd onto East 16th Street); Video: Hall at 19:00:59-1901:15 (band leader directs the band to follow her onto East 16th Street); Defs' 56.1 Statement at ¶¶ 32-36).

387.    Undisputed that there was a "procession" and that "[t]here were numerous people accompanying the procession on the sidewalks on Union Square East."  Defendants otherwise dispute this statement of fact.  (Defs' 56.1 Statement at  ¶¶22-35).

388.    Paragraph 388 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  In addition, the statement is not supported by the video citation in the record.

389.    Undisputed that "the procession turned east on East 16th Street" and that "scores of people" "entered the block of East 16th Street between Union Square East and Irving Place."  (See also Defs' 56.1 Statement at ¶¶ 22-35).

390.    Disputed. Plaintiffs' mischaracterize the video evidence. (Defs' 56.1 Statement at ¶¶ 42-44,46-50, 56).

391.    Disputed. The statement is not supported by the video citation.  (Defs' 56.1 Statement at ¶¶ 42-44.46-50, 56).

392.    Undisputed.

393.    Undisputed except that it is disputed that "all or most of the people got onto the sidewalk".  (Defs' 56.1 Statement at ¶¶ 36-40, 51-53, 55, 57, 60).

394.    Disputed.  (Defs' 56.1 Statement at ¶¶ 32-35, 40-51).  Additionally, this statement is not supported by the video citation.

395.    Paragraph 395 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial because this summary judgment motion is limited by the Court's Order dated June 20, 2011 to the issues of "group probable cause", and the City's alleged "no-summons" and "blanket fingerprinting" policies.

396.    Paragraph 396 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

397.    Paragraph 397 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.  In addition it is not supported by the video citations.

398.    Paragraph 398 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

399.   Paragraph 399 of Plts' 56.1 Statement is not a statement of material fact which would create a genuine issue for trial.

Dated: New York, New York
       November 3, 2011

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                            City of New York
                               *Attorney for Defendants*
                         100 Church Street, Room 3-165
                         New York, New York 10007
                         Tel.:  (212) 788-0467

           By:    _____/s/_____
                         Raju Sundaran, Senior Counsel
                         Jeffrey A. Dougherty, Assistant Corporation Counsel
                         Gerald S. Smith, Senior Counsel

To:   Jonathan C. Moore, Esq. (By ECF and First Class Mail)
      Gideon O. Oliver, Esq.
      Elizabeth Logemann, Esq.
      BELDOCK LEVINE & HOFFMAN, LLP
      Attorney for Plaintiff Class in *Macnamara*
      99 Park Avenue – 16th Floor
      New York, New York 10016
      Tel: (212) 277-5850

      Jeffrey A. Rothman, Esq.
      Attorney for plaintiffs in *Bastidas* and *Concepcion*
      315 Broadway, Suite 200
      New York, New York 10007

      Andrea J. Ritchie, Esq.
      Rose Minna Weber, Esq.
      Attorneys for *Tikkun*
      995 President Street
      Brooklyn, New York  11225