UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

HACER DINLER, et al.,

                Plaintiffs,

          -against-

CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------------------------------------------ x
------------------------------------------------------------------------ x

RNC CONSOLIDATED CASES[1],

------------------------------------------------------------------------ x

                04 Civ 7921 (RJS)(JCF)

**DEFENDANTS' REPLY STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE FALSE ARREST CLAIMS AT EAST 16TH STREET**

        Defendants hereby reply to all of Plaintiffs' Responses to Defendants' Statement of

Undisputed Material Facts In Support Of Their Motion For Summary Judgment To Dismiss The

False Arrest Claims Of Plaintiffs Arrested on East 16th Street ("Defendants' 56.1").   For the

---

[1] This Reply Statement of Undisputed Facts is submitted in support of Defendants' Motion For Summary Judgment dismissing the false arrest claims in the following cases: *Adams v. City of NY* 05 CV 9484; *Bastidas v. City of New York,* 05 CV 7670; *Bell v. City of New York,* 05 CV 3705; *Concepcion v. City of New York* 05 CV 8501; *Crotty v. City of New York,* 05 CV 7577; *Dinler v. City of New York,* 04 CV 7921; *Dudek v. City of New York,* 04 CV 10178; *Grosso v. City of New York* 05 CV 5080; *Kennedy v. City of New York,* 07 CV 7678; *MacNamara v. City of New York* 04 CV 9216; *Moran v. City of New York* 05 CV 1571; *Rigby v. City of New York* 07 CV 7751; *Stark v. City of New York* 05 CV 7579; *Starin v. City of New York* 05 CV 5152; *Tikkun v. City of New York* 05 CV 9901.

convenience of the Court, Defendants restate here in bold type face each fact as it was stated in Defendants' 56.1,[2] immediately followed by Defendants' reply to Plaintiffs' Responses.[3]

1.      **Prior to RNC, members of NYPD including Chief Essig received training on the elements and applicability of various city laws, including the elements of the disorderly conduct and parading without a permit statutes.**  Plaintiffs do not dispute this fact.  Plaintiffs in *Dinler, MacNamara, Adams, Kennedy, Bell, Starin, Dudek, Rigby, Concepcion,* and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  In addition, Plaintiffs do not cite to any evidence in the record to support these arguments.  Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.[4]

2.      **Prior to the RNC, members of the NYPD including Chief Essig were instructed that their mission was to ensure that any demonstrator was given the opportunity to express themselves and exercise their First Amendment rights and to ensure that the law was enforced.**  Plaintiffs do not dispute this fact.  Plaintiffs in *Dinler, MacNamara,*

---

[2] In connection with their Motion for Partial Summary Judgment to Dismiss Plaintiffs' False Arrest Claims at East 16th Street, Defendants submitted a Local Rule 56.1 Statement of Undisputed Facts, dated October 3, 2011 ("Defendants' 56.1") (*Dinler* Docket Entry 264) as well as individual Counterstatements dated November 3, 2011 ("Defendants' 56.1 Counterstatements") which were filed in certain cases. De fendants hereby incorporate Defendants' 56.1 Statement and 56.1 Counterstatements herein in their entirety.  In addition, should the Court entertain additional dispositive briefing on issues relevant to facts set forth by Plaintiffs in their Rule 56.1 Statements that are outside the scope of the Court's June 20, 2011 Order, Defendants will supplement the record and provide additional undisputed facts material to such issues.

[3] Defendants note that various Plaintiffs do not offer specific responses to the paragraphs, but instead join in and incorporate other Plaintiffs' counterstatements.  In those instances, Defendants have not specifically addressed those responses.

[4] To the extent that Plaintiffs, throughout their responses, cite to Rule 56.1 Statements previously submitted in other RNC cases as support, Defendants respectfully refer the Court to Defendants' Counterstatements submitted in response to those Rule 56.1 Statements.

