**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| DEIRDRE MACNAMARA, et al., individually; and on behalf of those similarly situated,   : | |
| : | |
| Plaintiffs,   : | ECF Case |
| : | |
| vs.   : | |
| : | 04-CV-9216 (RJS) (JCF) |
| The CITY OF NEW YORK; a municipal entity, et al.,   : | |
| : | |
| Defendants.   : | |

-------------------------------------------------------------x

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS RE: FULTON STREET ARRESTS

Pursuant to Local Rule 56.1, the MacNamara Class Plaintiffs reply to Defendants' Counterstatement in Response to Plaintiffs' Local Civil Rule 56.1 Statement regarding the arrests on Fulton Street, as follows:

I.     **As defendants did not dispute the facts asserted in certain paragraphs, the facts asserted by plaintiffs in those paragraphs should be deemed admitted.**

    a.    <u>Where defendants stated they did not dispute the facts asserted by plaintiffs, the facts should be deemed admitted.</u>

As defendants do not dispute the facts in the following paragraphs, the facts as asserted by plaintiffs in the following paragraphs should be deemed admitted: paragraphs 1, 2, 8, 17, 20, 21, 22, 28, 29, 33, 34, 38, 41, 42, 46, 51, 53, 55, 58, 78, 80, 81, 82, 83, 84, 85, 86, and 88.

    b.    <u>Where defendants stated that facts were not material but failed to dispute the facts, the facts should be deemed admitted.</u>

In their counterstatement defendants often respond to plaintiffs' facts by asserting that, "[t]hese are not statements of material fact which would create a genuine issue for trial." Where

defendants assert that plaintiffs' facts are not material, but fail to dispute those facts and fail to cite any admissible evidence in response, the facts are undisputed and are properly deemed to have been admitted.  *See* Local Rule 56.1(c) and (d); *United States v. Karron*, 750 F.Supp.2d 480, 483 n.1 (S.D.N.Y. 2011) ("We note that [the non-moving party] submitted a statement in opposition to the Government's Local Rule 56.1 Statement, in which she concludes that many facts are 'moot' or irrelevant.  However, [the non-moving party] fails to specifically controvert those facts in a way that is meaningful for the purpose of this motion. . . . Thus, unless otherwise noted, the facts recited herein are deemed admitted."); *Gallimore-Wright v. Long Island R. Co.*, 354 F.Supp.2d 478, 483 (S.D.N.Y. 2005) ("[Non-moving party]'s Rule 56.1 statement . . . responds to nine [paragraphs] only by asserting that the facts there stated are not relevant. Hence, the facts asserted in those . . . paragraphs of defendant's Rule 56.1 statement are deemed admitted.").

Therefore, the facts in the following paragraphs should be deemed admitted: 2, 15, 16, 17, 22, 31, 32, 33, 24, 35, 56, 57, 58, 59, 76, 85, and 89.

II.   **The facts asserted by plaintiffs in the remaining paragraphs of plaintiffs' Rule 56.1 Statement should also be deemed admitted.**

    a.   <u>Because defendants' counterstatement does not "specifically controvert" the remaining undisputed facts with any relevant citations that evince a genuine dispute, the facts asserted by plaintiffs should be deemed admitted.</u>

Defendants have no personal knowledge of the individual conduct of any of the plaintiffs on the date of the plaintiffs'' arrests. This was clearly established by Judge Francis' Memorandum and Order dated November 28, 2006, attached as Exhibit H to the Declaration of Jonathan C. Moore filed in Support of Motion for Partial Summary Judgment at the Site of the 16th Street Arrests on October 3, 2011 (hereinafter "Francis Mem."). Judge Francis' Memorandum and Order states, "the defendants are deemed to have admitted that, with respect

to each plaintiff in the MacNamara, Abdell, and Adams case (with the exception of plaintiff Chris Thomas), they cannot identify any member of the NYPD who has personal knowledge of individual conduct of that plaintiff which served as the basis for that plaintiff's arrest."

Despite their complete lack of knowledge of any of the plaintiffs' individual conduct, defendants remarkably "dispute" many of the substantive facts asserted about the plaintiffs' individual conduct in plaintiffs' Rule 56.1 statement. Defendants do not cite to any evidence "specifically controverting" the asserted facts, *see* Rule 56.1(d); defendants cannot do so as they have no personal knowledge of plaintiffs' actions.  Instead, the City's assertions are supported by nothing more than references to testimony that does not controvert the fact asserted, and/or references to paragraphs of their Rule 56.1 statement which, in turn, contain unsupported, vague, and sweeping allegations regarding the acts of other individuals or "the marchers." As detailed fully in the MacNamara Plaintiffs' Response to Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1: False Arrest Claims of Plaintiffs Arrested on Fulton Street (hereinafter "Plaintiffs' Counterstatement"), assertions about the alleged actions of others or "the marchers" do not create any disputed issues regarding the specific uncontroverted facts asserted by the MacNamara Plaintiffs.

