UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DEIRDRE MACNAMARA, et al., individually
and on behalf of all others similarly situated,    x    ECF Case

                      Plaintiffs,    x    No. 04 Civ. 9216 (RJS) (JCF)

    -against-    x    **STIPULATION AND ORDER
SEEKING PRELIMINARY**
THE CITY OF NEW YORK, a municipal entity,    x    **APPROVAL OF CLASS
ACTION SETTLEMENT**
et al.,
-------------------------------------------------------------- x

## BACKGROUND

**WHEREAS**, plaintiffs commenced this class action to redress the alleged deprivation of rights of plaintiffs and all others similarly situated who were arrested and detained between August 27, 2004 and September 2, 2004 in New York City during the 2004 Republican National Convention ("RNC"); and

**WHEREAS**, plaintiffs' class action claims are set forth in the Second Amended Class Action Complaint dated January 29, 2008 (Dkt. No. 259); and

**WHEREAS**, defendants deny any and all liability arising out of plaintiffs' allegations (Dkt. No. 384); and

**WHEREAS**, in an Opinion and Order dated May 19, 2011 (Dkt. No. 423), this Court partially granted Plaintiffs' motion for class certification pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure as to the following classes: 1) Mass Arrest Subclasses Two, Four, Five, Six, Seven and Eight, comprising all RNC arrestees from the foregoing Subclass locations; 2) The Conditions of Confinement Class, comprising all RNC arrestees who were handcuffed with plastic flex cuffs and detained at Pier 57; 3) The Excessive Detention Class, comprising all RNC arrestees who were processed pursuant to the New York

Detention Class, comprising all RNC arrestees who were processed pursuant to the New York City Police Department's ("NYPD") Mass Arrest Processing Plan ("MAPP"), detained at Pier 57, and charged only with violations; and

**WHEREAS,** this Court appointed Plaintiffs in the certified classes and subclasses as Class Representatives and further appointed Beldock Levine & Hoffman LLP as class counsel; and

**WHEREAS,** certain individuals who fell within the Court's class definitions opted out of the class action by, for example, having brought suit in their own name; and

**WHEREAS,** in an Opinion and Order dated September 30, 2012, this Court decided the parties motions for partial summary judgment, including, *inter alia,* denying Defendants motions for summary judgment with respect to the false arrest claims at Fulton Street; granting Plaintiffs motions for summary judgment with respect to the false arrest claims at Fulton Street; denying Defendants and Plaintiffs' cross-motions with respect to the false arrest claims at East 16th Street; granting Defendants motions for summary judgment with respect to the constitutionality of the No-Summons and Fingerprinting Policies; and granting Plaintiffs motions for summary judgment with respect to their state law fingerprinting claims.

**WHEREAS,** the parties described below now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned as follows:

## DEFINITIONS

1. A "Claim Packet" shall mean an "Acceptance Form", "Request for Exclusion Form", and "Settlement Class Notice" collectively annexed hereto as Exhibit A. The Claim Packet shall be mailed by the Administrator to all persons on lists Exhibits B, C, and D annexed.

2. An "Acceptance Form" shall mean the document annexed hereto as part of Exhibit A that PCMs must fully complete and sign in order to be considered for payment pursuant to this Stipulation and Order of Class Action Settlement.

3. A "Request for Exclusion Form" shall mean the document annexed hereto as part of Exhibit A that any potential class or subclass member completes and signs to opt out or request exclusion from the settlement class.

4. "Class Representatives" shall mean the 24 named plaintiffs in the Second Amended Class Action Complaint filed on January 29, 2008 (Dkt. No. 259) and identified in Exhibit B attached.

5. The "Mass Arrest Subclasses" shall mean the 592 RNC arrestees from Mass Arrest Subclasses Two, Four, Five, Six, Seven and Eight who are identified in Exhibit C attached.

6. The "Conditions of Confinement Class" shall mean the 573 RNC arrestees who were handcuffed with plastic flex cuffs and detained at Pier 57 who are identified in Exhibit D attached.

7. The "Excessive Detention Class" shall mean RNC arrestees who were processed pursuant to the NYPD's Mass Arrest Processing Plan ("MAPP"), detained at Pier 57, and

3

charged only with violations and who are included in Exhibit D attached hereto.

8. "Class Counsel" shall mean Jonathan C. Moore, Esq., of Beldock Levine & Hoffman, LLP, 99 Park Avenue, New York, New York, 10016, who at the time of the filing of this class action complaint was a partner in the firm of Moore & Goodman, LLP, formerly of 99 Park Avenue, New York, New York, 10016.