*Adams, Kennedy, Bell, Starin, Dudek, Rigby, Concepcion*, and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. In addition, Plaintiffs do not cite to any evidence in the record to support these arguments. Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

3. **Prior to the RNC, members of the NYPD including Chief Essig were instructed to make every effort to ensure that only those who violated the law were arrested.** Plaintiffs do not dispute this fact. Plaintiffs in *Dinler, MacNamara, Adams, Kennedy, Bell, Starin, Dudek, Rigby, Concepcion*, and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. In addition, Plaintiffs do not cite to any evidence in the record to support these arguments. Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

4. **Throughout the Republican National Convention ("RNC"), the NYPD was responsible for the safety and security of the City, its inhabitants, protesters and visitors, and its buildings and property.** Plaintiffs do not dispute this fact. Plaintiffs in *Rigby, Concepcion*, and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. In addition, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

5. **Prior to the RNC, plans for widespread civil disobedience throughout New York City during the RNC were heavily publicized via the internet and the media.** Plaintiffs do not dispute this fact. Plaintiffs in *Crotty, Stark, Moran, Dinler, MacNamara,*

*Adams, Kennedy, Bell, Starin, Dudek, Rigby, Concepcion*, and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. In addition, Plaintiffs do not cite to any evidence in the record to support their arguments. To the extent Plaintiffs purport to dispute that Defendants have produced evidence in support of this fact, Defendants refer the Court to Defendants' submissions regarding the no-summons and fingerprinting policies. See also Reply 56.1 submitted in the *Rigby, Bastidas*, and *Concepcion* cases ("Plaintiffs do not contest that the 'end user reports' previously produced to this court as part of the dispute concerning production of intelligence documents in discovery support the conclusion that there were plans for 'widespread' civil disobedience, or that 'plans' for any civil disobedience that were detected through internet searches were 'heavily' publicized.") Finally, while Plaintiffs in *Crotty, Stark*, and *Moran* purport to dispute this fact by taking issue with two of the depositions cited by Defendants, Plaintiffs' characterization of the testimony is inaccurate and, moreover, even if true, does not create an issue of fact. In addition, while Plaintiffs dispute the testimony of a select few Plaintiffs cited by Defendants, Plaintiffs do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact.

6.      **RNC protesters denominated August 31, 2004, or "A-31" as a "Day of Rage" or a "Day of Civil Disobedience."** This fact is undisputed by Plaintiffs. Plaintiffs in *MacNamara, Adams, Kennedy, Dinler, Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. For example, the fact that individual Plaintiffs have denied having knowledge about plans for widespread civil disobedience during the RNC does nothing to undermine the fact that such plans existed and were publicized by and known to others. See also Paragraph 5 in Reply 56.1 submitted in the *Rigby, Bastidas*, and *Concepcion* cases ("Plaintiffs do not contest

that the 'end user reports' previously produced to this court as part of the dispute concerning production of intelligence documents in discovery support the conclusion that there were plans for 'widespread' civil disobedience, or that 'plans' for any civil disobedience that were detected through internet searches were 'heavily' publicized.")

With regard to particular deposition citations with which Plaintiffs take issue and claim do not support the asserted facts, Defendants contend that the citations are accurate and refer the Court to those deposition pages.  Moreover, Plaintiffs' taking issue with individual deposition citations does not ultimately serve to dispute or undermine in any way the general fact being asserted.

7.    **The NYPD had been advised of the possibility of violence and city-wide disorder on August 31, 2004.**  This fact is undisputed.  Plaintiffs in *MacNamara, Adams, Kennedy, Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  Moreover, Plaintiffs do not cite to any evidence in the record to contradict the asserted fact. In response to Plaintiffs' inaccurate representation that "at no time has the NYPD ever produced in this litigation any information that indicates that the NYPD received any specific threat of violence or other criminal conduct," Defendants refer the Court to the documents submitted in support of Defendants' Motion For Summary Judgment regarding the no-summons and fingerprint policies. (Docket Entries in *Dinler:* 268, 269, 270, 271, 272, 273, and 274).  See also Paragraph 5 of the Reply 56.1 submitted in the *Rigby, Bastidas*, and *Concepcion* cases ("Plaintiffs do not contest that the 'end user reports' previously produced to this court as part of the dispute concerning production of intelligence documents in discovery support the conclusion that there were plans

for 'widespread' civil disobedience, or that 'plans' for any civil disobedience that were detected through internet searches were 'heavily' publicized.")