Thus, as defendants' counterstatement does not "specifically controvert" the undisputed facts asserted by the individual plaintiffs, these facts should be deemed admitted.  *See* Local Rule 56.1; *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) (Finding that non-moving party's responses, "although commencing with the word 'disputed,' did not evince a dispute that was genuine"); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

b. <u>Because defendants' counterstatement claims to "dispute" the facts asserted by plaintiffs without providing any explanation for that "dispute," the facts asserted by plaintiffs should be deemed admitted.</u>

In addition, defendants' many assertions that facts are "disputed," supported by nothing more than a list of paragraphs in their own 56.1 statement, fail to comply with Rule 56.1 because defendants do not explain how any of the Rule 56.1 paragraphs they cite relate to, let alone specifically controvert, any of the facts asserted about the individual MacNamara Plaintiffs. Where defendants have failed to provide any explanation establishing the nature of the dispute or how the cited evidence controverts the asserted facts, these facts have not been specifically controverted and should be deemed admitted. *See, e.g., Benn v. City of New York*, 2011 WL 839495, at *1 n.2 (S.D.N.Y. March 4, 2011) (discussing City's response that "denie[d] almost all of the statements of undisputed fact without providing any explanation for the denial" and simply referred "the court to pages of transcripts which often confirm the very fact that plaintiff stated as undisputed"); *Teachout v. New York City Dept. of Educ.*, 2006 WL 452022, at *1 n. 1 (E.D.N.Y. Feb. 22, 2006) (discussing Rule 56.1 counterstatement where non-moving party "respond[ed] only by stating 'Disputed'" and cited evidence without explanation, leaving "the Court unclear as to what exactly [the non-moving party] is opposing or asserting in response to the motion").

c. <u>Specific paragraphs fail to specifically controvert the asserted facts and should therefore be deemed admitted.</u>

The facts in the numbered paragraphs below should be deemed admitted for the reasons outlined *supra* in sections II(a) and II(b), as well as the following reasons:

## Plaintiff Simon Harak

3. Defendants do not dispute that Ed Hedemann told Harak that "we're going to go two by two;" that fact should therefore be deemed admitted. Defendants assert that the remaining facts in plaintiffs' paragraph 3 are disputed but do not explain what assertions they dispute, and defendants cite no evidence that creates a disputed issue. Defendants cite only to paragraphs 73-97 of their Rule 56.1 Statement, which discuss the announcements made by NYPD officers prior to the march and make unsupported assertions that "plaintiffs" heard various warnings. That NYPD officers made announcements does not establish that Harak himself heard them. Moreover, as outlined in Plaintiffs' Counterstatement, defendants' paragraphs 82-97 are unsupported by the evidence. Regardless, defendants' sweeping assertions in these paragraphs to "plaintiffs" do not controvert the facts asserted in plaintiffs' paragraph 3, which speak only to what was heard by Harak. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and their citation to these Rule 56.1 paragraphs does not raise any dispute about the uncontroverted facts asserted by Harak in paragraph 3. Additionally, defendants provide no evidence to support their add-on assertion that Hedemann's comment to Harak was "based on his discussions with police," and plaintiffs therefore dispute that assertion. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

4. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants' only citations are to the testimony of Monahan and O'Connor; that Monahan and O'Connor claim that they themselves did not direct individuals across the street and/or did not see officers directing individuals across the street does not controvert Harak's assertion that "a policeman" was directing people across Church Street, especially given that the testimony cited indicates that Monahan and O'Connor had their attention directed elsewhere

when people first stepped off the curb. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

5. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants only citations is to paragraph 30 of their Rule 56.1 Statement, which does not controvert the facts asserted in plaintiffs' paragraph 5 as it simply states that "a crowd of hundreds" gathered at the World Trade Center site *before* the march began. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

6. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Harak testified that when people started moving toward the crossing area, policemen started directing people across the street. Harak Dep. p. 41:2-5. The sections of Harak's testimony cited by defendants do not controvert the facts asserted in plaintiffs' paragraph 6. At Harak Dep. pp. 42:17-20 and 43:2-5, Harak simply stated that when he personally crossed the street he could not recall whether he did so with a green light or at the direction of a police officer. Defendants' citations to the testimony of Monahan and O'Connor do not controvert the facts asserted for the reasons outlined in plaintiffs' reply to defendants' paragraph 4, *supra*. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

7. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Harak testified that when people crossed the street they were going in small groups as a policeman was waving them across the street. Harak Dep. p. 42:8-13. The sections of Harak's testimony cited by defendants do not controvert the facts asserted in plaintiffs' paragraph 7, *see* Harak Dep. p. 41:3-43:9. Defendants also cite paragraphs 110-113 of their Rule 56.1 Statement; as outlined in detail in Plaintiffs' Counterstatement, defendants' cited paragraphs

are unsupported by the facts. Moreover, the facts asserted in defendants' cited paragraphs do not specifically controvert the facts asserted in plaintiffs' paragraph 8, and defendants do not explain how any of the cited paragraphs might controvert the facts asserted. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