9. A "Participating Class Member" ("PCM") shall mean any member of the Mass Arrest Subclasses, Conditions of Confinement Class or the Excessive Detention Class, or any Class Representative, who does not timely file a fully completed and executed Request for Exclusion Form as provided in this Stipulation.

10. An "Opt-Out" shall mean any potential class or subclass member who files a timely Request for Exclusion Form as provided in this Stipulation.

11. The "Bar Date" shall mean the date established by the Court by which any PCM who wishes to receive payment pursuant to this Stipulation and Order of Class Action Settlement must file a fully completed and executed Acceptance Form and by which any Opt-Out must file a Request for Exclusion Form. Both forms are annexed as part of Exhibit A.

12. An "Approved Claim" shall mean any Acceptance Forms received, reviewed, and verified by the Administrator.

13. The "Administrator" shall mean the person or organization designated by Class Counsel and appointed by the District Court to administer the Class Fund in accordance with the procedures set forth herein. Defendants shall be permitted to make non-binding suggestions to Class Counsel regarding the selection of the designated Administrator.

14. "Class Fund" shall mean the amount to be paid by the City for all claims of PCMs, administrator's costs, attorneys' fees, costs, and expenses. That amount shall not exceed the total settlement amount of $6,600,000 Dollars.

15. The "Preliminary Approval Date" shall mean the date, following the submission of this Stipulation and Order of Class Action Settlement, executed by counsel for the parties, to the District Court but prior to a Fairness Hearing upon which the Court approves this Stipulation.

16. The "Final Approval Date" shall mean the date, following the District Court issuance of a final approval of this Stipulation and Order of Class Action Settlement after a Fairness Hearing.

17. The "Effective Date for Payment" is the date when the City's obligation to pay the Administrator for all PCMs who have timely submitted fully completed and executed Acceptance Forms in accordance with the terms, conditions, and instructions set forth in this Stipulation minus any monies that are subject to any and all applicable liens. The Effective Date for Payment is thirty (30) days following entry of the Final Approval Date of the Stipulation and Order of Class Action Settlement by the District Court.

18. "Released Persons" shall mean all defendants and their predecessors, successors, or assigns, together with all past, present, and future officials, employees, representatives, and agents of the City of New York, and/or any agency thereof, the New York City Health and Hospitals Corporation, the Hudson River Park Trust, and any person or entity represented by the Office of the New York City Corporation Counsel.

## TERMS OF SETTLEMENT FOR THE MASS ARREST SUBCLASSES

19. PCMs of the Mass Arrest Subclasses who timely file a fully completed and executed Acceptance Form shall be eligible to receive a payment of Five Thousand dollars ($5,000), in full satisfaction of all claims arising from their arrests and detentions during the RNC, inclusive of any claims for costs, expenses, and attorneys' fees. Payments to the Mass Arrest Subclasses shall not exceed $2,960,000 in the aggregate. All payments pursuant to this Stipulation and Order of Class Action Settlement for all PCMs shall be subject to all applicable liens.

20. All unclaimed funds allocated as payment to the mass arrest subclasses shall revert to the City of New York. PCMs of the Mass Arrest Subclasses are not eligible for any payments pursuant to any other provisions of this Stipulation and Order of Class Action Settlement.

21. In order to be eligible to receive payment, PCMs of the Mass Arrest Subclasses must timely submit a fully completed and executed Acceptance Form, with the required certification, to the Administrator, in order to obtain payment. A copy of the Acceptance Form is annexed as part of the Claim Packet annexed as Exhibit A. Payments to PCMs of the Mass Arrest Subclasses shall be made as soon as practicable after the Effective Date for Payment.

22. Any PCMs of the Mass Arrest Subclasses who fail to timely submit a fully completed and executed Acceptance Forms in accordance with the terms, conditions, and instructions set forth in this Stipulation by the Bar Date or by the end of any court-mandated extension shall be forever barred from receiving any payments pursuant to this Stipulation and

Order of Class Action Settlement. PCMs of the Mass Arrest Subclasses shall in all other respects be bound by all terms of this Stipulation and Order of Class Action Settlement, including but not limited to the release of all Released Persons as set forth herein.

23. On the Final Approval Date, all claims of the PCMs of the Mass Arrest Subclasses shall be dismissed with prejudice, including all claims for costs, expenses, and attorneys' fees.