8.     **Officers were advised that, on August 31st, there would be disturbances throughout the City at different locations at different times by different groups.**  See Paragraph #7 above.

9.     **Officers were advised that, on August 31st, these incidents could take the form of "disruptions" to traffic, "breaking of property" and "attacks on police officers."**  This fact is undisputed by Plaintiffs.  Plaintiffs in *MacNamara, Adams, Kennedy, Dinler, Bell, Starin, Dudek, Rigby, Concepcion*, and *Bastidas* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  Moreover, Plaintiffs do not cite to any evidence in the record to support their arguments.

10.    **The NYPD did face city-wide disorder on August 31, 2004.**  This fact is undisputed by Plaintiffs.  Plaintiffs in *MacNamara, Adams, Kennedy, Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  Moreover, Plaintiffs do not cite to any evidence in the record to support their arguments.

11.    **Union Square Park was a primary gathering spot for many groups and individuals during the RNC.** This fact is undisputed by Plaintiffs.  Plaintiffs in *MacNamara, Adams, Kennedy, Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.   Moreover, Plaintiffs do not cite to any evidence in the record to support their arguments.

12.    **Union Square Park was a focal point for many of the plans for August 31, 2004.** This fact is undisputed by Plaintiffs.  Plaintiffs in *MacNamara, Adams, Kennedy, Dinler,*

*Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. Additionally, Plaintiffs cite to no evidence from the record to support their arguments or contradict the foregoing fact.

13. **During the week of the RNC, the NYPD tried to facilitate First Amendment activity by escorting unpermitted marches to proceed from Union Square to the demonstration zone on Eighth Ave/32nd Street.** This fact is undisputed by Plaintiffs. Plaintiffs in *MacNamara, Adams, Kennedy, Dinler, Bell, Starin, Dudek, Rigby, Bastidas*, and *Concepcion* seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. Additionally, Plaintiffs cite to no evidence from the record to support their arguments or contradict the foregoing fact.

14. **There was a plan to have an unpermitted parade out of Union Square Park (the "16th Street Parade") on August 31, 2004.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons: First, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments. Second, while Plaintiffs dispute the testimony of a select few Plaintiffs cited by Defendants, they do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact. Third, Plaintiffs seek to dispute *other* facts and issues, but that argument is unresponsive to the foregoing fact. Fourth, Plaintiffs seek to dispute the foregoing fact by stating that they themselves were not aware of any plans to have an unpermitted march, but that is not material to a genuine issue for trial. Finally, Plaintiffs in *Bastidas, Concepcion,* and *Rigby* cite no evidence from the record to contradict the foregoing fact.

15. **Flyers were distributed identifying parade leaders in costume and instructing participants where to proceed.** Plaintiffs do not dispute this fact. Plaintiffs in *Bastidas,*

*Concepcion, Rigby, Dudek, Bell,* and *Starin* interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

16.    **At one point during the afternoon of August 31st, participants in the 16th Street Parade began to gather at the southern end of Union Square Park.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons.  First, Plaintiffs dispute this fact to the extent that it implies that all people in Union Square Park were part of the 16th Street Parade, however, that argument is unresponsive to the foregoing fact. Second, Plaintiffs dispute this fact by stating that certain Plaintiffs themselves did not gather in Union Square Park as participants in the 16th Street Parade, but that argument is not material to any genuine issue for trial.  Finally, Plaintiffs dispute the testimony of a select few Plaintiffs cited by Defendants, but do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact.

17.    **Among those that gathered in Union Square Park were the marching bands known as the Rude Mechanical Orchestra ("RMO") and the Infernal Noise Brigade "INB").** This fact is undisputed by Plaintiffs.  Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  Plaintiffs also cite no evidence from the record to contradict this fact, and Plaintiffs in *Crotty, Stark,* and *Moran* cite to testimony that only supports the foregoing fact – that the INB gathered in the Park.

18.    **Several Plaintiffs were members of the RMO and INB.** This fact is undisputed by Plaintiffs.

19.    **Chief James Essig was aware that the 16th Street Parade was unpermitted.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons.  First, Plaintiffs cite no evidence from the record to contradict the foregoing fact.