9. Defendants do not dispute that after crossing Church Street Harak heard word that the march had been stopped and that Harak only went 100-150 feet before the march was stopped; these facts should therefore be deemed admitted. Defendants assert that the remaining facts in plaintiffs' paragraph 9 are disputed, but cite no evidence that creates a disputed issue. The sections of Harak's testimony cited by defendants do not controvert the facts asserted in plaintiffs' paragraph 9, *see* Harak Dep. p. 41:3-43:9. Defendants also cite paragraphs 110-113 and 115 of their Rule 56.1 Statement; as outlined in Plaintiffs' Counterstatement, defendants' cited paragraphs are unsupported by the facts. Moreover, the facts asserted in defendants' cited paragraphs do not specifically controvert the facts asserted in plaintiffs' paragraph 9, and defendants do not explain how any of the cited paragraphs might controvert the facts asserted. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

10. Defendants do not dispute that Harak saw an officer in a shirt running toward the rear of the march saying "seal them off," this facts should therefore be deemed admitted. Defendants assert that the remaining facts in plaintiffs' paragraph 10 are disputed, but cite no evidence that creates a disputed issue. Defendants cite paragraphs 110-116 of their Rule 56.1 Statement; the facts asserted by defendants in those paragraphs have no apparent relation to the facts asserted by plaintiffs in paragraph 10, and defendants do not explain how any of the cited paragraphs relate to, let alone controvert, the facts asserted. In addition defendants' paragraphs 110-116 are

6

unsupported by the evidence as outlined in Plaintiffs' Counterstatement. Defendants' additional assertion that an audible dispersal order was given at Fulton Street is utterly incorrect and disputed for the reasons stated in Plaintiffs' Counterstatement, paragraphs 123-129. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

11. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute that he asked a police officer whether he was free to leave, or that he was pulled from the crowd and flex-cuffed. Defendants cite paragraphs 110-116 and 121-122 of their Rule 56.1 Statement; the facts asserted by plaintiffs in those paragraphs have no apparent relation to the facts asserted by plaintiffs in paragraph 11, and defendants do not explain how any of the cited paragraphs relate to, let alone specifically controvert, the facts asserted. In addition the facts asserted by defendants in paragraphs 110-116 and 121-22 are unsupported by the evidence as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

12. It cannot be disputed that Monahan ordered the arrest of everyone on the north sidewalk between himself and the corner of Church Street. This is plainly supported by the video evidence, which shows Monahan yelling "everybody here is under arrest (*See* Exhibits A and B to the Declaration of Michael Spiegel filed on October 3, 2011 [hereinafter "10/3/11 Spiegel Dec."]: TARU #72, 4:04:09-4:04:22; TARU #62, 4:04-05; TARU #71, 4:04:01-15; and TARU #127, 4:04:16-4:04:21; Burns, 00:04:22-00:04:27; Fine, 11:20:11-00:20:15; and Hernandez, 00:23:48-00:23:54); Monahan yelling "get me a line here, gate line out here, no one's out" (*See id.*: TARU #75, 4:07; Hill, 00:27:40-00:27:55; Viertel A12, 1:04:20-1:04:31; Meisinger,

00:44:03-00:44:14);  Monahan yelling "No sir! Inside the lines…let's go. Everyone here is

collared. Everyone here is under arrest!" (*see id*.: Exhibit B to 10/3/11 Spiegel Dec.: Viertel A12,

1:04:41-1:04:41; CBS News at 5:00, 00:07:37-00:07:40; Hill, 00:27:55-00:28:10); and Monahan

grabbing the arm of a woman with a camera, who was outside the line being formed by police,

and pulling her into the group being surrounded by police and arrested (*see id*.: Exhibits A and B

to 10/3/11 Spiegel Dec.: TARU #75, 4:07; Viertel A12, 1:04:52-1:04:56; CBS News at 5:00,

00:07:53-00:07:56). The facts asserted by plaintiffs in paragraph 12 are also supported by

Monahan's testimony at Monahan Dep. p. 190:11-25. Defendants' cite to thirty of the paragraphs

in their Rule 56.1 statement without any explanation as to how any of the cited paragraphs relate

to, let alone specifically controvert, the facts asserted. Paragraphs 19-21 and 100-116 have no

apparent relation to the facts asserted in plaintiffs' paragraph 12. The facts asserted in

defendants' paragraphs 124-134 are unsupported by the facts as outlined in Plaintiffs'

Counterstatement. As defendants have failed to specifically controvert the facts asserted these

facts should be deemed admitted. Defendants dispute the additional fact asserted by defendants

for the reasons outlined in Plaintiffs' Counterstatement, paragraphs 150-152.

     13. Judge Francis' November 28, 2006 order states, "the defendants are deemed to have

admitted that, with respect to each plaintiff in the MacNamara, Abdell, and Adams case (with the

exception of plaintiff Chris Thomas), they cannot identify any member of the NYPD who has

personal knowledge of individual conduct of that plaintiff which served as the basis for that

plaintiff's arrest." It is therefore clear that the facts as stated by plaintiffs in paragraph 13 are

undisputed; it has already been established as the law of the case that defendants have no

knowledge of Harak's specific actions. Defendants' only citation is to paragraphs 110-113, 115-

116 and 133-34 of their Rule 56.1 paragraphs; these paragraphs make sweeping and generic

allegations about the acts of the "marchers" and no mention of Harak's actions; defendants' paragraphs therefore do not raise any dispute about the uncontroverted fact that no officer has any personal knowledge specific to Harak. Nor does defendants' quotation of Magistrate Judge Francis controvert the fact asserted; that Magistrate Judge Francis stated that defendants might make a legal argument that there was probable cause to arrest a plaintiff, despite the lack of knowledge about any of the specific actions of that plaintiff, does not create any factual dispute about any individual plaintiff's actions. This fact should be deemed admitted, in accordance with the order of Magistrate Judge Francis, and because defendants have failed to specifically controvert the facts asserted in paragraph 13.