24. This Stipulation and Order of Class Action Settlement does not and shall not be deemed to constitute an admission by defendants of the validity or accuracy of any of the allegations, assertions or claims made herein by plaintiffs, nor is it an admission of wrongdoing by any defendant. This Stipulation shall not be admissible as evidence in any tribunal or court of law, nor is it related to or forms a part of, any other litigation or settlement negotiations.

25. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

26. This Stipulation and Order of Class Action Settlement, as of the Final Approval Date, resolves in full all claims against the Released Persons by the PCMs of the Mass Arrest Subclasses involving alleged violations of their rights arising out of their arrests and detentions during the RNC, including claims for costs, expenses, and attorneys' fees. As of the Final Approval Date, PCMs of the Mass Arrest Subclasses hereby release all such claims against the Released Persons.

27. As of the Final Approval Date of this Stipulation and Order of Class Action Settlement, the PCMs of the Mass Arrest Subclasses, hereby waive any and all rights to pursue,

7

initiate, prosecute or commence any action or proceeding before any court, administrative agency or other tribunal or to file any civil complaint arising out of their arrests and detentions during the RNC, including any right to assert claims for costs, expenses, and attorneys' fees.

28. Each PCM of the Mass Arrest Subclasses shall be deemed to have submitted to the jurisdiction of this Court.

29. Any Opt-Out shall not participate in any monetary benefits provided by this Stipulation and Order of Class Action Settlement.

30. Plaintiffs shall take all necessary and appropriate steps to obtain approval of the Stipulation and Order of Class Action Settlement and dismissal of this action. If the Court approves this Stipulation and Order of Class Action Settlement and/or issues final approval thereof, and if there is an appeal from such decision(s), Class Counsel shall defend this Stipulation and Order of Class Action Settlement and/or any final approval of the settlement on appeal.

31. This Stipulation and Order of Class Action Settlement contains all the terms and conditions agreed upon by the parties regarding the subject matter of these proceedings with respect to the PCMs who are members of the mass arrest subclasses, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Class Action Settlement shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

## TERMS OF SETTLEMENT FOR THE CONDITIONS OF CONFINEMENT CLASS AND EXCESSIVE DETENTION CLASS

32. PCMs of the Conditions of Confinement Class and Excessive Detention Class

who timely file a fully completed and executed Acceptance Form shall be eligible to receive a payment of One Thousand dollars ($1,000), in full satisfaction of all claims arising from their arrests and detentions during the RNC, inclusive of any claims for costs, expenses, and attorneys' fees. PCMs who fall within both the Conditions of Confinement Class and Excessive Detention Class are eligible for only one payment of One Thousand dollars ($1,000). Payments to the Conditions of Confinement Class and Excessive Detention Class shall not exceed $573,000 in the aggregate. All payments pursuant to this Stipulation and Order of Class Action Settlement for all PCMs shall be subject to all applicable liens.

33. All unclaimed funds allocated as payment to the Conditions of Confinement Class and the Excessive Detention Class shall revert to the City of New York. PCMs of the Conditions of Confinement Class and Excessive Detention Class are not eligible for any payments pursuant to any other provisions of this Stipulation and Order of Class Action Settlement.

34. In order to be eligible to receive payment, PCMs of the Conditions of Confinement Class and Excessive Detention classes must timely submit a fully completed and executed Acceptance Form, with the required certification, to the Administrator, in order to obtain payment. A copy of the Acceptance Form is annexed as part of the Claim Packet annexed as Exhibit A. Payments to PCMs of the Conditions of Confinement Class and the Excessive Detention Class shall be made as soon as practicable after the Effective Date for Payment.

35. Any PCMs of the Conditions of Confinement Class and Excessive Detention Class who fail to timely submit a fully completed and executed Acceptance Form completed in accordance with the terms, conditions, and instructions set forth in this Stipulation by the Bar

9

Date or by the end of any court-mandated, extension shall be forever barred from receiving any payments pursuant to this Stipulation and Order of Class Action Settlement. PCMs of the Conditions of Confinement Class and Excessive Detention Class shall in all other respects be bound by all terms of this Stipulation and Order of Class Action Settlement, including but not limited to the release of all Released Persons as set forth herein.

36. On the Final Approval Date, all claims of the Conditions of Confinement Class and Excessive Detention Class shall be dismissed with prejudice, including all claims for costs, expenses, and attorneys' fees.