Second, Plaintiffs seek to dispute *other* facts and issues, such as debating the term "16th Street Parade," however, those arguments are unresponsive to the foregoing fact. Additionally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

20.   **Participants were aware that the 16th Street Parade was unpermitted.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons: First, Plaintiffs cite no evidence from the record to contradict the fact above, rather Plaintiffs seek to dispute this fact with evidence that certain individual Plaintiffs did not know whether or not the march was permitted, which is not material. Plaintiffs in *MacNamara, Adams,* and *Kennedy* dispute the testimony of a select few Plaintiffs cited by Defendants, but do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact.

21.   **Unexpectedly and without police consent, the 16th Street Parade launches from the southern end of Union Square Park.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons. First, Plaintiffs seek to dispute *other* facts and issues, such as quibbling with the word "launches," but those arguments are unresponsive to the foregoing fact. Plaintiffs in *MacNamara, Adams,* and *Kennedy* dispute the testimony of a select few Plaintiffs cited by Defendants, but do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact. Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

22.   **The 16th Street Parade exited from the southern end of Union Square Park onto Union Square East.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons. First, Plaintiffs cite no evidence from the record to

contradict the foregoing fact. Second Plaintiffs in *MacNamara, Adams,* and *Kennedy* dispute the testimony of a select few Plaintiffs cited by Defendants, but do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact. Third, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

23.    **The 16th Street Parade was led out of Union Square Park by the RMO and INB marching bands.** Plaintiffs purport to dispute this fact, but concede that it is undisputed that the parade began when people began to follow "puppets" and that approximately a minute later, the RMO and INB bands left Union Square Park and were followed by a large number of individuals. Plaintiffs also seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.

24.    **Hundreds of individuals, including Plaintiffs, joined and followed the 16th Street Parade in order to follow the marching band and participate in the 16th Street Parade.** Plaintiffs purport to dispute this fact, but the Court should find it undisputed for the following reasons. First, Plaintiffs cite no evidence from the record to contradict the foregoing fact. Second, Plaintiffs in *MacNamara, Adams,* and *Kennedy* dispute the testimony of a select few Plaintiffs cited by Defendants, but do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact. Third, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact (e.g. whether or not Plaintiffs used the word "followed" or "walked beside). Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

25.    **Normally, vehicular traffic flows in both directions on Union Square East.**
This fact is undisputed by Plaintiffs.

26.    **Participants in the 16th Street Parade proceeded north on Union Square East
on both the sidewalk and in the roadway.**  Plaintiffs purport to dispute the  foregoing fact by
stating that they themselves were not "participants" in the 16th Street Parade, but concede that
they were among the individuals that proceeded north on Union Square East, thus, the Court
should deem this fact undisputed.

27.    **The 16th Street Parade looks like a parade, procession, or march as it
proceeds northbound on Union Square East.**  Plaintiffs purport to dispute this fact by stating
that they themselves were not " participants" in the 16th Street Parade, but concede that they were
among the individuals that proceeded north on Union Square East, thus, the Court should deem
this fact undisputed.  Additionally, Plaintiffs in *Dudek, Bell, Starin,* and *Tikkun* cite no evidence
from the record to contradict the foregoing fact. Moreover, Plaintiffs in *MacNamara*
mischaracterize testimony when in fact, this testimony only reinforces the fact that there was a
march proceeding up Union Square East.  For example, see Majmudar dep. pp. 76-77 (where
she testifies that she saw a band with people marching behind it and they were clearly
protesting); Friedman dep. p. 285 (where she admits there were a lot of people in front of her as
she was marching up Union Square East); Malanum dep. pp. 217-218 (where she admits that she
was following the band and there was also a group of people behind the band as they all
proceeded up Union Square East).  Tikkun also admits that the crowd was so "thick" on Union

Square East that she had to "...be careful with my bicycle so I didn't bang anybody's ankles with my pedals." Tikkun Dep. at p. 26.[5]