14. In this paragraph the defendants cite no evidence to controvert any fact in plaintiffs' paragraph 14. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

17. As defendants do not dispute any of the facts asserted in plaintiffs' paragraph 17, these facts should be deemed admitted.

18. As defendants do not dispute that Harak was startled by the cages with razor wire that people were put in at Pier 57, those facts should be deemed admitted.

19. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in plaintiffs' paragraph 19. Harak's testimony at Hark Dep. p. 41:10-15 does not establish that Harak broke any law. Defendants cite to various paragraphs of their Rule 56.1 Statement; those paragraphs make sweeping and generic allegations about the acts of the "marchers" and do not mention Harak's actions; defendants' paragraphs therefore do not raise any dispute about the facts asserted in plaintiffs' paragraph 19. Moreover the facts asserted by defendants in their cited paragraphs are at least partially unsupported by the evidence

as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

22. As defendants do not dispute any of the facts stated in plaintiffs' paragraph 22, those facts should be deemed admitted.

23. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute that he followed all police orders on the date of his arrest. Harak's testimony at Hark Dep. p. 41:10-15 does not establish that Harak failed to obey any police orders. Harak testified that as people were crossing Church Street they were not walking two by two. Defendants assertion that this testimony establishes that Harak failed to obey police orders is misleading in two regards, First, Harak testified that he did not know whether the police ordered anyone to march two by two. *See* Harak Dep. p.111:11-13: Q. "Do you know whether there were orders to walk two by two on the march…?" A: "I don't know if there were orders"; *see also* Harak Dep. p. 165:5-13 (testifying that Hedemann told Harak that they planned to march two abreast, but that Harak did not know if that was a police order or a decision of the organizers). Second, Harak testified that marchers crossed the street at the direction of the police, see paragraph 4 *supra*, and that he believed that the marchers would line up two-by-two after crossing the street.  Harak testified that, though people were not crossing Church Street two by two, he "assumed the march would start after we crossed the street." Harak Dep. p. 41:11-13, and further, that when he crossed the street, he assumed everyone was bunched up because it was going to take "a long time for us to string out two by two," but he then realized that no one was moving because "the march had been stopped." *Id*. p. 44:24-45:7. When asked "You recall whether you marched in double file on Fulton Street?" Harak answered, "We never got a chance to." *Id*. p. 158:19-21. Defendants therefore can point to no evidence that suggests that Harak

disobeyed a police order. Defendants cite to various paragraphs of their Rule 56.1 Statement, which make sweeping and generic allegations about the acts of the "marchers" and do not mention Harak's actions; defendants' paragraphs therefore do not raise any dispute about the facts asserted in plaintiffs' paragraph 23. In addition, the facts asserted by defendants in their cited paragraphs are at least partially unsupported by the evidence as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

24.  Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in paragraph 24. Defendants' only citation is to paragraphs 121 and 122 of their Rule 56.1 Statement; the assertions in these paragraphs that Monahan "yelled" certain statements, without any amplification, does not controvert Harak's assertion that he heard no instructions that people were blocking the sidewalk before the march was stopped. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

25. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute that he heard no dispersal order. Defendants' only citation is to paragraphs 124-129 of their Rule 56.1 Statement; the assertions in these paragraphs are unsupported by the evidence and plaintiffs dispute any characterization of Monahan's statements as a "dispersal order" for the reasons outlined in Plaintiffs' Counterstatement, paragraphs 124-129. In addition, that Monahan "yelled" certain statements, without any amplification, does not

11

controvert Harak's assertion that he heard no dispersal order. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

26. Defendants do not dispute that Harak believed that if you were walking on the sidewalk you did not need a permit (though they do not concede this as a legal proposition). The facts as stated in plaintiffs' paragraph 26 should therefore be deemed admitted.