37. This Stipulation and Order of Class Action Settlement does not and shall not be deemed to constitute an admission by defendants of the validity or accuracy of any of the allegations, assertions or claims made herein by plaintiffs, nor is it an admission of wrongdoing by any defendant. This Stipulation shall not be admissible as evidence in any tribunal or court of law, nor is it related to, or forms a part of any other litigation or settlement negotiations.

38. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

39. The Stipulation and Order of Class Action Settlement, as of the Final Approval Date, resolves in full all claims against the Released Persons by the PCMs of the Conditions of Confinement Class and Excessive Detention Class involving alleged violations of their rights arising out of their arrests and detentions during the RNC, including claims for costs, expenses, and attorneys' fees. As of the Final Approval Date, PCMs of the Conditions of Confinement Class and Excessive Detention Class hereby release all such claims against the Released Persons.

40. As of the Final Approval Date of this Stipulation and Order of Class Action Settlement, the PCMs of the Conditions of Confinement Class and Excessive Detention Class hereby waive any and all rights to pursue, initiate, prosecute or commence any action or proceeding before any court, administrative agency or other tribunal or to file any civil complaint arising out of their arrests and detentions during the RNC, including any right to assert claims for costs, expenses, and attorneys' fees.

41. Each PCM of the Conditions of Confinement and Excessive Detention classes shall be deemed to have submitted to the jurisdiction of this Court.

42. Any Opt-Out shall not participate in any monetary benefits provided by this Stipulation and Order of Class Action Settlement.

43. Plaintiffs shall take all necessary and appropriate steps to obtain approval of the Stipulation and Order of Class Action Settlement and dismissal of this action. If the Court approves this Stipulation and Order of Class Action Settlement and/or issues final approval thereof, and if there is an appeal from such decision(s), Class Counsel shall defend this Stipulation and Order of Class Action Settlement and/or any final approval of the settlement on appeal.

44. This Stipulation and Order of Class Action Settlement contains all the terms and conditions agreed upon by the parties regarding the subject matter of these proceedings with respect to the PCMs who are members of the Conditions of Confinement and Excessive Detention classes, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Class Action Settlement shall

be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

## TERMS OF SETTLEMENT FOR THE CLASS REPRESENTATIVES

45. In recognition of the risk incurred by the Class Representatives in assisting the prosecution of the litigation and in bringing to bear added value, and the other burdens sustained by a representative in lending himself or herself to the prosecution of the claim, Class Representatives who timely file a fully completed and executed Acceptance Form shall be eligible to receive a payment of Nineteen Thousand Four Hundred Fifty-Eight dollars and Thirty-Three cents ($19,458.33), in full satisfaction of all claims arising from their arrests and detentions during the RNC, inclusive of any claims for costs, expenses, and attorneys' fees. Payments to the Class Representatives shall not exceed $467,000 in the aggregate. All payments pursuant to this Stipulation and Order of Class Action Settlement for all Class Representatives shall be subject to all applicable liens.

46. All unclaimed funds allocated as payment to the Class Representatives shall revert to the City of New York. Class Representatives are not eligible for any payments pursuant to any other provisions of this Stipulation and Order of Class Action Settlement.

47. In order to be eligible to receive payment, Class Representatives must timely submit a fully completed and executed Acceptance Form, with the required certification, to the Administrator, in order to obtain payment. A copy of the Acceptance Form is annexed as part of the Claim Packet annexed as Exhibit A. Payments to Class Representatives shall be made as soon as practicable after the Effective Date for Payment.

48. Any Class Representative who fails to timely submit a fully completed and

12

executed Acceptance Form in accordance with the terms, conditions, and instructions set forth in this Stipulation by the Bar Date or by the end of any court-mandated extension shall be forever barred from receiving any payments pursuant to this Stipulation and Order of Class Action Settlement. Class Representatives shall in all other respects be bound by all terms of this Stipulation and Order of Class Action Settlement, including but not limited to the release of all Released Persons as set forth herein.

49. On the Final Approval Date, all claims of the Class Representatives shall be dismissed with prejudice, including all claims for costs, expenses, and attorneys' fees.

50. This Stipulation and Order of Class Action Settlement does not and shall not be deemed to constitute an admission by defendants of the validity or accuracy of any of the allegations, assertions or claims made herein by plaintiffs, nor is it an admission of wrongdoing by any defendant. This Stipulation shall not be admissible as evidence in any tribunal or court of law, nor is it related to, or forms a part of any other litigation or settlement negotiations.

51. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

52. The Stipulation and Order of Class Action Settlement, as of the Final Approval Date, resolves in full all claims against the Released Persons by the Class Representatives involving alleged violations of their rights arising out of their arrests and detentions during the RNC, including all claims for costs, expenses, and attorneys' fees. As of the Final Approval Date, Class Representatives hereby release all such claims against the Released Persons.

53. As of the Final Approval Date of this Stipulation and Order of Class Action

Settlement, the Class Representatives hereby waive any and all rights to pursue, initiate, prosecute or commence any action or proceeding before any court, administrative agency or other tribunal or to file any civil complaint arising out of their arrests and detentions during the RNC, including any right to assert claims for costs, expenses, and attorneys' fees.

54. Each Class Representative shall be deemed to have submitted to the jurisdiction of this Court.

55. Any Opt-Out shall not participate in any monetary benefits provided by this Stipulation and Order of Class Action Settlement.

56. Plaintiffs shall take all necessary and appropriate steps to obtain approval of the Stipulation and Order of Class Action Settlement and dismissal of this action. If the Court approves this Stipulation and Order of Class Action Settlement and/or issues final approval thereof, and if there is an appeal from such decision(s), Class Counsel shall defend this Stipulation and Order of Class Action Settlement and/or any final approval of the settlement on appeal.

57. This Stipulation and Order of Class Action Settlement contains all the terms and conditions agreed upon by the parties regarding the subject matter of these proceedings with respect to the Class Representatives, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Class Action Settlement shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

## PAYMENT OF COSTS, EXPENSES, ATTORNEYS' FEES

58.     The City herein agrees to pay costs, expenses, attorneys' fees in the amount of $2,600,000 dollars to class counsel in consideration for their work on this case and the cases of *Brian Portera v. City of New York, et al.,* 05 Civ. 9985 (RJS) (JCF) and *Jessica Rechtschaffer v. City of New York, et al.,* 05 Civ. 9930 (RJS) (JCF). This amount shall be paid as follows: $1,725,000 in attorneys' fees and $225,000 in costs and expenses, including the costs of administration of the class settlement, for a total of $1,950,000 to the firm of Beldock Levine & Hoffman, LLP; and, $575,000 in attorneys' fees and $75,000 in costs and expenses for a total payment of $650,000 to Jonathan C. Moore, Esq., on behalf of the firm of Moore & Goodman, LLP.

59.     The City herein agrees to make payments of costs, expenses, and attorneys' fees as soon as practicable after the Effective Date for Payment.

## NOTICE TO THE CLASS

60.     A Claim Packet shall be sent by first class mail to all individuals identified in Exhibits B, C, and D attached hereto. The Claim Packet will include:

   a)     terms of the settlement;

   b)     the class member's right to contest the settlement by filing a written objection within the time period for filing a claim form;

   c)     the class member's right to appear in person or through counsel at a Fairness Hearing on a date to be determined;

   d)     Acceptance Form; and

15

e)      Request for Exclusion Form.

61.     The aforesaid paragraph shall not limit Class Counsel from providing additional notice at their own expense and in accordance with the Rules of Professional Responsibility.

## GENERAL CLAIM PROCEDURES

62.     The Claim Packet shall be mailed by first class mail to each individual identified in Exhibits B, C, and D attached hereto at his or her current last known address.

63.     All Acceptance Forms and Request for Exclusion Forms must be submitted by the Bar Date unless such period is extended by order of the Court. Said forms shall be deemed submitted upon deposit in a postpaid properly addressed wrapper, in a post office or official depository of the United States Postal Service.

64.     If a PCM fails to provide a fully completed and executed Acceptance Form by the Bar Date in the manner and time required under this Stipulation and Order of Class Action Settlement, such failure shall result in the denial of his or her claim.

65.     PCMs who submit fully completed and executed Acceptance Forms by the Bar Date in the manner and time required under this Stipulation and Order of Class Action Settlement will be paid by mail and will not be required to make a personal appearance in order to verify their identities unless good cause is shown to the Court to require a personal appearance. Payments will not be made to agents of PCMs other than Court appointed legal representatives.

66.     PCMs who are required to verify their identify must present one of the following forms of identification to establish their identity: a) driver's license; b) passport or visas; c)

green card or other identification issued by the Bureau of Immigration Control and Enforcement; d) court order of legal change of name; or e) other photographic identification card not readily subject to forgery. Other forms of reliable identification may be considered. Defendants retain the right to request additional proof and/or to dispute any form of identification where it appears there is a reasonable basis to believe the form of identification is fraudulent or where the PCM is unable to produce other satisfactory documentation or information to establish his or her identity. In such event, notice will be provided to Class Counsel within five (5) business days after discovering the basis to dispute any such form of identification. If any such dispute cannot be resolved among counsel, the matter shall be submitted for resolution to the District Judge or the Magistrate Judge. There shall be no right of appeal from the Court's determination.