28. **The 16th Street Parade blocks vehicular traffic on Union Square East.** Plaintiffs purport to dispute this fact but the Court should deem it undisputed for the following reasons. Plaintiffs dispute this fact because they claim they themselves were not "participants" in the 16th Street Parade or that they themselves did not block traffic on Union Square East but that argument is unresponsive to the foregoing fact. Additionally, *Dudek, Bell, Starin, Dinler , Grosso,* and *Rigby* do not dispute that the 16th Street Parade was blocking vehicular traffic on Union Square East. While Plaintiffs in *MacNamara, Adams, Kennedy, Crotty, Stark* and *Moran* dispute the testimony of a few select Plaintiffs cited by Defendants, Plaintiffs do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact. Additionally, Tikkun's own testimony establishes that the roadway was so crowded she could not ride her bike without worrying that she may "bang [ somebodys] ankles with my pedals." See Tikkun Dep. at p. 26.

29. **Essig And Dieckmann observe the 16th Street Parade blocking vehicular traffic on Union Square East.** Plaintiffs in *Dudek, Bell,* and *Starin* do not dispute that "Essig and Dieckmann may have observed that some individuals were proceeding northward in the roadway on Union Square Park East (south of East 16[th] Street) and further observed that some of those (sic) some individuals may have impeded, in some respect and context, some vehicular traffic..." Other Plaintiffs purport to dispute this fact, but the Court should deem it undisputed

---

[5] To the extent they have not previously been submitted as exhibits to either the October 23, 2011 Declaration of Gerald S. Smith or the November 3, 2011 Declaration of Gerald S. Smith, the deposition excerpts cited to in this Reply 56.1 Statement have been attached as exhibits to the November 23, 2011 Declaration of Gerald S. Smith.

for the following reason.  Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.

30.    **The 16th Street Parade blocks pedestrian traffic on Union Square East.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons.  First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  For example, Plaintiffs in *Dudek, Bell, Starin,* and *Rigby* dispute that they individually blocked pedestrian traffic.  That argument is not responsive to the foregoing fact, nor do they cite to any evidence from the record to support that assertion. Second, while Plaintiffs in *Dinler, MacNamara, Adams, Kennedy, Crotty, Stark,* and *Moran* purport to dispute the fact, they simply mischaracterize the testimony.  For example, in *Dinler* Plaintiff Mauers' testimony cited by Plaintiffs is referring to the sidewalk on East 16th Street and not on Union Square East.  In *MacNamara,* Jabour testified that it would have been "highly inconvenient" for a pedestrian to pass through the crowd on the sidewalk at Union Square East because it "was very crowded."  Jabour Dep. at 138-139.    Finally,   although Plaintiffs in *Crotty, Dinler,* and *MacNamara* dispute the testimony of a select few Plaintiffs cited by Defendants, Plaintiffs do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact.

31.    **Essig And Dieckmann observe the 16th Street Parade blocking pedestrian traffic on Union Square East.**  Plaintiffs purport to dispute this fact, but the Court  should deem it undisputed for the following reasons.  In their response, Plaintiffs seek to dispute *other* facts and issues, but those arguments are unresponsive to the foregoing fact.  Additionally, Plaintiffs in *Dinler, Dudek, Bell,* and *Starin* cite no evidence from the record to contradict this fact.

- 13 -

32.      **The NYPD forms a line on Union Square East at East 16th Street to keep the 16th Street Parade from reaching Park Avenue South.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason.  In their response, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.

33.      **At the point where officers blocked Union Square East with a line, participants in the 16th Street Parade, including Plaintiffs, were free to turn back into Union Square Park or turn around.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason.  In their response, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.

34.      **Participants in the 16th Street Parade, including Plaintiffs, admit that they chose on their own to proceed east on East 16th Street.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason.  In their response, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.

35.      **Participants in the 16th Street Parade turned east onto East 16th Street.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason.  In their response, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.  For example, Plaintiffs seek to dispute the foregoing fact by asserting they were not "participants" in the 16th Street parade, however, they concede that they were among the individuals who turned and proceeded east onto East 16th Street.