27. Defendants have no knowledge of Harak's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in plaintiffs' paragraph 27. Defendants only citations is to paragraph 115 of their Rule 56.1 statement, which makes the sweeping and generic allegation that the "marchers" "obstructed pedestrian traffic," and does not mention Harak's actions. Defendants' paragraph 115 therefore does not raise any dispute about the facts asserted in plaintiffs' paragraph 27. Moreover the facts asserted by defendants in their paragraph 115 are unsupported by the evidence as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

30. Plaintiffs' paragraph 30 asserts that Harak does not remember seeing an officer with a bullhorn and does not recall receiving any warnings while he was on Fulton Street. Plaintiffs' dispute that there were no bullhorns at Fulton and Church Streets on August 31, 2004, but this was not the fact asserted by plaintiffs. Similarly defendants dispute that police did not give warnings, which again was not a fact asserted by plaintiffs. Plaintiffs simply assert that Harak himself does not remember seeing bullhorns or hearing warnings on Fulton Street. As defendants have no knowledge of Harak's actions, *see* Francis Mem., they cannot dispute these facts, and they have not done so. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

## Plaintiff Diana Raimondi

36.  Defendants assert that these facts are disputed without any explanation and cite no evidence that creates a disputed issue. Defendants have no knowledge of Raimondi's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in paragraph 36. Defendants' only citation is to paragraphs 31-54 of their Rule 56.1 Statement; the assertions in these paragraphs discuss the conversation between various officers and Hedemann as alleged by defendants; they make no mention of Raimondi or what portions of any interaction between Hedemann and Galati she may or may not have overheard. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

37. Defendants assert that these facts are disputed without any explanation and cite no evidence that creates a disputed issue. Defendants have no knowledge of Raimondi's actions, *see* Francis Mem., and therefore cannot dispute that she heard a police officer make any given statement. Defendants' only citation is to paragraphs 73-81 of their Rule 56.1 Statement, which give defendants' accounting of various warnings that were allegedly given at Church and Fulton streets; that these warnings were given does not mean that Raimondi did not hear an officer make the statement in plaintiffs' paragraph 37. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

39. Defendants assert that these facts are disputed without any explanation and cite no evidence that creates a disputed issue. Defendants have no knowledge of Raimondi's actions, *see* Francis Mem., and therefore cannot dispute that she crossed Church Street with the light. The cited testimony of Officer Boyle does not mention Raimondi and does not controvert the facts asserted; indeed Boyle stated "I mean I didn't observe them walking through red lights…" Boyle Dep. p. 47:18-19. Defendants' also cite paragraph 115 of their Rule 56.1 Statement, which has

no apparent relevance to the facts asserted by plaintiffs in paragraph 39, and defendants do not explain how the cited paragraph relates to, let alone specifically controverts, any of the facts asserted. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

40. Defendants assert that these facts are disputed without any explanation and cite no evidence that creates a disputed issue. Defendants' only citation is to paragraph 115 of their Rule 56.1 Statement, and defendants do not explain how the cited paragraph relates to, let alone specifically controverts, any of the facts asserted. In addition, the facts asserted by defendants in their paragraph 115 are unsupported by the evidence, as outlined in Plaintiffs' Counterstatement, and the vague allegation that "marchers" "obstructed pedestrian traffic" does not specifically controvert the facts asserted by plaintiffs in paragraph 40. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

42. As defendants did not dispute any of the facts asserted in plaintiffs' paragraph 42, those facts should be deemed admitted. Plaintiffs' dispute the additional facts asserted by defendants; defendants cite various paragraphs from their Rule 56.1 Statement to support these additional alleged facts, and defendants' cited paragraphs are unsupported for the reasons outlined in Plaintiffs' Counterstatement.

43. Defendants assert that these facts are disputed without any explanation and cite no evidence that creates a disputed issue. As defendants have no knowledge of Raimondi's actions, *see* Francis Mem., they cannot dispute that Raimondi heard no warnings or instructions over bullhorns. Defendants' only citations are to paragraphs 95, 97, and 121-122 of their Rule 56.1 Statement; the assertions in these paragraphs do not controvert the facts as asserted by plaintiffs. Defendants' assertion in their paragraph 95 that Shea gave certain warnings does not controvert

14

Raimondi's testimony that she did not hear any warnings on bullhorns. Defendants' sweeping and vague assertion in their paragraph 97 that "plaintiffs" heard unspecified warnings from NYPD officers is unsupported for the reasons outlined in Plaintiffs' Counterstatement and does not address Raimondi.  Defendants' paragraphs 121 and 122 do not refer to orders made over bullhorns. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

44. Defendants do not dispute that if Raimondi had heard an order to disperse she would have left the march; this fact should therefore be deemed admitted. Defendants assert that the remaining facts are disputed, but cite no evidence that creates a disputed issue. Defendants have no knowledge of Raimondi's actions, *see* Francis Mem., and therefore cannot dispute that she heard no dispersal order. Defendants' only citation is to paragraphs 124-129 of their Rule 56.1 Statement; the assertions in these paragraphs are unsupported by the evidence and plaintiffs' dispute any characterization of Monahan's statements as a "dispersal order" for the reasons outlined in Plaintiffs' Counterstatement, paragraphs 124-129. In addition, that Monahan "yelled" certain statements, without amplification, does not controvert Raimondi's assertion that she heard no dispersal order. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

45. Defendants assert that these facts are disputed without explanation and cite no evidence that creates a disputed issue. As defendants have no knowledge of Raimondi's actions, *see* Francis Mem., they cannot dispute that Raimondi asked officers if she could leave. Defendants' cite to twenty-one of the paragraphs in their Rule 56.1 statement without any explanation as to how the cited paragraphs relate to, let alone specifically controvert, the facts asserted. Paragraphs 19-21 and 106-116 have no apparent relation to the facts asserted in

plaintiffs' paragraph 45. The facts asserted in defendants' paragraphs 124-129 and 143-145 are unsupported by the facts as detailed in Plaintiffs' Counterstatement; in addition, the facts asserted by defendants in these paragraphs do not specifically controvert the facts in plaintiffs' paragraph 45. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

46. As defendants do not dispute any of the facts asserted by plaintiffs in paragraph 46, those facts should be deemed admitted. Plaintiffs dispute the additional fact asserted by defendants, in support of which they cite nothing more than paragraphs 124-136 of their Rule 56.1 Statement, for the reasons in Plaintiffs' Counterstatement, paragraphs 124-136.