67.     Any PCM who does not timely file a Request for Exclusion shall conclusively be deemed to have become a PCM and will be bound by this Stipulation and Order of Class Action Settlement and by all subsequent proceedings and orders.

68.     The Parties acknowledge that some PCMs in both the Mass Arrest Subclasses and the Conditions of Confinement Class were identified at the time of their initial arrests as "John Does" and "Jane Does". NYPD records identify 15 John Does and 4 Jane Does in the Conditions of Confinement Subclass and 4 John Does and 2 Jane Does in the Mass Arrest Subclass Upon receipt of proper documentation identifying such individuals, they shall be included in either the Mass Arrest Subclasses or the Conditions of Confinement Subclass, depending on their eligibility. However, the number of John Does and Jane Does in either subclass who are identified shall not exceed the numbers identified in the NYPD records referred

17

to above.

## FUNDING OF THE ADMINISTRATION COSTS

69.     Class Counsel has retained, at their expense in accordance with this Stipulation and Order of Class Action Settlement, KCC Class Action Administrators to handle all of the duties and responsibilities specified in this Stipulation.

## DUTIES AND RESPONSIBILITIES OF ADMINISTRATOR

70.     The Administrator's duties shall include administering the Class Fund, including but not limited to the following matters: (1) issuing notice, including information about the right to accept or opt out of the class settlement; (2) locating class members, including with last known addresses provided by Class Counsel, and which were previously provided by Defendants; (3) distributing Claim Packets to and receiving executed originals of Acceptance Forms and Request for Exclusions Forms from individuals identified in Exhibits B, C, and D annexed; (4) establishing and administering the Class Fund and upon conclusion of the process, closing the Class Fund and returning any unclaimed money back to the City; (5) determining eligibility for payments on the basis of information provided by PCMs, validating the claims in the manner and time required under this stipulation, and providing counsel for the parties with a list of those persons found preliminarily eligible together with copies of all Acceptance Forms received as well as a calculation of the amount of each award for preliminarily eligible PCMs every ten (10) days; (6) creating a database of (a) PCMs who have timely filed fully completed and executed Acceptance Forms; (b) individuals identified in Exhibits B, C, and D who have provided no response or no forms; and (c) individuals identified in Exhibits B, C, and D who timely filed

Request for Exclusion Forms by the Bar Date, and providing counsel for the parties with the results of the database every ten (10) days; (7) issuing and mailing checks of final payment amount to eligible PCMs, and issuing and filing all required tax forms and statements; and (8) providing counsel for the parties with a final accounting.

71.   The City shall, upon receipt of the lists, forms, and databases from the Administrator, review, at its discretion, the individual names and the validity of forms submitted by PCMs and shall deny payment to any persons who are not PCMs, to any persons whose Acceptance Forms are not fully completed and executed, to any persons whose Acceptance Forms are not submitted by the Bar Date in the manner and time required under this Stipulation and Order of Class Action Settlement, and shall subtract from each eligible payment any monies subject to any and all applicable liens. The City shall communicate all denials of payment and subtraction of eligible payment in writing to Class Counsel stating the reasons therefore.

72.   Class Counsel shall, at its discretion, review any and all denials and subtractions, and may challenge the City's basis for such denial. Any challenges by Class Counsel to the City's denials and subtractions shall be communicated in writing.

19

73. If the City and Class Counsel cannot resolve any dispute regarding a denial or subtraction, the matter shall be submitted to the District Judge or the Magistrate Judge for final determination. There shall be no right of appeal from the District Court's final determination.

Dated:    New York, New York
         April ___, 2014

Attorneys for Plaintiffs &
Class Members

BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue - 16th Floor
New York, New York 10016
(212) 490-0400

By: _____
    Jonathan C. Moore, Esq.

MOORE & GOODMAN, LLP
99 Park Avenue - 16th Floor
New York, New York 10016
(212) 353-9587

By: _____
    Jonathan C. Moore, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-3532

By: _____
    Peter G. Farrell, Esq.

SO ORDERED:

_____
RICHARD J. SULLIVAN, U.S.D.J.