36.     **The 16th Street Parade proceeds eastbound to Irving Place & East 16th St.**
Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following
reasons.   In their response, Plaintiffs seek to dispute *other* facts and issues, however, those
arguments are unresponsive to the fact asserted.   Moreover, Plaintiffs in *Dinler* mischaracterize
Mauer's testimony when this testimony actually reinforces the asserted fact.[6]

37.     **There were more participants in the 16th Street Parade on Union Square East
than on East 16th Street.**   Plaintiffs purport to dispute this fact, but the Court should deem it
undisputed for the following reasons.   First, Plaintiffs seek to dispute *other* facts and issues, but
those arguments are unresponsive to the foregoing fact.   Second, Plaintiffs mischaracterize
Waters's testimony.   Specifically, Waters testified that "some but not all of the band made it to
East 16th Street," thus supporting the foregoing fact.   Moreover, Defendants contend that the
video footage of the 16th Street Parade clearly supports the foregoing fact.   See Defendants'
Video Compilation.

38.     **Participants in the 16th Street Parade continue to violate the law on East 16th
Street.**   Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the
following reasons:   First, Plaintiffs seek to dispute *other* facts and issues, however, those
arguments are unresponsive to the foregoing fact.   Second, while Plaintiffs dispute the testimony
of a select few Plaintiffs cited by Defendants, Plaintiffs do not dispute all the remaining
Plaintiffs' testimony, or any of the video testimony, cited by Defendants for the same fact.
Moreover, the citations that Plaintiffs purport to dispute, such as the Bastidas and Katz

---

[6] Q. "So after you turned the corner on 16th Street what happened?"
   A  *"We* continued in the same way east."
   Q. "So the precession continued to walk East…but as a group they all made the turn onto 16th
Street, correct?"
   A. "Correct."
(Mauer Dep. p. 134:5-13).

testimony, only support Defendants' fact. Furthermore, the *Dudek, Bell,* and *Starin* responses cite to testimony that has nothing to do with the fact asserted.

39.     **Essig And Dieckmann observe the 16th Street Parade block vehicular and pedestrian traffic on East 16th Street.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. Furthermore, contrary to Plaintiffs' claims, Dieckmann testified that the sidewalks were blocked *before* the police gave orders. See Dieckmann at 182:19-24; see also Defendants' Video Compilation at Chapters 4 and 5. Given that 16th Street contains a roadway designed for vehicular traffic, it is axiomatic that if the roadway is completely filled with people, as Essig testified, the roadway will also be impassable for vehicles. Finally, Plaintiffs' assertion in *MacNamara* that "any dispute about what Essig and Dieckmann alleged they observed people doing on East 16th Street is not material to the summary judgment issues currently pending before the court," is without merit in the context of a false arrest case.

40.     **Members of the NYPD have difficulty reaching Irving Place due to the congestion caused by the unpermitted parade.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed as Plaintiffs cite no evidence to contradict it.

41.     **The police form a line in the street at the corner of East 16th Street & Irving Place.** This fact is undisputed by Plaintiffs.

42.     **Initially, the line extends from curb to curb only.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. While Plaintiffs cite to testimony that establishes at some point, the police line did extend building line to building

line, Plaintiffs have cited no evidence to dispute that prior to that point the line extended from curb to curb only.

43.      **Participants in the 16th Street Parade are free to leave the parade at the corner of East 16th Street & Irving Place.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs do not dispute any of the testimony or video evidence cited by Defendants for the proposition that people were free to leave.  Second, Plaintiffs seek to dispute *other* facts or issues, however, those arguments are unresponsive to the foregoing fact.  Third, Plaintiffs in *Dudek, Bell,* and *Starin* cite no evidence from the record to contradict the foregoing fact.  Finally, the Plaintiffs' "dispute" in *Crotty* is based on the incredible assertion that plaintiff Rose's nodding of her head in response to being asked whether she saw anyone exit 16th Street at Irving Place (Rose Dep. 102:10-14) cannot be taken to mean "yes."

44.      **Some participants in fact did leave the 16th Street Parade at the corner of East 16th Street & Irving Place.**  This fact is undisputed by Plaintiffs.

45.      **The NYPD forms a line on the western end of East 16th Street to prevent more marchers from entering 16th Street and to keep innocent bystanders out.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs do not dispute the video evidence cited by Defendants, specifically Chapter 6 of the Video Compilation.  Second, Plaintiffs seek to dispute *other* facts and issues, but those arguments are unresponsive to the foregoing fact.