47.  For the reasons in paragraph 12, *supra*, defendants have failed to specifically controvert the facts asserted and these facts should be deemed admitted.

48. Judge Francis' November 28, 2006 order states, "the defendants are deemed to have admitted that, with respect to each plaintiff in the MacNamara, Abdell, and Adams case (with the exception of plaintiff Chris Thomas), they cannot identify any member of the NYPD who has personal knowledge of individual conduct of that plaintiff which served as the basis for that plaintiff's arrest." It is therefore clear that the facts as stated by plaintiffs in paragraph 48 are undisputed; it has already been established as the law of the case that defendants have no knowledge of Raimondi's specific actions. Defendants' only citation is to paragraphs 110-113, 115-116 and 133-34 of their Rule 56.1 paragraphs; these paragraphs make sweeping and generic allegations about the acts of the "marchers" and make no mention of Raimondi's actions; defendants' paragraphs therefore do not raise any dispute about the uncontroverted fact that no officer has any personal knowledge specific to Raimondi. Nor does defendants' quotation of Magistrate Judge Francis controvert the fact asserted; that Magistrate Judge Francis stated that

defendants might make a legal argument that there was probable cause to arrest a plaintiff, despite the lack of knowledge about any of the specific actions of that plaintiff, does not create any factual dispute about any individual plaintiff's actions. This fact should be deemed admitted, in accordance with the order of Magistrate Judge Francis, and because defendants have failed to specifically controvert the facts asserted in paragraph 48.

49. The facts that have not been disputed by defendants in this paragraph should be deemed admitted. Defendants state that they dispute that Raimondi was in "excruciating pain" from her flex cuffs, but cite no evidence that creates a disputed issue--indeed the defendants cite no evidence at all. As the defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

52. As defendants do not dispute that Raimondi was released from custody on September 2, 2004 at around 7:30 PM after being issued a desk appearance ticket (DAT), those facts should be deemed admitted. Defendants cannot and did not dispute that the policy of the NYPD is to require a valid identification prior to issuance of a DAT. This is supported by evidence, not inference; *see* Suero Dep. p. 196:10-199:6.[1] Defendants cite no evidence to dispute that Raimondi had a valid identification on her person. Defendants' further statements in paragraph 52 are argument and do not dispute the facts. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

54. Defendants have no knowledge of Raimondi's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in plaintiffs' paragraph 54. Unable to cite any evidence or testimony that indicates that Raimondi broke the law, defendants cite various

---

[1] Attached as Exhibit CC to the Declaration of Jonathan C. Moore in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment at the Site of the 16th Street Arrests, filed on November 23, 2011.

paragraphs of their Rule 56.1 Statement. Defendants' cited paragraphs make sweeping and generic allegations about the acts of the "marchers" and do not mention Raimondi's actions; defendants' paragraphs therefore do not raise any dispute about the facts asserted in plaintiffs' paragraph 54. Moreover the facts asserted by defendants in their cited paragraphs are at least partially unsupported by the evidence as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

### Plaintiff William Steyert

60. Defendants do not dispute the facts as stated by plaintiffs. Plaintiffs do not assert that officers told Steyert he had "unconditional" permission to proceed. Plaintiffs assert that the march proceeded only after police officers gave marchers permission to proceed—a fact defendants cannot and did not dispute. *See* Exhibit A to 10/3/11 Spiegel Dec.: TARU #138, 16:01:57-16:02:23 (An officer in a white shirt addressing the crowd by bullhorn and concluding "So please follow all the traffic laws, march safely, and I'll be with you to your destination. Thank you"). As plaintiffs have not disputed any of the facts as stated in plaintiffs' paragraph 60, those facts should be deemed admitted.

61. Defendants assert that these facts are disputed without explanation and cite no evidence that creates a disputed issue. Defendants' only citation is to paragraphs 110, 113, and 115 of their Rule 56.1 Statement; the statements in defendants' cited paragraphs are unsupported by the evidence as stated in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

62. Defendants assert that these facts are disputed but cite no evidence that creates a disputed issue. As defendants have no knowledge of Steyert's actions, *see* Francis Mem., they cannot dispute that Steyert heard no orders during the specified time period. Defendants' only

citations are to paragraphs 95-97 of their Rule 56.1 Statement; the assertions in these paragraphs do not controvert the facts as asserted by plaintiffs. Defendants' assertion in their paragraphs 95-96 that officers gave certain warnings does not controvert Steyert's testimony that he did not hear any warnings during the specified time period. Defendants' sweeping and vague assertion in their paragraph 97 that "plaintiffs" heard unspecified warnings from NYPD officers is unsupported for the reasons outlined in Plaintiffs' Counterstatement.  As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