46.      **Participants in the 16th Street Parade are permitted to leave East 16th Street through the police line on the western end of East 16th Street.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs do

not dispute the video evidence cited by Defendants, specifically Chapter 6 of the Video Compilation which shows people leaving from the west end of East 16th Street. Second, Plaintiffs seek to dispute *other* facts and issues, but those arguments are unresponsive to the foregoing fact.

47. **Participants in the 16th Street Parade have the opportunity to leave through either side of 16th Street.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs do not dispute the video evidence cited by Defendants, specifically Chapter 6 of the Video Compilation, which shows people leaving from either end of East 16th street. Moreover, while Plaintiffs rely upon Keegan's testimony, Keegan's cited testimony does not stand for what the Plaintiffs' suggest because Keegan is referring to a point in time when the entire block was sealed and the order to arrest had been given. See Keegan Dep. at pp. 45-46:24-6; 47:2-9; 49:7-17.

48. **Essig and Dieckmann observe numerous people leave East 16th Street.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. For example, Plaintiffs take issue with the word "numerous" yet do not dispute that both Essig and Dieckmann testified that they believed numerous people had left the block. In addition, Plaintiffs do not dispute the video evidence which depicts numerous people leaving East 16th Street. See also Dieckmann Dep. at 69:25-70:3, 434:19-21 ("early on a lot of people went out of the back").

49. **Some Plaintiffs admit that, while they were free to exit East 16th Street, they chose not to.** Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason. First, Plaintiffs seek to dispute *other* facts and issues, however, those

- 18 -

arguments are unresponsive to the fact asserted.  Second, while Plaintiffs purport to dispute by challenging the testimony cited by Defendants, contrary to Plaintiffs' claims, the testimony supports the foregoing fact.

50.    **Some Plaintiffs admit that they never asked or tried to leave the block of East 16th Street and the police officers who were present were never asked by participants in the parade about leaving.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reason.  First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.  For example, the testimony cited to by Plaintiffs refers to a point in time after the order to arrest had been given.  To the extent that the *MacNamara* Plaintiffs dispute the testimony of a select few Plaintiffs cited by Defendants, Plaintiffs do not dispute all the remaining Plaintiffs' testimony cited by Defendants for the same fact.

51.    **The group that remains on East 16th Street continues to engage in civil disobedience.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons.  First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the fact asserted.  For example, the fact that some Plaintiffs deny they engaged in civil disobedience does not create a dispute as to the group conduct.  Second, Plaintiffs do not dispute the video evidence cited by Defendants.  Finally, to the extent that the *MacNamara* Plaintiffs dispute  the testimony of a select few Plaintiffs cited by Defendants, Plaintiffs do  not  dispute  all  the  remaining  Plaintiffs'  testimony,  or  extensive  video testimony, cited by Defendants for the same fact.

52.    **Police order those still in the roadway on East 16th Street to move onto the sidewalk.**  This fact is undisputed by Plaintiffs.

53.     **Many of the individuals in the roadway refuse to comply with the orders to move onto the sidewalk.**  Plaintiffs purport to dispute this fact, however Plaintiffs do not dispute the video evidence cited by Defendants.  As such, the Court should deem this fact undisputed.

54.     **The decision to arrest was made by Chief Essig after consultation with Inspector Dieckmann.**  Plaintiffs in *Dinler* do not dispute this fact.  Plaintiffs in other cases purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, while it is true that Essig and Dieckmann testified that Plaintiffs were subject to arrest once they had engaged in unlawful conduct, Plaintiffs cannot dispute that Plaintiffs were not actually arrested until after Essig and Dieckmann consulted on East 16th Street.  Second, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact. Furthermore, the question of whether there existed probable cause is a legal question, not a factual one, and Defendants need not respond to it.

55.     **The decision by Essig and Dieckmann to arrest was made based upon their observation of the unlawful conduct of the group during the 16th Street Parade.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons. First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  See response to Paragraph 54 above.  Furthermore, the question of whether there existed probable cause is a legal question, not a factual one, and Defendants need not respond to it.