63. Defendants assert that these facts are disputed but cite no evidence that creates a disputed issue. As defendants have no knowledge of Steyert's actions, *see* Francis Mem., they cannot dispute that Steyert heard no orders over bullhorns other than the one at the beginning of the march. Defendants' only citations are to paragraphs 95 and 97 of their Rule 56.1 Statement; the assertions in these paragraphs do not controvert the facts as asserted by plaintiffs. Defendants' assertion in their paragraph 95 that Shea gave certain warnings does not controvert Steyert's testimony that he did not hear any orders on bullhorns. Defendants' sweeping and vague assertion in their paragraph 97 that "plaintiffs" heard unspecified "warnings from NYPD officers" is unsupported for the reasons outlined in Plaintiffs' Counterstatement.  As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

64. As defendants do not dispute that no one in the march was running, that fact should be deemed admitted. The testimony of Steyert as cited by defendants (Steyert Dep. pp. 404:11-15, 456:21-457:2, 470:9-16 and 474:8-15) does not controvert the assertion that the march was a very orderly procession. The testimony of Steyert as cited by defendants does establish that Steyert heard an announcement *before the march began* that marchers should walk two by two. However, this does not controvert Steyert's testimony at Steyert Dep. pp. 409:13-410:16, which

establishes that as Steyert was crossing Church Street and walking down Fulton Street, he did not

hear any officers telling individuals to slow down or walk two abreast. As defendants have no

knowledge of Steyert's actions, *see* Francis Mem., they cannot dispute these facts. Defendants

also cite paragraphs 73-82, 110-113 and 115-116 of their Rule 56.1 Statement, without

explanation. Because defendants paragraphs 73-82 refer to announcements allegedly given prior

to the beginning of the march, they do not put the facts asserted into dispute. Defendants'

paragraphs 110-113 and 115-116 are unsupported by the evidence, as stated in Plaintiffs'

Counterstatement, and the vague allegations regarding "marchers" in defendants' cited

paragraphs do not specifically controvert the facts asserted in plaintiffs' paragraph 64. Therefore,

the assertions that the march was a very orderly procession, nobody was running, and Steyert did

not hear any police officers say to slow down or walk two abreast as he walked down Fulton

Street, should be deemed admitted.

      65. As defendants do not dispute that when the march first began the banner at the front

of the march was carried sideways parallel to the cemetery so it wouldn't be blocking the

sidewalk or street, those facts should be deemed admitted. For the reasons outlined in Plaintiffs'

Counterstatement at paragraphs 105 and 114, it is undisputed that that banner was carried

sideways parallel to the cemetery throughout the march. *See Also* Exhibits A and B to 10/3/11

Spiegel Dec: TARU #62, 4:01; Turner, 00:58:06-00:58:10; Volpe, 1:11:56-1:12:00.

      66.  Defendants assert that these facts are disputed but cite no evidence that creates a

disputed issue. As defendants have no knowledge of Steyert's actions, *see* Francis Mem., they

cannot dispute that Steyert heard and spoke to an officer. Defendants' only citations are to

paragraphs 114, 121 and 122 of their Rule 56.1 Statement; the assertions in these paragraphs do

not controvert the facts as asserted by plaintiffs. In addition, the assertions in defendants' cited

paragraphs are unsupported for the reasons outlined in Plaintiffs' Counterstatement.  As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

67. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. Defendants have no knowledge of Steyert's actions, *see* Francis Mem., and therefore cannot dispute that he heard no dispersal order. Defendants' only citation is to paragraphs 124-129 of their Rule 56.1 Statement; the assertions in these paragraphs are unsupported by the evidence and plaintiffs' dispute any characterization of Monahan's statements as a "dispersal order" for the reasons outlined in Plaintiffs' Counterstatement, paragraphs 124-129. In addition, that Monahan "yelled" certain statements, without any amplification, does not controvert Steyert's assertion that he heard no dispersal order. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

68. Defendants assert that these facts are disputed without explanation, citing only paragraphs 124-129 of their Rule 56.1 Statement. For the reasons outlined in paragraph 67 *supra*, defendants cannot dispute that Steyert would have dispersed had he the opportunity to do so. For the reasons outlined in Plaintiffs Counterstatement at paragraphs 124-129, it cannot be disputed that no one was given an opportunity to disperse. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

69. For the reasons outlined in the response to defendants' paragraph 67, *supra*, defendants have failed to specifically controvert the facts asserted and these facts should be deemed admitted.