56.     **Properly credentialed press and other certain individuals were not ultimately arrested and were allowed to leave.**  This fact is undisputed by Plaintiffs.

57.     **Essig, Dieckmann, and other NYPD personnel believed that the individuals arrested on 16th Street were part of the group that Essig and Dieckmann observed violating**

the law.  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons:   Plaintiffs cite to testimony that has nothing to do with the fact asserted. Rather, in their responses Plaintiffs dispute extraneous facts and issues not raised by paragraph 57 of the Defendants' 56.1 statement.   Furthermore, Plaintiffs in *Rigby* mischaracterize Essig's testimony as perjured when this is simply not the case.[7]  Moreover, Plaintiffs do not dispute any of the officer testimony cited to by Defendants.   Finally, Plaintiffs interject improper legal argument into their response, which should not be considered, nor do Defendants concede any of these arguments.

58.     **New York County Assistant District Attorney Gary Galperin, noticed for deposition by Plaintiffs in these RNC Cases, testified that "there could be some situations where a police officer and we in turn could charge someone with a particular offense even if the police officer did not specifically make eye contact or visually observe each defendant. For example, if we know 50 people are blocking an intersection and if we know the people who were apprehended and arrested were all part of the blockage, it wouldn't be necessary necessarily for a police officer to have made eye contact with each of the 50 people as long as we can say with reasonable cause that each of the 50 people were part of the blockage."**  This fact is undisputed by Plaintiffs.

---

[7] The testimony in question refers to whether Essig gave dispersal orders prior to ordering arrests, as is reflected in the supporting depositions to the criminal complaints.  In fact, a review of the testimony reveals that nowhere did Essig perjure himself—Essig has always maintained that he gave orders for participants in the 16th Street Parade to cease what they were doing, although he did not necessarily remember the precise words he used.  Essig Dep. 796:22-797:12; 797:24-798:20.  In any event, this "fact" is not contained within paragraph 57, and thus Plaintiffs' response is unresponsive to the fact asserted.  Indeed, this entire issue is irrelevant to Defendants' motion as Defendants are not seeking summary judgment that there was probable cause to arrest pursuant to Penal Law 240.20(6).  See Defendants' Opp. Brief at 34-35. Defendants also note that issues of credibility are not material to summary judgment.

59.     **There were fewer people arrested on East 16th Street than had initially entered East 16th Street as part of the 16th Street Parade.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed for the following reasons.  First, Plaintiffs seek to dispute *other* facts and issues, however, those arguments are unresponsive to the foregoing fact.  Furthermore, while Plaintiffs dispute the citation to Karlin's testimony, as set forth in Defendants Opp. Brief at 36, fn 30, the citation to the *Karlin* deposition in Defendants' 56.1 was actually a reference to the testimony of Ian Clifford, a non-party witness deposed in the *Karlin* case.  The Clifford testimony was attached at Exhibit L to the November 3, 2011 Declaration of Gerald S. Smith.

60.     **Plaintiffs admit that video evidence of the 16th Street Parade depicts unlawful conduct.**  Plaintiffs purport to dispute this fact, but the Court should deem it undisputed as Plaintiffs have mischaracterized the testimony of the cited witnesses.  For example, Harden-Jones, when asked whether the video depicted people blocking the street on 16th Street responded unequivocally "yes" (Harden Jones Dep. 178:4-8).  Moreover, it is clear from Vault's testimony that the cab was unable to proceed on 16th Street because of the presence of so many people on the street (Vault Dep. 146:21-147:9).

61.     **Over 1100 individuals were arrested on August 31, 2004.**  This fact is undisputed by Plaintiffs.

Dated: November 23, 2011
New York, New York

>            MICHAEL A. CARDOZO
>            Corporation Counsel of the City of New York
>            *Attorney for Defendants*
>            100 Church Street
>            New York,  N.Y. 10007
>            Tel:  (212)  513-7927
>            Fax:  (212) 788-9776
>
>            By: _____/S/_____
>                 Gerald S. Smith
>                 Michael Gertzer
>                 Alexis L. Leist