70. Defendants assert that these facts are disputed, but cite no evidence that creates a disputed issue. For the reasons stated in paragraph 65, *supra*, it is undisputed that that banner was carried sideways parallel to the cemetery throughout the march. Defendants cite only paragraphs 110-113, 114-116, and 122 of their Rule 56.1 Statement. The assertions in defendants' cited paragraphs are not supported by the evidence, as explained in Plaintiffs' Counterstatement. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

71. Defendants do not dispute that Steyert recognized at a certain point that he was going to be arrested, or that Steyert saw an older gentleman come up and argue with an officer wanting to be let go, but the officer refused. These facts should therefore be deemed admitted. Defendants assert that the remaining facts are disputed but cite no evidence that creates a disputed issue. Defendants cite only paragraph 138 of their Rule 56.1 Statement, which is consistent with the facts asserted in plaintiffs' paragraph 71. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

72. Defendants have no knowledge of Steyert's actions, *see* Francis Mem., and therefore cannot dispute the facts asserted in plaintiffs' paragraph 72. The cited testimony of Steyert does not controvert any of the facts asserted in plaintiffs' paragraph 72. At Steyert Dep. 426:21-24, Steyert merely testified that he did not see anyone walking against the flow of the crowd or any pedestrian traffic headed toward the march. This does not controvert the assertion that there was room on the sidewalk for others to pass. The discussion at Steyert Dep. pp. 428:21-429:15 about whether it would have been "convenient" to walk on the sidewalk does not controvert any of the facts as asserted in plaintiffs' paragraph 72. Steyert's cited testimony does not relate to the fact that he was not engaged in civil disobedience and was following all instructions. Unable to cite

22

any evidence or testimony indicating that Steyert engaged in civil disobedience, blocked

pedestrian or vehicular traffic, or disobeyed police instructions, defendants cite to paragraphs

110-116 of their Rule 56.1 Statement. Defendants' cited paragraphs make sweeping and generic

allegations about the acts of the "marchers" and do not mention Steyert's actions; defendants'

paragraphs therefore do not raise any dispute about the facts asserted in plaintiffs' paragraph 72.

Moreover the facts asserted by defendants in their cited paragraphs are unsupported by the

evidence as outlined in Plaintiffs' Counterstatement. As defendants have failed to specifically

controvert the facts asserted these facts should be deemed admitted.

73.  For the reasons outlined in paragraph 12, *supra*, defendants have failed to

specifically controvert the facts asserted and these facts should be deemed admitted.

74. Judge Francis' November 28, 2006 order states, "the defendants are deemed to have

admitted that, with respect to each plaintiff in the MacNamara, Abdell, and Adams case (with the

exception of plaintiff Chris Thomas), they cannot identify any member of the NYPD who has

personal knowledge of individual conduct of that plaintiff which served as the basis for that

plaintiff's arrest." It is therefore clear that the facts as stated by plaintiffs in paragraph 74 are

undisputed; it has already been established as the law of the case that defendants have no

knowledge of Steyert's specific actions. Defendants' only citation is to paragraphs 110-113, 115-

116 and 133-34 of their Rule 56.1 paragraphs; these paragraphs make sweeping and generic

allegations about the acts of the "marchers" and no mention of Steyert's actions; defendants'

paragraphs therefore do not raise any dispute about the uncontroverted fact that no officer has

any personal knowledge specific to Steyert. Nor does defendants' quotation of Magistrate Judge

Francis controvert the fact asserted; that Magistrate Judge Francis stated that defendants might

make a legal argument that there was probable cause to arrest a plaintiff, despite the lack of

knowledge about any of the specific actions of that plaintiff, does not create any factual dispute about any individual plaintiff's actions.  This fact should be deemed admitted, in accordance with the order of Magistrate Judge Francis, and because defendants have failed to specifically controvert the facts asserted in paragraph 74.

75. Defendants assert that these facts are disputed but cite no evidence that creates a disputed issue. Defendants' only citation is to paragraphs 115 of their Rule 56.1 Statement; the assertions in defendants' cited paragraph are unsupported for the reasons outlined in Plaintiffs' Counterstatement, and the vague and sweeping assertions made regarding "marchers" do not address the actions of Steyert and therefore do not controvert the facts asserted by plaintiffs.  As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

79. As defendants do not dispute that Steyert was issued a desk appearance ticket (DAT), that fact should be deemed admitted. Defendants cannot and did not dispute that the policy of the NYPD is to require a valid identification prior to issuance of a DAT. This is supported by evidence, not inference; *see* Suero[2] Dep. p. 196:10-199:6. Defendants cite no evidence to dispute that Steyert had a valid identification on his person. Defendants' further statements in paragraph 79 are argument and do not dispute the facts. As defendants have failed to specifically controvert the facts asserted these facts should be deemed admitted.

### **Defendant Terence Monahan**

87. For the reasons outlined in paragraph 12, *supra*, defendants have failed to specifically controvert the facts asserted and these facts should be deemed admitted.

---

[2] Attached as Exhibit CC to the Declaration of Jonathan C. Moore in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment at the Site of the 16th Street Arrests, filed on November 23, 2011.

Dated:      November 23, 2011
            New York, NY

                         Respectfully submitted,



                         JONATHAN C. MOORE, Esq.
                         GIDEON ORION OLIVER, Esq.
                         ELIZABETH LOGEMANN, Esq.

                         Beldock Levine & Hoffman, LLP
                         99 Park Avenue - 16th Floor
                         New York, New York    10016
                         (212) 277-5850


                         *Counsel for the Plaintiff Class in MacNamara*